## AGREED PROTECTIVE ORDER

The Court finds good cause exists for the entry of this Agreed Protective Order to prevent unauthorized disclosure and direct the use of records implicating IDOC safety and security or otherwise requiring protection under this Order during the course of this litigation. Accordingly, IT IS HEREBY ORDERED:

1. This protective order applies to confidential materials, including an investigatory report and attachments and Mental Health Impact Incarceration documents produced to Plaintiff by the Illinois Department of Corrections in response to the Plaintiff's subpoena dated December 1, 2017. These documents, and any others so designated as set forth herein, shall be Confidential Materials.

2. With respect to Confidential Material that has been or will be requested, the individual or entity responding to the request in question shall not withhold all or any part of the same on the ground that it contains sensitive and confidential information, but shall identify such matter as being Confidential Material. Each document containing Confidential Material shall bear the following designation:

> CONTAINS CONFIDENTIAL MATERIAL: PRODUCED PURSUANT
> TO PROTECTIVE ORDER ENTERED IN CASE NO. 17-3279

The stamp should be affixed to the document in a manner that does not cover up relevant information on the document.

3. In addition to this designation, the producing individual or entity may affix identifying numbers to the material designated as Confidential Material. Any individual or entity adopting a numerical identification system shall inform all other individuals or entities that such a system is being used. No document containing the "confidential" stamp or any identifying number shall be copied in whole without the "confidential" designation and the identifying

number appearing on the copy. However, if a portion of the document is being copied which does not contain Confidential Material, or the Confidential Material has been voluntarily redacted in subsequent copies, no stamp is required.

4. All information designated as Confidential Material may be examined and otherwise used by counsel to this action for the purposes of this litigation. Counsel in this action shall not disclose information designated as Confidential Material except to the following persons:

   a. counsel for the parties to this litigation;

   b. the Plaintiff, Jacqueline Farris;

   c. experts retained to furnish technical or expert services specifically for this litigation or give testimony in connection with this litigation, including independent experts hired specifically for this litigation, employees of parties herein designated by said parties as experts hired specifically for this litigation, and employees or clerical assistants of said experts performing work in connection with this litigation, to the extent deemed necessary by counsel; experts to whom disclosure is made pursuant to this paragraph may not view, make or obtain copies of such Confidential Material unless the expert executes attached Declaration;

   d. during their depositions, witnesses in this action to whom disclosure is reasonably necessary, *provided that* such witnesses and counsel shall be provided with copies of this Agreed Confidentiality Order prior to or at the outset of the deposition and that such witnesses, on the record at the deposition, shall be informed that he, she or it (and the witness's counsel, if any) must agree to be bound by the terms of this Order by virtue of an order of the Court, and shall be requested to execute the Attachment A prior to disclosure. Counsel for the Producing Party shall be shown the Discovery Material designated as "CONFIDENTIAL" to be used at a deposition prior to providing the Discovery Material to the witness. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

   e. investigators hired by the parties or the Illinois Department of Corrections, or

    witnesses who were the subject of Confidential Materials, to the extent deemed necessary by counsel, to prepare for or give testimony in this litigation or to assist counsel in performing work in connection with this litigation; witnesses to whom disclosure is made pursuant to this paragraph may not view, make or obtain copies of such Confidential Material unless the witness executes attached Declaration;

    f. the court and court personnel, provided that any party intending to disclose any Confidential Material at any evidentiary hearing provide in the first instance sufficient notice of its disclosure to enable that individual or entity to seek protection from the court of the Confidential Material.

    5. Before disclosing Confidential Material to any persons enumerated in paragraphs 4 (b) through (d) above, counsel in this action must first inform each such person that the documents to be disclosed contain Confidential Material, to be held in confidence, are to be used solely for the purposes outlined in the respective paragraphs, and that these restrictions are imposed by a court order. In addition, the discovering party shall obtain from each person intending to review Confidential Material under the authority granted in paragraphs 4 (b) through (d) above the respective declaration before the disclosure of any documents or information subject to this order. This responsibility is binding on and acknowledged by each attorney of record signing this Agreed Protective Order.

    6. Counsel shall not disclose information designated as Confidential Material to any prisoner who has ever been committed to the custody of the Illinois Department of Corrections, except as agreed, as provided above, or unless granted by the Court upon motion filed pursuant to paragraph E of this order.

    7. This order applies to documents designated as Confidential Material that are provided by non-parties in response to a subpoena or other discovery device.

    8. Upon final termination of this action, whether by settlement, dismissal or other disposition, the provisions hereof relating to the Confidential Material shall continue to be

binding upon all attorneys of record, their employees, the parties herein, their officers and employees, deposition witnesses, experts, consultants and others, including any and all persons who may have executed affidavits pursuant to the above-outlined provisions.

9. If disputes arise concerning the propriety of producing information and/or designating particular information as confidential, whether certain documents or information should be released from the provisions of this protective order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve these disputes by agreement before asking the court to resolve the disputes pursuant to the applicable Rules of Civil Procedure. The parties agree that the standard relevant to this determination is that of "good cause" under Rule 26(c) and that the party designating the materials as "Confidential Information" shall bear the burden of proof with respect to that designation.

10. Nothing in this Protective Order shall be deemed a waiver of the right of any party to object to a request for any future discovery unrelated to the subpoena issued to the Illinois Department of Corrections on the basis of relevance, materiality, privilege, over breadth or any other recognized objection to discovery.

**Entered:**
January 4, 2018

s/Tom Schanzle-Haskins
_____
District Court Judge