E-FILED
Monday, 19 March, 2018  04:27:41 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JACQUELINE FARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 17-3279 |
| | ) | |
| ERIC KOHLRUS, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## DEFENDANT KOHLRUS ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Defendant Eric Kohlrus, by and through his attorney, Sara Vig of the law firm of Vig Law, P.C., and for his Answer to Plaintiff's First Amended Complaint, states as follows:

### Introduction

1.      On December 28, 2015, Plaintiff was raped by a correctional officer at Logan Correctional Center. Her rape occurred under the noses of several correctional staff who saw the sexual assault and did nothing. In fact, there is a widespread practice at Logan Correctional Center of failing to intervene to prevent sexual assaults and sexual harassment against prisoners at Logan, a practice which emboldened Plaintiff's rapist.

> ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 1 of the First Amended Complaint.

2.      Plaintiff reported to medical staff at the prison that she had been raped. But rather than take Plaintiff's complaint seriously, the investigators to whom the complaint was referred threatened Plaintiff and retaliated against her.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 2 of the First Amended Complaint.

3.    Accordingly, Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and Article I, Section 10 of the Constitution of the State of Illinois.

ANSWER: Defendant Kohlrus admits that Plaintiff has brought an action pursuant to 42 U.S. §1983.  Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every remaining allegation contained in Paragraph 3 of the First Amended Complaint.

**Jurisdiction and Venue**

4.    This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

ANSWER: Defendant Kohlrus admits the allegations contained in Paragraph 4 of the First Amended Complaint.

5.    Venue is proper under 28 U.S.C. § 1391(b). On information and belief Defendants reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within this district.

ANSWER: Defendant Kohlrus admits that venue is proper.  Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution for each and every remaining allegation contained in Paragraph 4 of the First Amended Complaint.

### Parties

6.      In December of 2015, and at all times relevant to the events at issue in this case,

Plaintiff Jacqueline FARRIS, was in the custody of the Illinois Department of Corrections

(IDOC). She was incarcerated at Logan Correctional Center in December 2015, and then

transferred to Decatur Correctional Center in January 2016. She currently remains in custody of

IDOC and is housed at the Fox Valley Adult Transition Center.

>           ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination
>
>           under the Fifth Amendment of the United States Constitution for each and every
>
>           allegation contained in Paragraph 6 of the First Amended Complaint.

7.      At all times relevant to her involvement in this case, Defendant CHRISTINE

BRANNON was employed by the IDOC in the capacity of Warden of Logan Correctional

Center. As such, Defendant BRANNON was acting under color of law. Defendant BRANNON

is being sued in her individual capacity for the challenged conduct.

>           ANSWER: Defendant Kohlrus admits that Defendant Christine Brannon was
>
>           employed by IDOC in the capacity as Warden of Logan Correctional Center.
>
>           Defendant Kohlrus lacks knowledge or information sufficient to form a belief about
>
>           the truth of the remaining allegations contained in Paragraph 7 of the First Amended
>
>           Complaint.

8.      At all times relevant to her involvement in this case, Defendant BRANNON was

responsible for the organization and supervision of Logan Correctional Center. In that capacity,

and at all times relevant to her involvement in this case, Defendant BRANNON promulgated

rules, regulations, polices, and procedures as Warden of Logan Correctional Center  to guarantee

the reasonable safety of inmates at the facility. Defendant BRANNON'S rules, regulations, policies and procedures were implemented by and through the Correctional Officers and Internal Affairs Investigators at Logan Correctional Center.  As Warden, Defendant BRANNON was responsible for, among other things, ensuring the reasonable safety of inmates, including preventing staff on inmate violence, such as sexual assaults by guards and the adherence of each facility to the Prison Rape Elimination Act ("PREA").

> ANSWER: Defendant Kohlrus lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 of the First Amended Complaint.

9.     Additionally, at all times relevant to the events at issue in this case, Defendant BRANNON was responsible for the hiring, supervision, training, and retention of Correctional Officers employed by the Illinois Department of Corrections and assigned to Logan Correctional Center, including Defendants Logan Correctional Officers KOHLRUS, WOOLFOLK, MITCHEY, BARRY, LEMON, ADAMS, AHART, WHELTON, JACKSON, RIVERA, ROBERTS, DAVIS, SAPP, BILLINGTON, and KEARNEY.

> ANSWER: Defendant Kohlrus lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the First Amended Complaint.

