E-FILED
Friday, 31 August, 2018 01:06:52 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JACQUELINE FARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-3279-SEM-TSH |
| | ) | |
| ERIC KOHLRUS, et al., | ) | Hon. Sue E. Myerscough, Judge |
| | ) | |
| Defendants. | ) | Hon. Tom Schanzle-Haskins, Mag. Judge |

## PLAINTIFF'S MOTION TO COMPEL
## DEFENDANTS TO PARTICIPATE IN DISCOVERY

Plaintiff, Jacqueline Farris, by her attorneys, hereby respectfully requests that this Court move to compel Defendant Rude and the IDOC Defendants to participate in discovery[1] in this case. In support of her motion, Plaintiff states as follows:

## INTRODUCTION

Plaintiff's case has now been pending in this Court for nearly 10 months. Within that time, Defendants collectively moved for 105 additional days to answer Plaintiff's complaint. The parties engaged in a Rule 26(f) planning conference on March 27, beginning the discovery period. During the four months since discovery began, however, Defendants have not responded to a single document request under Rule 34. They have not responded to a single interrogatory under Rule 33. And they cannot now provide any date by which they will respond to Plaintiff's written discovery so that depositions may proceed.

In short, Defendants have delayed this case at every stage. Plaintiff has made serious allegations that they violated her constitutional rights under 42 U.S.C. § 1983 by permitting her to be raped at Logan Correctional Center. Defendants may not like these allegations, and they are

---

[1] Defendant Kohlrus has moved to stay discovery targeted at him because he has been criminally charged with custodial sexual misconduct for raping Plaintiff. Dkt. 66. Plaintiff has not opposed that motion. Dkt. 70.

certainly permitted to deny them. But they have admitted the seriousness of those allegations by answering (rather than moving to dismiss) Plaintiff's Complaint. Following a defendant's answer, the Federal Rules of Civil Procedure entitle Plaintiff to discovery on those claims. Defendants should not now be permitted to deny Plaintiff the discovery to which she is entitled simply on a theory of delay. Accordingly, Plaintiff respectfully requests that this Court grant her motion to compel and order Defendants to participate meaningfully in discovery in this case, including providing responses to Plaintiff's interrogatories and requests for documents, as well as providing dates to sit for depositions.

## BACKGROUND

Nearly three months ago, Plaintiff served interrogatories and requests for production on all Defendants. Dkt. 77-1; Dkt. 77-2. During the ensuing three months, Plaintiff has not received a single document or a substantive response to a single interrogatory. All but one of the Defendants failed to serve objections to Plaintiff's discovery requests. Instead, the IDOC Defendants have asked for more than 100 days to respond to Plaintiff's written discovery on the basis that they have chosen to be represented by the same lawyer, which has made consultation difficult. Dkt. 69; Dkt. 76. Although the IDOC Defendants have finally agreed to rolling production, they claim that even an initial production would be 10 days away, and can provide *no* date for a final and formal response to Plaintiff's written requests.

Defendant Rude, who is represented by separate counsel, joined in the request for more than 100 days to respond to Plaintiff's discovery because, as she contends, she cannot respond to Plaintiff's discovery requests because Plaintiff has not signed a waiver and release form for all of

Plaintiff's mental health and substance abuse treatment information in the IDOC's custody.[2] In other words, Defendant Rude takes the position that she will not participate in any discovery in this case until Plaintiff signs a blanket release of her IDOC mental health and substance abuse records, and waive all psychotherapist-patient privilege.[3] She will not answer interrogatories. She will not sit for a deposition. And she will not produce any documents. Notably, Defendant Rude has not sought any such release through formal discovery or moved to compel Plaintiff to provide any such waiver. She instead sits on the sidelines, refusing to participate in the case until her demands are met.

Defendants' refusal to produce documents similarly precludes Plaintiff from taking Defendants' depositions in this case. Defendant Rude refuses to sit for a deposition, and the IDOC Defendants contend that because they cannot provide a date when they will produce the documents necessary to complete depositions, they cannot offer certain dates either.

On August 31, counsel for all parties except Defendant Kohlrus (whose discovery will likely be stayed and whose counsel was not available), discussed these discovery issues during a telephonic Rule 37 conference. As noted above, counsel for the IDOC Defendants confirmed that there were no responses to Plaintiff's June 2018 discovery requests that could be served in the imminent future, and he could not provide any date when complete responses could be served. Plaintiff and Defendant Rude also reached impasse as to Ms. Rude's position regarding participation in discovery.

