043465/19344/JNR/KLM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JACQUELINE FARRIS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ERIK KOHLRUS, WARDEN CHRISTINE BRANNON, PREA COMPLIANCE MGR CLARA CHARRON, MENTAL HEALTH ADMIN NORINE ASHLEY, LISA JOHNSON, AGENCY PREA COORDINATOR PATRICK KEANE, AGENCY PREA COORDINATOR MIKE FUNK, FELIPE ZAVALA, ALAN PASLEY, JASMIN WOOLFOLK, CORRECTIONAL OFFICER MATTHEW MITCHEY, CORRECTIONAL OFFICER JAMES BARRY, CORRECTIONAL OFFICER WILLIAM LEMON, ALEX ADAMS, DECATUR LIEUTENANT SNYDER, CORRECTIONAL MAJOR JONES, CORRECTIONAL OFFICER LOCKE, A AHART, SEAN WHELTON, LAURA JACKSON, JOSE RIVERA, WILLIAM ROBERTS, JAMES DAVIS, ZACHARY SAPP, JENNIFER BILLINGTON, DILLION KEARNEY, JEFF GABOR, MARK DELIA, AMY RUDE AND ILLINOIS DEPARTMENT OF CORRECTIONS,<br><br>　　　　　Defendants. | Case Number  17-cv-3279<br><br>Judge Sue E. Myerscough |

## RESPONSE TO PLAINTIFF'S
## MOTION TO COMPEL TO PARTICIPATE IN DISCOVERY

COME NOW the defendant, Amy Rude, by and through her counsel, CASSIDAY SCHADE LLP, and hereby responds to plaintiff's motion to compel the defendant, Amy Rude, to participate in discovery. In support thereof, the following statements are made.

1.　　Plaintiff filed a motion to compel defendants to participate in discovery on

August 31, 2018. [Doc. 80].

2. Plaintiff claims defendant Rude refuses to participate in the discovery process.

3. The Illinois Department of Corrections is a provider of medical and mental health services to inmates and the documentary information of those services is protected by the Health Insurance Portability and Accountability Act ("HIPAA.")

4. Defendant, Amy Rude, is a mental health professional employed by Wexford Health Sources, Inc. at one of the institutions of the Illinois Department of Corrections.

5. Amy Rude has access to mental health information relevant to plaintiff, but the Illinois Department of Corrections requires her counsel to obtain a release of medical and mental health information in order for Amy Rude to share it with her counsel.

6. On June 29, 2018, counsel for defendant, Amy Rude, informally requested plaintiff to provide the standard release for mental health information required by the Illinois Department of Corrections. *See* Exhibit #1.

7. Counsel for plaintiff provided no response, so counsel for Amy Rude made a request for a status update on July 13, 2018. *See* Exhibit #2.

8. Plaintiff's counsel refused to provide the release as a "routine matter." *See* Exhibit #3.

9. Plaintiff's counsel has required counsel for Amy Rude to make a formal demand in discovery for a release for mental health information for the Illinois Department of Corrections, and the undersigned sent such a formal discovery request

to plaintiff on August 31, 2018.

10. Counsel for defendant, Amy Rude, cannot have meaningful discussions with her client until a mental health release is obtained.

11. Plaintiff's counsel, rather than defendant, Amy Rude, is unreasonably delaying this litigation; unnecessarily increasing the costs of this litigation; and refusing to cooperate with a standard request for the release of mental health information from the Illinois Department of Corrections.

12. Plaintiff's refusal to provide the standard release for mental health information from the Illinois Department of Corrections is an attempt to prejudice defendant, Amy Rude, and her counsel from being able to defend this matter.

13. Defendant, Amy Rude, should not be required to sit for a deposition and cannot engage in meaningful discovery until plaintiff provides a releases of her mental health information on the standard form required by the Illinois Department of Corrections.

14. The failure of plaintiff and her counsel to provide the standard release has caused delays, rather than defendant, Amy Rude, being dilatory.

15. This Court should not condone the conduct of plaintiff and her counsel.

16. Plaintiff's motion to have the objections to written discovery deemed waived and to require Amy Rude sit for a deposition prior to plaintiff providing the standard mental health release for Illinois Department of Corrections records should be denied.

WHEREFORE, for the above reasons, defendant, Amy Rude, respectfully requests this honorable Court to deny plaintiff's motion to compel [Doc. 80]. Defendant,

Amy Rude, further requests this honorable Court to deny plaintiff's request to have Amy Rude's written discovery objections deemed waived and to require Amy Rude sit for a deposition prior to plaintiff providing the standard mental health release for Illinois Department of Corrections.

        Respectfully submitted,

        AMY RUDE,
            Defendant,

        CASSIDAY SCHADE LLP,
            Attorneys for Defendant.

        By: /s/ Karen L. McNaught

Karen L. McNaught, #6200462
CASSIDAY SCHADE LLP
111 North Sixth, Suite 200
Springfield, IL  62701
(217) 572-1714
(217) 572-1613 (Fax)
kmcnaught@cassiday.com

4

## **CERTIFICATE OF SERVICE**

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify the statements set forth herein are true and correct and on September 20, 2018, I caused to be electronically filed the foregoing Response to Plaintiff's Motion To Compel To Participate in Discovery with the Clerk of the Court using the CM/ECF system, which sends a "Notice of E-Filing" to the following:

> Sara M. Vig
> sara@vig-law.com
>
> Jeremy Tyrrell
> Mary Kaitlyn Clark-Joseph
> jtyrrell@atg.state.il.us
> mkclarkjoseph@atg.state.il.us
>
> Julie Marie Goodwin
> Sarah C. Grady
> julie@loevy.com
> sarah@loevy.com

/s/ Karen L. McNaught

Karen L. McNaught
Cassiday Schade LLP
111 North Sixth Street, 2nd Floor
Springfield, IL 62701
(217) 572-1714
(217) 572-1613 (Fax)
kmcnaught@cassiday.com

8946193 KMCNAUGH;SPRESSLE