UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JACQUELINE FARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | 17-CV-3279 |
| | ) | |
| v. | ) | |
| | ) | |
| ERIK KOHLRUS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE.**

This order summarizes the rulings at the hearing held on October 3, 2018.

**IT IS ORDERED:**

1) Plaintiff's motion for a discovery plan for ESI protocol is granted in part and denied in part as stated on the record at the hearing. (d/e 73.)

2) Plaintiff's motion for a protective order is granted in part and denied in part as stated on the record at the hearing. (d/e 78.) The Court's language added to paragraph 7 of the protective order is attached as Exhibit A to this order.

3)   Within 7 days of the entry of this order, Plaintiff shall file a revised, proposed ESI discovery plan and a revised, proposed protective order in accordance with the Court's rulings at the hearing.

4)  Within seven days after Plaintiff has filed a revised, proposed ESI discovery plan and protective order, Defendants may file objections to the proposed orders.

5)  The revised scheduling order will enter with the dates stated on record at the hearing.

6)  In light of the rescheduling of deadlines and dates, the following motions are denied as moot:  Defendants' motions to extend their deadlines for responding to Plaintiff's discovery (d/e's 69, 76, 89); Plaintiff's motion to compel Defendants to participate in discovery (d/e 80); and, Plaintiff's motion to extend time to complete discovery (d/e 82).

7)  Plaintiff's motion for default and application for default judgment against Laura Jackson is granted in part and denied in part. (d/e 81.)  The motion is granted to the extent that the Court will enter an order of default against Laura Jackson.  The motion is denied to the extent Plaintiff seeks the entry of default judgment.

Plaintiff shall follow the procedures set forth in the standing order of Judge Myerscough entered April 15, 2011 regarding default judgment. The standing order is available on the Court's website under Orders and Rules by Judge.

8) By October 12, 2018, Plaintiff is directed to provide to defense counsel for Defendant Rude a signed release of her IDOC medical and mental health records in the form of document 85-1, p. 4. The release shall not be used to obtain any documents other than for use in this litigation. The release shall not be used to request documents outside of the discovery process.

9) The clerk is directed to file in the docket an audio recording of the 10/3/18 hearing.

**ENTERED:    October 4, 2018**

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
U.S. DISTRICT JUDGE

**EXHIBIT A**

To be added as paragraph 7 of Plaintiff's protective order in Farris v. Kohlrus, 17-cv-3279:

7. This is not an order compelling the production of protected health information. The parties are still required to seek that information through the legal process applicable to discovery in any civil case such as through discovery requests, subpoenas, and motions to compel. This order does not relieve any party from complying with applicable notice requirements. See 45 C.F.R. 164.512(e)(1)(ii)(a) and (iii).

PHI must be obtained through use of the discovery procedures permitted under the Federal Rules of Civil Procedure. PHI may be disclosed to a party, or party's attorney, or attorney for a deponent or respondent in discovery, experts, consultants, any witness or other person retained or called by the parties, deponents, respondents in discovery or their attorneys, treating physicians, other healthcare providers, insurance carriers, or other entities from whom damages, compensation, or indemnity is sought and any entity performing, monitoring, or adjustment activities on behalf of such insurance carrier or other entity and/or their employees, agents, or third-party administrators for any of the parties involved in litigation; in any proceeding for health oversight activities as permitted under 45 C.F.R. 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of all of the above.

Before disclosing PHI documents and/or Confidential Matter to any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing PHI and/or Confidential Matter to be

disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order. Any portion of stenographically or electronically recorded testimony regarding PHI and/or Confidential Matter is subject to the same restrictions as the documents themselves.