IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JACQUELINE FARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17-3279-SEM-TSH |
| v. | ) | |
| | ) | |
| ERIC KOHLRUS, et al., | ) | Honorable Sue E. Myerscough |
| | ) | |
| Defendants. | ) | Honorable Tom Schanzle-Haskins |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION
TO THE MAGISTRATE JUDGE'S OCTOBER 5, 2018 ORDER**

NOW COMES Plaintiff, JACQUELINE FARRIS, by and through her attorneys, LOEVY & LOEVY, and hereby responds to Defendants' Objection to the Magistrate Judge's October 5, 2018 Order [Dkt. 96]. In support thereof, Plaintiff states as follows:

**Introduction**

Plaintiff filed her First Amended Complaint in this matter on January 5, 2018. Dkt. 14. She alleged that Defendant Kohlrus, who is currently facing criminal charges, fixated on her from the time she entered the prison in early December of 2015 and raped her in the laundry room at Logan Correctional Center a month later. *Id*. Plaintiff alleged that the other named correctional officers observed Defendant Kohlrus' misconduct throughout her incarceration, but failed to intervene to prevent the rape from occurring. *Id*. After Plaintiff reported the rape to prison officials, she was then retaliated against and kicked out of the Boot Camp program that would have significantly lessened her time of incarceration. *Id*. Plaintiff further alleged that those named defendants who implemented policy and procedure within the prison system were on notice of the custom, policies, and practices at Logan Correctional Center that permitted this type

of misconduct to flourish, and were deliberately indifferent to the constitutional violations that occurred as a result. *Id*. Plaintiff served written discovery requests in June of 2018 and shortly thereafter initiated a meet and confer regarding a protocol to obtain ESI discovery. Despite the seriousness of Plaintiff's allegations in this matter (or, maybe because of it) Defendants have not provided Plaintiff with one piece of paper responsive to her written discovery requests, including documents obtained from ESI sources.[1] This latest objection to the ESI Protocol submitted by Plaintiff in response to Magistrate Judge Schanzle-Haskins' Order [Dkt. 91] is another discovery delay in this matter. Following the October 3, 2018 court hearing and before filing the ESI Protocol, Plaintiff reached out to Defendants by email to confer about the terms. Defendants did not respond, instead opting for motion practice. Had Defendants raised their concerns with Plaintiff before filing their objections, motion practice may have been avoided and ESI discovery would have already begun. Instead, as apparent with the use of Defendants' examples throughout their motion, Defendants' have not yet initiated an ESI search, creating further delay in the process.

For the reasons stated throughout this response, Defendants misconstrue Magistrate Judge Schanzle-Haskins' order and protocol and provide no basis by which this Court should overrule any portion of the parties' ESI Protocol. *See* Dkt. 95-1. Defendants' motion should be denied in full.

**Legal Standard**

At the outset, Magistrate Judges have broad discretion when ruling on discovery matters. *See Westefer v. Snyder*, 472 F.Supp.2d 1034, 1037 (S.D.Ill. 2006) (citing *Weeks v. Samsung*

---

[1] Instead, Defendants have collectively filed 12 motions for extensions of time in this matter, asking the Court to extend various deadlines by a total of 373 days. *See* Dkt. 90 (summarizing the Defendants' delays).

*Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997)) ("District courts enjoy extremely broad discretion in controlling discovery."); *Dole v. Local 1942 Int'l Bhd. of Elec. Workers*, AFL–CIO, 870 F.2d 368, 371 (7th Cir. 1989) ("District courts have broad discretion in matters relating to discovery."); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 902 (7th Cir. 1981) ("The district court has wide discretion within the rules to determine the manner and course of discovery.").

The Federal Rules thus set a high bar to overturn Magistrate Judge Schanzle-Haskin's discovery ruling on the parties' ESI protocol, and one that is not reached here. *See* Fed. R. Civ. Pro. 72(a) (stating that the district judge must modify or set aside any part of a non-dispositive order that is "clearly erroneous or is contrary to law"). "The clearly erroneous standard of review means that "the district court can overturn a magistrate judge's ruling only if the district is left with the definite and firm conviction that a mistake has been made.'" *See Westefer*, 472 F.Supp.2d at 1036–37 (citing *Weeks*, 126 F.3d at 943). "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view." *Westefer*, 472 F.Supp.2d at 1036–37 (citing *Burns v. American United Life Ins. Co.,* No. 05–CV–0466–DRH, 2006 WL 1004884, at *1 (S.D. Ill. Apr. 17, 2006)).

## Argument

**A.     The ESI Protocol Does Not Run Contrary to Federal Rule of Civil Procedure 26(b)**

Magistrate Judge Schanzle-Haskins identified the standard of review of ESI material as both "relevant *and* responsive." *See* Dkt. 95-1 at ¶ 8(a); 8(b); 8(d); 24(b) (identifying only responsive ESI in the context of supplemental discovery responses) (emphasis added). This was not a mistake, and certainly not "clearly erroneous." Nothing about the standard of "relevant and

responsive" runs counter to the parties' discovery obligations under Federal Rule 26. The Magistrate was clear during the October 3, 2018 hearing that discovery is broad and relevancy of discovery should not be unilaterally determined by one party. *See* Dkt. 99. The Magistrate was likewise clear in his reasoning that even if relevant documents encompass a larger subset of documents pulled from the searches (from keywords that are relevant to the subject matter of the lawsuit), all of the documents are afforded the protections of the protective order entered in this matter or a privilege review.

