E-FILED
Tuesday, 06 November, 2018  03:25:21 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| JACQUELINE FARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-3279-SEM-TSH |
| | ) | |
| ERIC KOHLRUS, et al., | ) | Hon. Sue E. Myerscough, Judge |
| | ) | |
| Defendants. | ) | Hon. Tom Schanzle-Haskins, Mag. Judge |

**PLAINTIFF'S SECOND MOTION TO COMPEL DEFENDANTS TO PARTICIPATE
IN DISCOVERY AND TO ENFORCE THIS COURT'S OCTOBER 5, 2018 ORDER**

Plaintiff, Jacqueline Farris, by her attorneys, hereby moves for a second time to compel

Defendants to participate in discovery in this case, and for an Order enforcing this Court's

October 5, 2018 Order that all outstanding discovery responses be served by November 5. In

support of her motion, Plaintiff states as follows:

**INTRODUCTION**

In 2016, Defendant Erik Kohlrus raped Plaintiff as several other Defendants stood by,

failing to intervene. Her rape was the result of widespread policies at Logan that have resulted in

multiple rapes by IDOC staff in recent years. And following her rape, Plaintiff suffered

retaliation. On June 8, Plaintiff issued initial interrogatories and requests for production on

Defendants to obtain discovery on her claims. Five months have elapsed since Plaintiff served

those requests. During that time, Plaintiff has not received a single substantive response to a

single discovery request from a single Defendant.

Last night at 11:00 p.m., Defendants filed their *fourth* motion for extension. Dkt. 101.

This motion asked to extend the 30 days that this Court granted them after addressing several

hotly disputed motions regarding Defendants' dilatory conduct and refusal to participate in

discovery.  That the Defendants filed this motion with less than an hour left to comply with the

Court's deadline (again helping themselves to the relief they seek) demonstrates their continued

refusal to participate in this case or abide by their responsibilities set forth by the Federal Rules

of Civil Procedure and orders of this Court.[1] In other words, Defendants have and continue to

thumb their noses at this Court's deadlines and orders.

In fact, Plaintiff was the *only* party to comply with the Court's deadline, serving

responses to the discovery requests she received at the end of August (nearly three months after

she served her discovery requests) yesterday. Plaintiff met this deadline despite the fact that in

the intervening time period, her counsel conducted four jury trials, prepared for a fifth jury trial,

and filed several dispositive motions and pleadings, because she takes this Court's deadlines

seriously. And because Plaintiff diligently followed the rules, Defendants have helped

themselves to a strategic advantage: obtaining Plaintiff's responses before preparing their own

despite the fact that Plaintiff served discovery three months before Defendants issued a single

discovery request.

It is time that this Court impose consequences for Defendants' refusal to participate in

this case. Plaintiff respectfully requests that this Court order Defendants to provide fulsome

responses to interrogatories and production of all responsive documents within 7 days of the

Court's Order, and further enter an order finding that Defendants' failure to meet its reasonable

deadline waived their objections to Plaintiff's discovery requests. Plaintiff further respectfully

requests that this Court order Defendants to pay Plaintiff's counsel reasonable fees for the time

spent addressing their latest dilatory tactics, including the filing of this motion. To hold

---

[1] Plaintiff has also repeatedly asked defense counsel to provide dates for depositions in this case and received no response. Accordingly, having made a good faith albeit unsuccessful effort to coordinate with opposing counsel in the scheduling of depositions, Plaintiff will today serve a notice of depositions for the first several depositions in this case. L.R. 30.1.

otherwise would be to encourage Defendants' lack of respect for this Court's time and orders, Plaintiff's time, and the Federal Rules' mandate that cases be justly and *speedily* adjudicated.

## DISCUSSION

Five months ago, in early June 2018, Plaintiff served her First Set of Interrogatories and First Set of Requests for Production. Dkt. 77-1; Dkt. 77-2. Rules 33 and 34—the Federal Rules governing interrogatories and requests for production, respectively—each provide that responsive information and documents, along with any objections, must be made within 30 days. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Notably, Rule 33 expressly provides that objections not timely made are automatically waived unless the Court excuses the failure upon a showing of good cause. Fed. R. Civ. P. 33(b)(4).