10.     At all times relevant to her involvement in this case, Defendant CLARA CHARRON was employed by the IDOC in the capacity as the PREA Compliance Manager at Logan Correctional Center. As such, Defendant CHARRON was acting under color of law. Defendant CHARRON is being sued in her individual capacity for the challenged conduct.

ANSWER: Defendant Kohlrus lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the First Amended Complaint.

11.     At all times relevant to her involvement in this case, and in the capacity of PREA Compliance Manager, Defendant CHARRON was responsible for, among other things, ensuring the reasonable safety of inmates, including preventing sexual assaults by guards and adherence by the facility to the PREA. Defendant CHARRON promulgated rules, regulations, polices, and procedures in regards to PREA which were implemented by the Warden of Logan Correctional Center, as well as other PREA Compliance Managers, Correctional Officers at Logan Correctional Center, and Internal Affairs Investigators at Logan Correctional Center.

ANSWER: Defendant Kohlrus lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the First Amended Complaint.

12.     At all times relevant to her involvement in this case, Defendant NORINE ASHLEY was employed by the IDOC in the capacity as a Psychologist, Mental Health Administrator: PREA Compliance Manager. As such, Defendant ASHLEY was acting under color of law. Defendant ASHLEY is being sued in her individual capacity for the challenged conduct.

ANSWER: Defendant Kohlrus lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the First Amended Complaint.

13.     At all times relevant to her involvement in this case, and in the capacity of a Psychologist, Mental Health Administrator: PREA Compliance Manager, Defendant ASHLEY

was responsible for, among other things, ensuring the reasonable safety of inmates, including preventing sexual assaults by guards and adherence by the facility to the PREA. Defendant ASHLEY promulgated rules, regulations, polices, and procedures in regards to PREA which were implemented by the Warden of Logan Correctional Center, as well as other PREA Compliance Managers, Correctional Officers at Logan Correctional Center, and Internal Affairs Investigators at Logan Correctional Center.

> ANSWER: Defendant Kohlrus lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the First Amended Complaint.

14.     At all times relevant to her involvement in this case, Defendant LISA JOHNSON was employed by the IDOC in the capacity as a Back-up to the PREA Compliance Manager. As such, Defendant JOHNSON was acting under color of law. Defendant JOHNSON is being sued in her individual capacity for the challenged conduct.

> ANSWER: Defendant Kohlrus lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the First Amended Complaint.

15.     At all times relevant to her involvement in this case, and in the capacity of Back-up to the PREA Compliance Manager, Defendant JOHNSON was responsible for, among other things, ensuring the reasonable safety of inmates, including preventing sexual assaults by guards and adherence by the facility to the PREA. Defendant JOHNSON promulgated rules, regulations, polices, and procedures in regards to PREA which were implemented by the Warden of Logan Correctional Center, as well as other PREA Compliance Managers, Correctional

Officers at Logan Correctional Center, and Internal Affairs Investigators at Logan Correctional
Center.

> ANSWER: Defendant Kohlrus lacks knowledge or information sufficient to form a belief
> about the truth of the allegations contained in Paragraph 15 of the First Amended
> Complaint.

16.     At all times relevant to their involvement in this case, PATRICK KEANE and
MIKE FUNK, as Agency PREA Coordinators, were responsible for, among other things,
developing, implementing, and overseeing Illinois Department of Corrections efforts to comply
with PREA standards in all of its facilities, including Logan Correctional Center.

> ANSWER: Defendant Kohlrus lacks knowledge or information sufficient to form a belief
> about the truth of the allegations contained in Paragraph 16 of the First Amended
> Complaint.

17.     At all times relevant to their involvement in this case, and in the capacity of
Agency PREA Coordinators, Defendants KEANE and FUNK promulgated rules, regulations,
polices, and procedures in regards to PREA which were implemented by the facilities in IDOC,
including the Warden of Logan Correctional Center, as well as other PREA Compliance
Managers, Correctional Officers at Logan Correctional Center, and Internal Affairs Investigators
at Logan Correctional Center.

> ANSWER: Defendant Kohlrus lacks knowledge or information sufficient to form a belief
> about the truth of the allegations contained in Paragraph 17 of the First Amended
> Complaint.