---

[2] Defendant Rude also served objections to Plaintiff's interrogatories, asserting that the sole objection she has to answering any part of the interrogatories is Plaintiff's refusal to sign a blanket waiver and release. Dkt. 77-3.

[3] In response to Defendant Rude's assertion that she would not participate in discovery until Plaintiff waived and released her medical and mental health information, Plaintiff proposed asking the Court to enter a protective order so that the parties may appropriately exchange medical information in this case. Plaintiff's motion for entry of a protective order remains pending. Dkt. 78.

In sum, ten months into the litigation and Defendants have not responded to any one of Plaintiff's requests to discover material relevant to her claims against them.

## DISCUSSION

The purpose of the Federal Rules of Civil Procedure is to enable the just, speedy, and inexpensive determination of lawsuits in federal court. Fed. R. Civ. P. 1; *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011). In furtherance of this purpose, the Rules set forth a reasonable deadline by which to comply with discovery requests. Fed. R. Civ. P. 33(b)(2) (providing 30 days to respond to interrogatories); Fed. R. Civ. P. 34(b)(2) (providing 30 days to respond to requests for production); Fed. R. Civ. P. 36(a)(3) (providing 30 days to respond to requests for admission). Parties can extend this deadline by a showing of good cause. Fed. R. Civ. P. 6(b); *Chapman v. U.S. Marshal for the Northern Dist. of Ill.*, 584 F. Supp. 2d 1083, 1090 (N.D. Ill. 2008) ("Good cause means a valid reason for the delay.").

Defendants have taken the opposite approach during litigation in this case: they have sought to delay the case at every turn. This approach has obviously caused substantial delay, and has forced Plaintiff to seek an extension of time to complete discovery in this case, which is being filed simultaneously with this motion. Defendants' tactics have also needlessly increased the costs of this case, as Plaintiff's counsel has devoted substantial resources to discussions with counsel for Defendants about their refusal to participate in discovery.

Defendants Rude contends that without a release and waiver from Plaintiff, she cannot participate in discovery or discuss the claims with her counsel. Rude's argument lacks merit because it fails to account for how counsel was able to file an answer on her behalf substantively denying Plaintiff's allegations against her, Dkt. 52, and because the release proposed by Defendant Rude does not apply to her—releasing IDOC, but not Rude or Wexford (her

4

employer). Ex. A. But in any event, if Rude believes this issue prevents her from speaking with her counsel or participating in discovery, despite Plaintiff's assertions that she would obtain all relevant medical documents, and despite Plaintiff attempting to coordinate a HIPAA related protective order that would cover the issue, *see* Dkt. 78, the appropriate venue for relief is through a motion before the Court. It is not appropriate to simply do nothing and refuse to participate in the case.

The remaining Defendants—with the exception of Defendant Kohlrus, whose motion to stay discovery as to him is not opposed by Plaintiff—have offered no adequate explanation for why they cannot participate in discovery. Even if the IDOC Defendants' choice to retain a single lawyer to represent them all warranted additional time to complete discovery, there is simply no reason whatsoever why three months have passed without a single response from a single Defendant to a single one of Plaintiff's discovery requests. Instead, the IDOC Defendants have simply helped themselves to a *de facto* stay of the case.

Simply put, this Court should not condone Defendants' dilatory tactics. Plaintiff respectfully requests that this Court order Defendants to provide fulsome responses to Plaintiff's written discovery requests within 14 days, finding that they have waived any objections to Plaintiff's requests not already served, and to sit for depositions within 30 days after answering Plaintiff's written discovery requests so that discovery in this case may proceed expeditiously and the claims may be evaluated on their merits.

Respectfully submitted,

/s/ Sarah Grady
Sarah Grady
Attorney for Plaintiff

Arthur Loevy
Jon Loevy
Julie Goodwin
Sarah Grady
Adair Crosley
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
Fax: (312) 243-5902

**<u>CERTIFICATE OF SERVICE</u>**

I, Sarah Grady, an attorney, hereby certify that on August 31, 2018, I caused the foregoing Plaintiff's Motion to Compel Defendants to Participate in Discovery to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

Respectfully submitted,

/s/ Sarah Grady
Sarah Grady
Attorney for Plaintiff