Despite this, Defendants take specific issue with the one search term "misconduct" and argue, without support, that the term will produce "many false positives." *See* Dkt. 96 at 3-4. First, as evident throughout their motion, it is clear that no search of the word "misconduct" has actually been run; we cannot argue the reasonableness of the search term or whether the responses would be relevant, responsive, or neither, if we are working in the abstract. Second, Defendants "set aside" hits that are privileged or otherwise protected by state law as examples of false positives, but there is no reason to set aside the protections of privileged material. Magistrate Judge Schanzle-Haskin addressed privileged material extensively in the ESI Protocol. *See* Dkt. 95-1 at ¶¶ 26-28 ("Any responsive ESI that a producing party deems is protected by privilege shall be logged into a privilege log"). Third, and importantly, the scenario with "false positives" from a search of the word "misconduct" in Chief Delia's emails is specifically addressed in the ESI protocol. *See* Dkt. 95-1 at ¶ 8(a) ("A manual search process will also be conducted for relevant and responsive email ESI from Mark Delia"). The manual search process is meant to cull through the anticipated false positives in the emails of a high-ranking official. Notably, this language was taken from the Defendants' proposed ESI Protocol found at Dkt. 74-1 ¶ 8(a).

In short, Defendants failed to identify any legitimate basis that Magistrate Judge Schanzle-Haskin's ESI Protocol is "clearly erroneous" in that a mistake was made that runs counter to Federal Rule 26. To the contrary, Magistrate Judge Schanzle-Haskin carefully considered the language of both parties' proposed ESI protocols, held a hearing and permitted counsel to express their arguments, and made his ruling. In a case where still no documents have been produced, disallowing one party from unilaterally making a decision about what to produce is reasonable. Deference should be provided to the Magistrate's order and it should not be overruled.

**B.     The Search Terms And Timeframes Within the ESI Protocol Are Proportional To Plaintiff's Claims**

Magistrate Judge Schanzle-Haskin considered the parties' arguments at the October 3, 2018 court hearing and appropriately determined the extent of the timeframe for each search. *See* Dkt. 99. The Magistrate recognized that there were disagreements regarding the time period for ESI disclosure requirements. *Id*. He questioned Plaintiff's counsel about the timeframes referenced, and he ruled accordingly. *Id*.

Each timeframe proposed by Plaintiff is relevant to her claims in this lawsuit. *See* Dkt. 95-1 at Exhibit B. The specific identifiers for Plaintiff during the point of incarceration (December 4, 2015) to the present is reasonable and Defendants do not appear to dispute this timeframe. *Id*. Responsive IDOC emails with search terms specific to what Plaintiff alleged occurred during the assault, and language used during the reporting and investigation of the incident, are relevant for three months following the date of the sexual assault; three months is a limited timeframe that is not unreasonable. *Id*. Search terms relating to broader policy considerations are relevant from a year prior to the incident at issue in this case to the present. *Id*. This argument was specifically made at the October 3, 2018 hearing and Plaintiff's counsel

addressed the point: the terms that date back to 2014 (a year prior to Plaintiff's incarceration) go to notice of a widespread practice, which Plaintiff needs to prove that the Defendants had *before* she entered the IDOC. The ruling to adopt Plaintiff's timeframes for the ESI searches is not "clearly erroneous" and does not meet the high bar of Federal Rule 72 to overturn the Magistrate's ESI Protocol.

Finally, as defendants raise, there is a "safety valve" for catching search terms that yield too many results. *See* Dkt. 95-1 at ¶ 11 (directing that the parties meet and confer about results that yield more than 5,000 documents). Plaintiff submits that the terms of paragraph 11 are reasonable are address the argument made by Defendants that the keywords "assault!," abuse," "strip," and "laundry" may produce too many results to be practicable. However, Plaintiff is willing to reduce the number of 5,000 hits to a smaller number of documents to alleviate this anticipated problem. Had the parties conferred on this point, an agreement likely could have been reached. The timeframes and search terms are not vague or overbroad, and Defendants identified no reason to overturn the Magistrate's ESI protocol on that basis.

## Conclusion

In one line, Defendants propose that the Court actually accept Defendants' Proposed ESI protocol located at Dkt. 74.1. *See* Dkt. 96 at 5-6. Such a request goes beyond simply modifying the existing proposal based on Defendants' arguments within their motion. The Magistrate Judge has already considered, point by point, the differences in the parties' ESI proposals and ruled accordingly. *See* Dkt. 99. Defendants have provided no basis for overruling any portion of the Magistrate's proposal pursuant to Federal Rule 72, let alone a wholesale adoption of Defendants' proposal that was already considered and rejected. Defendants' motion should be denied.

Respectfully Submitted,

/s/ Julie M. Goodwin
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Julie Goodwin
Sarah Grady
Adair Crosley
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
julie@loevy.com

## CERTIFICATE OF SERVICE

I, Julie Goodwin, an attorney, hereby certify that I served the foregoing Plaintiff's Response to Defendants' Objection to the Magistrate Judge's October 5, 2018 Order to all counsel of record via the Court's CM / ECF filing system on October 31, 2018.

/s/ Julie M. Goodwin