Federal courts throughout this Circuit have routinely and repeatedly held that a party's failure to serve timely discovery responses waives any objections it may have had to the requests. *E.g., Perry v. City of Gary, Ind.*, 2009 WL 2253157, at *2 (N.D. Ind. July 27, 2009) ("Because [defendants] have failed to timely object to [p]laintiff's propounded discovery, either within 30 days of being served with the discovery requests or by the Court ordered . . . deadline, the Court finds that [defendants] have waived all objections" to plaintiff's requests for production and interrogatories) (collecting cases); *Stelor Prods., Inc. v. Oogles N Googles*, 2008 WL 5062786, at *1 (S.D. Ind. Nov. 21, 2008) ("Plaintiff's failure to timely object to this discovery, as well as counsel's inexplicable disregard of the Court-ordered deadline to respond, compels the conclusion that [p]laintiff has waived all objections"); *see also, e.g., Dutch Valley Growers Inc. v. Rietveld*, 2017 WL 6945332, at *3 (C.D. Ill. Mar. 7, 2017) (failure to timely object waived objections); *Mizyed v. Travelers Home & Marine Ins. Co.*, 2013 WL 12242011, at *3-4 (C.D. Ill. Apr. 9, 2013) (2-month delay waived objections); *Martinez v. Cook Cnty.*, 2012

WL 6186601, at *3 (N.D. Ill. Dec. 12, 2012) (prolonged delay waived objections); *Sumner v. City Constr., LLC*, 2010 WL 2367971, at *1 (S.D. Ill. June 11, 2010) (same); *Davis v. City of Springfield*, 2009 WL 268893, at *4-5 (C.D. Ill. Jan. 30, 2009) (2-month delay waived objections); *Magalis v. Adams*, 2009 WL 3756446, at *4 (C.D. Ill. Nov. 5, 2009) (6-week delay waived objections); *Lock Realty Corp. v. U.S. Health L.P.*, 2008 WL 4372411, at *2 (N.D. Ind. Sept. 22, 2008) (90-day delay waived objections); *Autotech Techs. Ltd. P'ship v. Autmationdirect.com, Inc.*, 236 F.R.D. 396, 399 (N.D. Ill. 2006) (2-week delay waived objections); *Brown v. Hertz*, 2011 WL 5325519, at *1 (S.D. Ill. Nov. 3, 2001) (2.5-month delay waived objections). Defendants' five-month delay—and counting—easily warrants application of the waiver doctrine.

The sole excuse offered by Defendants in their fourth motion for an extension of time is that their counsel is busy. Dkt. 101 ¶ 4 (listing the pleadings filed and depositions attended by defense counsel in the past 30 days). As Plaintiff noted in her response to Defendants' third motion for an extension of time to respond to Plaintiff's discovery requests, the busy schedule of a party's counsel is legally insufficient to constitute good cause. *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012) ("[I]t is widely accepted that neglect due to a busy schedule is not excusable."); *see also Mississippi v. Turner*, 498 U.S. 1306, 1306 (1991) (burden on counsel is not "'good cause shown,' unless it is the result of events unforeseen and uncontrollable by both counsel and client").

Defendants' excuse is particularly feeble given that Defendants have not offered a single response to a single discovery request.[2] *See Postle v. Bath & Body Works, LLC*, 2015 WL

---

[2] Defendant Amy Rude is represented by separate counsel, who informed Plaintiff's counsel that she served her objections to Plaintiff's discovery requests on August 8 and will not be lodging further objections. Dkt. 77-3 (objecting solely on the basis that Plaintiff's requests require a HIPAA release to resond); *see also* Dkt. 91 ¶ 8 (resolving Rude's objection). Counsel further informed Plaintiff that due to a

521365, at *5 (N.D. Ill. Feb. 9, 2015) (party's failure to take *any* action in discovery weighs heavily against finding good cause for extension); *Moore v. Pipefitters Ass'n Local Union 597*, 2014 WL 2808992, at *7 (N.D. Ill. June 20, 2014) ("When parties wait until the last minute to comply with a deadline, they are playing with fire."). In other words, Defendants' counsel's busy schedule might prove persuasive if there was a demonstration of *some* diligence in responding to discovery, by serving interrogatory responses on behalf of *some* Defendants. Instead, Defendants have served none.