18.     At all times relevant to their involvement in this case, FELIPE ZAVALA and
ALLEN PASLEY, as Back-Up Agency PREA Coordinators, were responsible for, among other

things, providing assistance to the Agency PREA Coordinators in developing, implementing, and overseeing Illinois Department of Corrections efforts to comply with PREA standards in all of its facilities, including Logan Correctional Center.

    ANSWER: Defendant Kohlrus lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of the First Amended Complaint.

19.    At all times relevant to their involvement in this case, and in the capacity of Back-Up Agency PREA Coordinators, Defendants ZAVALA and PASLEY promulgated rules, regulations, polices, and procedures in regards to PREA which were implemented by the facilities in IDOC, including the Warden of Logan Correctional Center, as well as other PREA Compliance Managers, Correctional Officers at Logan Correctional Center, and Internal Affairs Investigators at Logan Correctional Center.

    ANSWER: Defendant Kohlrus lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of the First Amended Complaint.

20.    On or about December 28, 2015, and at all times relevant to their involvement in this case, Defendants Logan Correctional Center Case Investigator JEFF GABOR and Logan Correctional Center Chief of Investigations and Intelligence MARK DELIA were employed by the IDOC and worked at Logan Correctional Center. As such, these Defendants were acting under color of law and within the scope of their employment with IDOC and are sued in their individual capacities. Defendants Logan Correctional Center Case Investigator JEFF GABOR and Logan Correctional Center Chief of Investigations and Intelligence MARK DELIA were responsible for, among other things, ensuring the equitable enforcement of rules and regulations

promulgated by the Warden during Internal Affairs investigations, including the rules and

regulations aimed at investigating sexual assaults by guards and adherence by Logan

Correctional Center to the PREA.

> ANSWER: Defendant Kohlrus admits that Jeff Gabor and Mark Delia were employed as
>
> investigators by IDOC.  Defendant Kohlrus lacks knowledge or information sufficient to
>
> form a belief about the truth of the remaining allegations contained in Paragraph 20 of the
>
> First Amended Complaint.

21.     On or about December 28, 2015, and at all times relevant to her involvement in

this case, Defendant AMY RUDE, L.C.S.W. was employed at Logan Correctional Center in the

position of a Social Worker. As such, Defendant RUDE was acting under color of law and within

the scope of her employment and is sued in her individual capacity. Defendant RUDE was

responsible for, among other things, ensuring effective and equitable mental health treatment and

mental health classifications of inmates housed at Logan Correctional Center.

> ANSWER: Defendant Kohlrus lacks knowledge or information sufficient to form a belief
>
> about the truth of the allegations contained in Paragraph 21 of the First Amended
>
> Complaint.

22.     On or about December 28, 2015, and at all times relevant to their involvement in

this case, Defendants Logan Correctional Officers KOHLRUS, WOOLFOLK, MITCHEY,

BARRY, LEMON, ADAMS, AHART, WHELTON, JACKSON, RIVERA, ROBERTS,

DAVIS, SAPP, BILLINGTON, and KEARNEY were employed by the IDOC and worked at

Logan Correctional Center. As such, these Defendants were acting under color of law and within

the scope of their employment with IDOC and are sued in their individual capacities.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the
Fifth Amendment of the United States Constitution to each and every allegation
contained in Paragraph 22 of the First Amended Complaint.

23.      Defendants Logan Correctional Officers KOHLRUS, WOOLFOLK, MITCHEY,
BARRY, LEMON, ADAMS, AHART, WHELTON, JACKSON, RIVERA, ROBERTS,
DAVIS, SAPP, BILLINGTON, and KEARNEY were responsible for, among other things,
ensuring the control and safety of all inmates housed at Logan Correctional Center, including
Plaintiff.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the
Fifth Amendment of the United States Constitution to each and every allegation
contained in Paragraph 23 of the First Amended Complaint.

24.      On or about May of 2016, Defendants SNYDER, LOCKE, and JONES were
employed by the IDOC and worked at Decatur Correctional Center. As such, these Defendants
were acting under color of law and within the scope of their employment with IDOC and are
sued in their individual capacities. Defendants SNYDER, LOCKE, and JONES were responsible
for, among other things, discipline of inmates and internal affairs investigations at Decatur
Correctional Center, including the discipline and investigation of disciplinary infractions alleged
against Plaintiff.

ANSWER: Defendant Kohlrus lacks knowledge or information sufficient to form a belief
about the truth of the allegations contained in Paragraph 24 of the First Amended
Complaint.