Plaintiff's counsel has also been busy in the five months since Plaintiff served discovery requests, conducting four jury trials, *Nicolas v. Berry*, No. 15-cv-0964 (S.D. Ill.), *Jackson v. Birkey*, No. 14-cv-1108 (C.D. Ill.), *Kuri v. Szwedo*, No. 13-cv-1653 (N.D. Ill.), and *Barber v. Hood*, No. 15-cv-0997 (N.D. Ala.); preparing for a fifth jury trial, including the filing of pretrial motions, *Bost v. Wexford*, No. 15-cv-3278 (D. Md.); filing a motion for class certification, *Ross v. Gossett*, No. 15-cv-0309 (S.D. Ill.); preparing two Complaints, *Heilman v. Burke*, No. 18-cv-3260 (C.D. Ill.); and filing a summary judgment response, *Armbruster v. Shah*, No. 16-cv-0544 (S.D. Ill.); among others. (This list does not include the dozens of depositions conducted by counsel or countless other motions filed in this and several other cases.) Yet despite those important responsibilities, Plaintiff complied with this Court's Order and served responses to Defendants' discovery requests yesterday, November 5, 2018.

---

death in the family, she required additional time to provide substantive responses to Plaintiff's discovery requests in compliance with the Court's Order. Due to counsel's personal issues and Rude's assurances that no further objections will be asserted, Plaintiff has no objection to a 14-day extension of time for Rude to provide fulsome responses to Plaintiff's interrogatories and requests for production.

Defendants do not explain why they chose to prioritize deadlines and events in other cases over the Court's order in this one.[3] But that choice should come with consequences. In this case, those consequences should be a finding that by failing to comply with the Court's Order, Defendants waived their objections to Plaintiff's discovery requests. Specifically, this Court should order Defendants to provide fulsome responses to interrogatories and production of all responsive documents within 7 days of the Court's Order. To hold otherwise would be to officially authorize Defendants' dilatory tactics and thumbing of their noses at the Court's rules and deadlines.

In conclusion, this Court is entitled to expect counsel to act with diligence in prosecuting and defending this case, and most importantly to comply with its deadlines. Plaintiff is entitled to expect the same, and is entitled to an expeditious proceeding to resolve her claims. This Court should enforce those expectations, and hold that Defendants' unjustified failures to comply with the Court's deadline has resulted in waiver of their objections to Plaintiff's June 8 interrogatories and requests for production. The Court should also award Plaintiff's counsel reasonable fees for the time required to litigate Defendants' continued delay.

---

[3] Defendants claim that they have engaged in "rolling production" of documents. That is seriously misleading. To be clear, at 9 p.m. last night, Defendants produced 20 documents, the vast majority of which Plaintiff had already obtained (and produced) through alternative methods, and others related to a different prisoner named "Farris." There has been no other production by any Defendant.

Respectfully submitted,

/s/ Sarah Grady
Sarah Grady
Attorney for Plaintiff


Arthur Loevy
Jon Loevy
Julie Goodwin
Sarah Grady
Adair Crosley
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
Fax: (312) 243-5902

## <u>CERTIFICATE OF SERVICE</u>

  I, Sarah Grady, an attorney, hereby certify that on November 6, 2018, I caused the foregoing Plaintiff's Second Motion to Compel Defendants to Participate in Discovery and to Enforce this Court's October 5, 2018 Order to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

        Respectfully submitted,

        /s/ Sarah Grady
        Sarah Grady
        Attorney for Plaintiff