25.      Defendant ILLINOIS DEPARTMENT OF CORRECTIONS (IDOC) is the
Illinois state agency responsible for the operation of various correctional facilities throughout the

State of Illinois, including Logan Correctional Center and Fox Valley Adult Transition Center. Defendant IDOC is a governmental subdivision of the State of Illinois.

ANSWER: Defendant Kohlrus admits the allegations contained Paragraph 25 of the First Amended Complaint.

### Factual Allegations

26.     Plaintiff entered Logan Correctional Center on December 4, 2015. She had been sentenced to 180 days in the Boot Camp facility (equating to 120 days with good time credits, less time already served). Her sentence included a provision that if she did not complete Boot Camp, she would face a six year incarceration. Plaintiff was intent on completing her sentence at Boot Camp in 120 days, without any delay, and returning home to her two young boys.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 26 of the First Amended Complaint.

27.     Once at Logan Correctional Center, and as part of being placed in "Boot Camp Status," Plaintiff was permitted to change out of the standard prison garb and wear sweatpants and a sweatshirt labeled "Boot Camp." She, along with other women being sent to Boot Camp, were housed in a unit separate from the general population and were expected to perform all tasks around the prison, such as serve food trays, clean the laundry, clean the units, and generally help out around the prison while waiting for availability at the Boot Camp to open. Because of their status, the inmates, including Plaintiff, were permitted to leave their cell doors unlocked at all times and come and go throughout the facility as needed, and at the direction of the correctional officers, to complete their tasks.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 27 of the First Amended Complaint.

28.     In and around December of 2015, Defendant KOHLRUS was employed as a Correctional Officer and was assigned to the third shift in Plaintiff's unit. Defendant KOHLRUS initiated contact with Plaintiff. While conducting cell checks, Defendant KOHLRUS would bang his flashlight against Plaintiff's cell door, and instruct Plaintiff to meet him at the cell door to talk. On at least one occasion, Defendant KOHLRUS instructed Plaintiff to undress so that he could watch.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every remaining allegation contained in Paragraph 28 of the First Amended Complaint.

29.     On one occasion, Defendant KOHLRUS explained to Plaintiff that because he was being reassigned to a different area of the prison where they would not see each other, he had a plan to meet her in the laundry room during his shift.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 29 of the First Amended Complaint.

30.     Defendant KOHLRUS' plan to meet Plaintiff in the laundry room during his shift necessitated the knowledge and agreement of Defendants Logan Correctional Officers WOOLFOLK, MITCHEY, BARRY, LEMON, ADAMS, AHART, WHELTON, JACKSON, RIVERA, ROBERTS, DAVIS, SAPP, BILLINGTON, and KEARNEY who were aware of his

whereabouts in the prison during his shift and permitted his plan with Plaintiff to unfold without interruption.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 30 of the First Amended Complaint.

31.     Following Defendant KOHLRUS' directions, Plaintiff met with him in the laundry room on December 28, 2015. When Defendant KOHLRUS made sexual advances towards her, Plaintiff became scared and nervous. She ran back to her cell.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 31 of the First Amended Complaint.

32.     Defendant KOHLRUS followed Plaintiff back to her cell. He told her, "I have a plan" and "I want you to come back down," or words to that effect. Plaintiff complied.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 32 of the First Amended Complaint.

33.     While back in the laundry room, Plaintiff could see Defendants Logan Correctional Officers WOOLFOLK, MITCHEY, BARRY, LEMON, ADAMS, AHART, WHELTON, JACKSON, RIVERA, ROBERTS, DAVIS, SAPP, BILLINGTON, and KEARNEY working in the "bubble" or control tower. At no point did any of these Defendants intervene and / or stop Defendant KOHLRUS' actions.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 33 of the First Amended Complaint.

34.     Defendant KOHLRUS engaged Plaintiff in non-consensual sexual acts. Afterwards he said words to the effect of "good girl" and reminded Plaintiff that she would not go to boot camp if she told anyone.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 34 of the First Amended Complaint.

35.     Plaintiff was unprepared for what had occurred in the laundry room. She confided in the nurse at Logan Correctional Center, and then later the Medical Director. Plaintiff consented to a rape kit.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 35 of the First Amended Complaint.

36.     Plaintiff was then instructed to speak with Logan Correctional Center Case Investigator JEFF GABOR and Logan Correctional Center Chief of Investigations and Intelligence MARK DELIA, who yelled and threatened her that she was going to get hit with extra charges if the rape kit did not come back positive.  Scared, Plaintiff told the Defendants GABOR and DELIA that she had consented to Defendant KOHLRUS' actions.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 36 of the First Amended Complaint.

37.     Based on her reporting, Plaintiff was then placed in isolation. At no point during her time in isolation was she afforded the opportunity to challenge her confinement.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 37 of the First Amended Complaint.

38.     The isolation unit was intense. Plaintiff—although not suicidal—was confined to a cell alongside women who were placed on suicide watch. The women had obvious mental health problems and, with cells that you could see straight into, Plaintiff had no privacy from their experiences.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 38 of the First Amended Complaint.

39.     Plaintiff did not forget that she was sentenced to Boot Camp, and remained focused on getting home to her children. She was persistent in asking when she would be let out of segregation, but received no information, and no paperwork, in regards to her continued detention or the Internal Affairs Investigation into the rape.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 39 of the First Amended Complaint.

40.     Plaintiff was offered anti-anxiety medication while in segregation. At first she refused, but the stress of the unit and the lack of information regarding her situation bore down on her. Eventually she capitulated and took the anti-anxiety medication.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 40 of the First Amended Complaint.

41.     Once Plaintiff accepted the anti-anxiety medication, she was then informed by Defendants that she was no longer eligible for Boot Camp due to her mental health status.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 41 of the First Amended Complaint.

42.     Plaintiff was forced by Defendants GABOR and DELIA to sign a statement that she would not discuss the Internal Affairs Investigation relating to Defendant KOHLRUS' actions—despite not being provided with any information on the investigation, including whether the investigation concluded and what the findings were.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 42 of the First Amended Complaint.

43.     Plaintiff was sent to Decatur Correctional Center on January 21, 2016. Plaintiff was disciplined at Decatur Correctional Center by Defendants SNYDER, LOCKE, and JONES after alleging discussing the incident.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 43 of the First Amended Complaint.

44.     Plaintiff left Decatur Correctional Center on July 12, 2017 and is currently housed at Fox Valley Adult Transition Center.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the

Fifth Amendment of the United States Constitution to each and every allegation

contained in Paragraph 44 of the First Amended Complaint.

**Count I**
**42 U.S.C. § 1983 – Excessive Force (Eighth Amendment)**
**Against Defendant KOHLRUS**

45.     Plaintiff incorporates each paragraph of this Complaint as if fully restated herein.

ANSWER: Defendant Kohlrus incorporates his Answers to each paragraph (1-44) of this

First Amended Complaint as if fully restated herein.

46.     As described more fully above, Defendant KOHLRUS used force against

Plaintiff. That force, in the form of a rape, was objectively unreasonable and meant to degrade

and humiliate Plaintiff.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the

Fifth Amendment of the United States Constitution to each and every allegation

contained in Paragraph 46 of the First Amended Complaint.

47.     In using force against Plaintiff, Defendant KOHLRUS used extreme or excessive

cruelty toward her for the purpose of causing harm, including degradation and humiliation. The

actions by Defendant KOHLRUS were not in a good faith effort to maintain or restore security

or discipline.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the

Fifth Amendment of the United States Constitution to each and every allegation

contained in Paragraph 47 of the First Amended Complaint.

48.    Alternatively, Defendant KOHLRUS knew that using force presented a risk of harm to Plaintiff, but recklessly disregarded that risk and Plaintiff's emotional and physical safety by failing to take reasonable measures to minimize the risk of harm.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 48 of the First Amended Complaint.

49.    As a direct and proximate result of Defendant's misconduct, Plaintiff's rights were violated and she experienced injuries, including emotional distress.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 49 of the First Amended Complaint.

**Count II**
**42 U.S.C. § 1983 – Due Process (Fourteenth Amendment)**
**Against Defendant KOHLRUS**

50.    Plaintiff incorporates each paragraph of this Complaint as if fully restated herein.

ANSWER: Defendant Kohlrus incorporates his Answers to each paragraph (1-49) of this First Amended Complaint as if fully restated herein.

51.    As described more fully above, Defendant KOHLRUS committed a serious battery, including rape, against Plaintiff under color of state law. In so doing, Defendant KOHLRUS denied Plaintiff due process of law in that he engaged in arbitrary government action that deprived her of her liberty, violated her right to bodily integrity, and was so malfeasant as to shock the conscience.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 51 of the First Amended Complaint.

52.     Defendant KOHLRUS' misconduct was undertaken with malice, willfulness, and/or reckless indifference to Plaintiff's rights and was objectively unreasonable.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 52 of the First Amended Complaint.

53.     Defendant KOHLRUS' actions as described more fully above were committed within the scope of his employment and under color of law.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 53 of the First Amended Complaint.

### Count III
### 42 U.S.C. § 1983 – Deliberate Indifference
### Against Defendants BRANNON, CHARRON, ASHLEY, JOHNSON, KEANE, FUNK, ZAVALA, and PASLEY

ANSWER: Count III is not directed against Defendant Kohlrus and, therefore, he makes no response to Count III.

### Count IV
### 42 U.S.C. § 1983 - Failure to Intervene
### Against Defendants WOOLFOLK, MITCHEY, BARRY, LEMON, and ADAMS, AHART, WHELTON, JACKSON, RIVERA, ROBERTS, DAVIS, SAPP, BILLINGTON, and KEARNEY

ANSWER: Count IV is not directed against Defendant Kohlrus and, therefore, he makes no response to Count IV.

**Count V**
**42 U.S.C. § 1983 – Conspiracy**
**Against Defendants KOHLRUS, WOOLFOLK, MITCHEY, BARRY, LEMON, and**
**ADAMS, AHART, WHELTON, JACKSON, RIVERA, ROBERTS, DAVIS, SAPP,**
**BILLINGTON, and KEARNEY**

66.    Plaintiff incorporates each paragraph of this Complaint as if fully restated herein.

ANSWER: Defendant Kohlrus incorporates his Answers to each paragraph (1-65) of this

First Amended Complaint as if fully restated herein.

67.    Defendants Logan Correctional Officers KOHLRUS, WOOLFOLK, MITCHEY,

BARRY, LEMON, ADAMS, AHART, WHELTON, JACKSON, RIVERA, ROBERTS,

DAVIS, SAPP, BILLINGTON, and KEARNEY reached an agreement among themselves to

deprive Plaintiff of her Constitution and Article I, Section 10 of the Constitution of the State of

Illinoisal rights and to protect one another from liability for depriving Plaintiff of her rights, all

as described in the various paragraphs of this Complaint.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the

Fifth Amendment of the United States Constitution to each and every allegation

contained in Paragraph 67 of the First Amended Complaint.

68.    In furtherance of the conspiracy, each of the co-conspirators committed overt acts

and was an otherwise willful participant in joint activity.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the

Fifth Amendment of the United States Constitution to each and every allegation

contained in Paragraph 68 of the First Amended Complaint.

69.    The misconduct described in this Count was undertaken with malice, willfulness,

and reckless indifference to the rights of others.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 69 of the First Amended Complaint.

70.     As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated and she suffered injuries, including emotional distress.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 70 of the First Amended Complaint.

71.     Plaintiff's injuries were caused by Defendants Logan Correctional Officers KOHLRUS, WOOLFOLK, MITCHEY, BARRY, LEMON, ADAMS, AHART, WHELTON, JACKSON, RIVERA, ROBERTS, DAVIS, SAPP, BILLINGTON, and KEARNEY who were all employees of the IDOC at Logan Correctional Center and who acted pursuant to the policies and practices of Logan Correctional Center.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 71 of the First Amended Complaint.

**Count VI**
**42 U.S.C. § 1983 – Due Process (Fourteenth Amendment)**
**Against Defendants BRANNON, CHARRON, ASHLEY, JOHNSON, RUDE, GABOR and DELIA**

ANSWER: Count VI is not directed against Defendant Kohlrus and, therefore, he makes no response to Count VI.

**Count VII**
**42 U.S.C. § 1983 – Retaliation (First Amendment)**
**Against Defendants BRANNON, CHARRON, ASHLEY, JOHNSON, GABOR, DELIA, SNYDER, LOCKE, and JONES**

ANSWER: Count VII is not directed against Defendant Kohlrus and, therefore, he makes

no response to Count VII.

## Count VIII
### 42 U.S.C. § 12132—Americans with Disabilities Act Claim
### Against Defendant IDOC

ANSWER: Count VIII is not directed against Defendant Kohlrus and, therefore, he

makes no response to Count VIII.

## Count IX
### 29 U.S.C. § 794(a)—Rehabilitation Act Claim
### Against Defendant IDOC

ANSWER: Count IX is not directed against Defendant Kohlrus and, therefore, he makes

no response to Count IX.

## Count X
### Illinois State Law – Assault & Battery
### Against Defendant KOHLRUS

**99.**     Plaintiff incorporates each paragraph of this Complaint as if fully restated herein.

ANSWER: Defendant Kohlrus incorporates his Answers to each paragraph (1-98) of this

First Amended Complaint as if fully restated herein.

**100.**     Pleading in the alternative, and as described more fully above, Defendant

KOHLRUS made physical contact with Plaintiff without valid cause. That physical contact was

offensive and harmful.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the

Fifth Amendment of the United States Constitution to each and every allegation

contained in Paragraph 100 of the First Amended Complaint.

**101.**     As described more fully above, Defendant KOHLRUS intended to harm and/or frighten Plaintiff without valid cause. His actions did in fact cause Plaintiff fear and apprehension.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 101 of the First Amended Complaint.

**102.**     As a direct and proximate result of Defendant KOHLRUS' conduct, Plaintiff experienced injuries, including emotional distress.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 102 of the First Amended Complaint.

**Count XI**
**Illinois State Law – Sexual Abuse**
**Against Defendant KOHLRUS**

**103.**     Plaintiff incorporates each paragraph of this Complaint as if fully restated herein.

ANSWER: Defendant Kohlrus incorporates his Answers to each paragraph (1-102) of this First Amended Complaint as if fully restated herein.

**104.**     In the manner described more fully above, Defendant KOHLRUS' actions were done intentionally, willfully and wantonly, or with such reckless disregard for their natural consequences as to constitute the tort of sexual abuse under the laws and Constitution of the State of Illinois.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 104 of the First Amended Complaint.

**105.** As a direct and proximate result of Defendant KOHLRUS' conduct, Plaintiff experienced injuries, including emotional distress.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 105 of the First Amended Complaint.

**Count XII**
**Illinois State Law – Intentional Infliction of Emotional Distress**
**Against Defendant KOHLRUS**

**106.** Plaintiff incorporates each paragraph of this Complaint as if fully restated herein.

ANSWER: Defendant Kohlrus incorporates his Answers to each paragraph (1-105) of this First Amended Complaint as if fully restated herein.

**107.** Pleading in the alternative, and in the manner described more fully above, Plaintiff Defendant KOHLRUS engaged in extreme and outrageous conduct when he raped Plaintiff in the laundry room at Logan Correctional Center.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 107 of the First Amended Complaint.

**108.** Defendant KOHLRUS' actions as set forth above were rooted in an abuse of power or authority.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 108 of the First Amended Complaint.

109.    Defendant KOHLRUS' actions as set forth above were undertaken intentionally or with knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 109 of the First Amended Complaint.

110.    Defendant KOHLRUS' actions, as set forth above, were undertaken intentionally, with malice, and/or reckless indifference to Plaintiff's rights.

ANSWER: Defendant Kohlrus invokes his privilege against self-incrimination under the Fifth Amendment of the United States Constitution to each and every allegation contained in Paragraph 110 of the First Amended Complaint.

**DEFENDANT DEMANDS TRIAL BY JURY.**

WHEREFORE Defendant, Eric Kohlrus, respectfully prays this Honorable Court deny the relief requested by Plaintiff in this matter and grant Defendant any other such and further relief as this Court deems reasonable and just.

Respectfully submitted,

By:    /s/ Sara M. Vig_____
       Attorney for Defendant Eric Kohlrus

SARA M. MAYO VIG
Registration No.: 6297143
VIG LAW, P.C.
1100 S. Fifth Street
Springfield, Illinois 62703
Telephone: (217) 241-5624
Facsimile: (217) 525-0901
sara@vig-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Arthur Loevy
> Jon Loevy
> Julie Goodwin
> Sarah Grady
> Mary Kaitlyn Clark-Joseph
> Karen McNaught

By:   /s/ Sara M. Mayo Vig
      Attorney for Defendant Eric Kohlrus

SARA M. MAYO VIG
Registration No.: 6297143
VIG LAW, P.C.
1100 S. Fifth Street
Springfield, Illinois 62703
Telephone: (217) 241-5624
Facsimile: (217) 525-0901
sara@vig-law.com