IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JACQUELINE FARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-3279-SEM-TSH |
| | ) | |
| ERIC KOHLRUS, et al., | ) | Hon. Sue E. Myerscough, Judge |
| | ) | |
| Defendants. | ) | Hon. Tom Schanzle-Haskins, Mag. Judge |

**PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY RESPONSES AND RESPONSE TO DEFENDANTS' FIFTH MOTION FOR EXTENSION OF TIME**

Plaintiff, Jacqueline Farris, by her attorneys, pursuant to Rule 37 of the Federal Rules of Procedure, hereby responds to Defendants' fifth motion for extension of time to respond to Plaintiff's June 8 discovery requests, and moves to compel the IDOC Defendants to produce responses to the same. Plaintiff additionally requests that this Court (a) find that the IDOC Defendants have forfeited their objections to Plaintiff's discovery requests, (b) order the IDOC Defendants to provide fulsome responses to Plaintiff's discovery requests within 7 days, and (c) award Plaintiff's counsel their reasonable fees for time required to prepare Plaintiff's motions to compel and responses to Defendants' requests for extension. In support of her requests, Plaintiff states as follows:

**BACKGROUND**

The IDOC Defendants[1] have asked for a *fifth* time for an extension to respond to discovery requests that were propounded 174 days ago—nearly 6 months ago. Dkt. 106; Dkt. 77-

---

[1] The IDOC Defendants include Defendants Alex Adams, Addison Ahart, Norine Ashley, James Barry, Jennifer Billington, Christine Brannon, Clara Charron, James Davis, Mark Delia, Mike Funk, Jeffrey Gabor, the Illinois Department of Corrections, Lisa Johnson, Travis Jones, Patrick Keave, Dillion Kearney, William Lemon, Angela Locke, Matthew Mitchey, Alan Pasley, Jose Rivera, William Roberts, Zachary Sapp, Trina Snyder, Sean Whelton, Jasmin Woolfolk, and Felipe Zavala. *See* Dkt. 106 at 1.

1 (Pl.'s Req. for Prod.); Dkt. 77-2 (Pl.'s Interrogs.). Their motion asks for an extension of time up to and including today, November 29, 2018.

In their four prior motions, Defendants argued that additional time was necessary due to the number of Defendants in the case and the shifts that they worked, as well as defense counsel's busy schedule. *See, e.g.,* Dkt. 69 (Defs.' First Mot. for Ext. of Time) at 3 (additional 30 days necessary due to number of defendants and their work schedules); Dkt. 76 (Defs.' Second Mot. for Ext. of Time) at 2-3 (additional 45 days necessary due to number of defendants and their work schedules); Dkt. 89 (Defs.' Third Mot. for Ext. of Time) at 2 (additional 14 days necessary due to number of defendants and their work schedules);[2] Dkt. 101 (Defs.' Fourth Mot. for Ext. of Time) at 2 (additional 14 days necessary due to counsel's busy schedule and the defendants' work schedules). In response to their fourth extension motion, the Court gave Defendants an additional 10 days to respond to Plaintiff's discovery requests, and reserved ruling on the issue of whether Defendants had waived their objections and whether Plaintiff's counsel should be awarded fees. Nov. 6, 2018 Text Order. Notably, none of Defendants' earlier four motions mentioned any difficulties in contacting Defendant Felipe Zavala or any medical issues preventing timely compliance by Defendant Norine Ashley.

In their fifth motion for an extension of time, Defendants contend for the first time that counsel has not been able to contact Defendants Zavala and Ashley, apparently in part because Ms. Ashley is on unspecified medical leave. Dkt. 106 (Defs.' Fifth Mot. for Ext. of Time) ¶ 8. Again, Defendants did not report any difficulty reaching Defendants Zavala and Ashley in their

---

[2] Despite repeatedly telling the Court that additional time was necessary to confer with the numerous Defendants, the IDOC Defendants did not serve a single interrogatory response on behalf of any Defendant until November 16, 2018—the day after the latest Court deadline. Nov. 6, 2018 Text Order. This suggests that counsel made no diligent efforts to obtain responses from *any* of their clients until after several motions for an extension of time. In other words, had counsel been working diligently to confer with the IDOC Defendants, Plaintiff would have expected interrogatory responses on a rolling basis as they worked through the list of represented Defendants.

2

July extension motion, their August extension motion, their September extension motion, or their November extension motion. More concerningly, Defendants' motion contains no representations that any attempts to contact these Defendants were made before the Court ruled on Defendants' fourth motion for an extension of time. *See id.* Similarly, there is no discussion about when Ms. Ashley began her medical leave or whether the medical issue has any bearing on her ability to participate in responding to discovery. *Id.* The obvious implication from these omissions is that counsel began attempting to contact Defendants Ashley and Zavala only recently (i.e., after filing their fourth motion for an extension), and that Ms. Ashley's medical leave does not in fact preclude her from participating in discovery in any way.

Defendants state in their motion that they have substantially complied with Plaintiff's discovery requests, telling this Court that the only discovery requests that remain outstanding are interrogatory responses by Defendants Ashley and Zavala. Dkt. 106 ¶ 5. This statement is inaccurate and misleading. In fact, the vast majority of Defendants' responses were served without any verification, and thus were not proper responses at all. Fed. R. Civ. P. 33(b)(5); *United States v. Quebe*, 321 F.R.D. 303, 310 (S.D. Ohio 2017); *Wood v. Credit One Bank*, 277 F. Supp. 3d 821, 832 (E.D. Va. 2017); *Johnson v. Derhaag Motor Sports, Inc.*, 2014 WL 5817004, at *8 (D. Minn. Nov. 10, 2014). Specifically, of the 27 Defendants represented by counsel for the IDOC, the following 13 Defendants' interrogatory responses remain outstanding:

1. Addison Ahart (no verification)
2. Norine Ashley (no response whatsoever)
3. James Davis (no verification)
4. Illinois Department of Corrections (verifications missing)
5. Lisa Johnson (no verification)
6. Dillion Kearney (no verification)
7. William Lemon (no verification)
8. Matthew Mitchey (no verification)
9. William Roberts (no verification)
10. Zachary Sapp (no verification)

3

11. Trina Snyder (no verification)
12. Sean Whelton (no verification)
13. Felipe Zavala (no response whatsoever)

Although the Court has reserved ruling as to whether Defendants have waived their objections, Defendants did serve objections to nearly every single one of Plaintiff's interrogatories and requests for production. Ex. A (IDOC Defs.' Combined Objections to Pl.'s Interrog.); Ex. B (IDOC Defs.' Objections to Pl.'s Req. for Prod.). Many of these objections are improper on their face. For example, in response to an interrogatory asking Defendants to explain the factual and legal basis for their affirmative defenses, Defendants object that the interrogatory is overbroad and not proportional to the needs of the case. *E.g.,* Ex. A at 5-6 (Interrog. No. 8); see also *Restoration Specialists, LLC v. Hartford Fire Ins. Co.*, 2012 WL 13064230, at *1-2 (N.D. Ill. Aug. 1, 2012) (recognizing propriety of interrogatory requesting information about basis for affirmative defenses). Similarly, Defendants object to producing documents relating to Plaintiff's sexual assault—the central issue in this litigation—because they contend the request is overbroad and not proportional to the needs of the case. Ex. B at 5-6 (Req. No. 9).[3]

Additionally, it is obvious from Defendants' objections that they were not asserted after conferring with Defendants: for example, in response to an interrogatory asking for information about every interaction with Plaintiff, Defendants object that the interrogatory is overbroad and not proportional to the needs of the case because many of the Defendants "*likely* had multiple contacts with Plaintiff" and could not be expected to identify every such interaction. Ex. A at 32 (Interrog. No. 9) (emphasis added). Yet in their substantive responses, most of the Defendants answer that they recall few if any interactions with Plaintiff. *E.g.,* Ex. C (Jones's Interrog. Resp.)

---

[3] Notably, Defendants' responses to Plaintiff's requests for production do *not* indicate whether they are withholding any responsive documents on the basis of their objections, as required by Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure.

at 5 (Interrog. No. 9) (no recollection of any interactions). In other words, Defendants' substantive responses (which expose the objections as meritless) demonstrate that the objections were asserted before obtaining Defendants' responses and thus, there was no good reason the objections could not have been asserted timely.

**DISCUSSION**

In Plaintiff's motion to compel, filed in August 2018, Plaintiff argued to the Court that it should not tolerate Defendants' dilatory tactics. Dkt. 80 at 4-5 ("Simply put, this Court should not condone Defendants' dilatory tactics."). And in response to Defendants' third extension motion, Plaintiff said that in her view, "[e]nough is enough." Dkt. 90 at 1. Similarly, in her second motion to compel and response to Defendants' fourth motion for an extension, Plaintiff argued that "Defendants have and continue to thumb their noses at this Court's deadlines and orders." Dkt. 102 at 2. Plaintiff has little to add to these pleadings, other than to underscore her exasperation at the numerous hours required to respond to Defendants' unjustified and extensive delays.

Defendants cannot and do not dispute that this Court is well within its rights to find that by failing to provide timely responses to discovery, they have waived their objections. *E.g., Perry v. City of Gary, Ind.*, 2009 WL 2253157, at *2 (N.D. Ind. July 27, 2009) ("Because [defendants] have failed to timely object to [p]laintiff's propounded discovery, either within 30 days of being served with the discovery requests or by the Court ordered . . . deadline, the Court finds that [defendants] have waived all objections" to plaintiff's requests for production and interrogatories) (collecting cases); *Stelor Prods., Inc. v. Oogles N Googles*, 2008 WL 5062786, at *1 (S.D. Ind. Nov. 21, 2008) ("Plaintiff's failure to timely object to this discovery, as well as counsel's inexplicable disregard of the Court-ordered deadline to respond, compels the

5

conclusion that [p]laintiff has waived all objections"); *see also, e.g., Dutch Valley Growers Inc. v. Rietveld*, 2017 WL 6945332, at *3 (C.D. Ill. Mar. 7, 2017) (failure to timely object waived objections); *Mizyed v. Travelers Home & Marine Ins. Co.*, 2013 WL 12242011, at *3-4 (C.D. Ill. Apr. 9, 2013) (2-month delay waived objections); *Martinez v. Cook Cnty.*, 2012 WL 6186601, at *3 (N.D. Ill. Dec. 12, 2012) (prolonged delay waived objections); *Sumner v. City Constr., LLC*, 2010 WL 2367971, at *1 (S.D. Ill. June 11, 2010) (same); *Davis v. City of Springfield*, 2009 WL 268893, at *4-5 (C.D. Ill. Jan. 30, 2009) (2-month delay waived objections); *Magalis v. Adams*, 2009 WL 3756446, at *4 (C.D. Ill. Nov. 5, 2009) (6-week delay waived objections); *Lock Realty Corp. v. U.S. Health L.P.*, 2008 WL 4372411, at *2 (N.D. Ind. Sept. 22, 2008) (90-day delay waived objections); *Autotech Techs. Ltd. P'ship v. Autmationdirect.com, Inc.*, 236 F.R.D. 396, 399 (N.D. Ill. 2006) (2-week delay waived objections); *Brown v. Hertz*, 2011 WL 5325519, at *1 (S.D. Ill. Nov. 3, 2001) (2.5-month delay waived objections).

Similarly, there can be no argument regarding this Court's authority to award Plaintiff reasonable fees for the time spent responding to Defendants' motions for extensions, and for moving to compel and enforce this Court's Orders. *See, e.g.,* Fed. R. Civ. P. 37(a)(5), 37(b)(2)(C); *e.g., Hoffman v. County of Dewitt*, 2017 WL 4466468, at *3 (C.D. Ill. Jan. 26, 2017) ("even negligent failure to allow reasonable discovery may establish cause for imposing sanctions" under Rule 37); *David Mizer Enters., Inc. v. Nexstar Broadcasting, Inc.*, 2016 WL 4541825, at *11 (C.D. Ill. Aug. 31, 2016) (discussing standard for imposing sanctions for discovery violations).

This Court should both find Defendants' objections waived and permit Plaintiff to submit a fee petition for the time spent preparing various motions to compel[4] and responses to

---

[4] This Court should find that all of the IDOC Defendants forfeited their objections to Plaintiff's interrogatories and requests for production. *See* Nov. 6, 2018 Text Order (reserving ruling on the issue).

Defendants' multiple motions for extensions of time. In Plaintiff's opinion, it is the only way to ensure that Defendants' dilatory tactics will not continue unabated throughout this litigation.

Indeed, Plaintiff fully expects that Defendants will be filing a sixth motion for an extension to respond to Plaintiff's discovery requests, since as of the time of this filing, Plaintiff has not received interrogatory responses from Defendants Zavala and Ashley or any of the missing verifications, and despite attempts to contact defense counsel, received no indication that any such responses will be served today.[5] As noted in Plaintiff's response to Defendants' third motion for extension of time, this Court should follow the guidance of the Seventh Circuit's discussion in *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996):

> We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception. A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines. What happened in this case is that Judge Tinder, who had generously given [the plaintiff] more than enough time to get his act together, decided there would be no more extensions, and we cannot say he was wrong to put his foot down as he did.

*See also McCann v. Cullinan*, 2015 WL 4254226, at *2 (N.D. Ill. July 14, 2015) ("According to the Seventh Circuit, district courts are not only entitled to enforce deadlines, they must do so.").

The time has come for this Court to put its foot down. In this instance, this Court should (a) find that the IDOC Defendants' unjustified and repeated failures to comply with Court deadlines have resulted in forfeiture of their objections to Plaintiff's June 8 interrogatories and requests for production, (b) order them to provide fulsome responses and documents within 7

---

At the very least, however, this Court should find that Defendants Ahart, Ashley, Davis, IDOC, Johnson, Kearney, Lemon, Mitchey, Robert, Sapp, Snyder, Whelton, and Zavala have forfeited their objections to Plaintiff's interrogatories, and that Defendants Ashley and Zavala have forfeited their objections to Plaintiff's requests for production.

[5] In their fifth extension motion, Defendants requested a 14-day extension—up to and including today—to serve their responses. *See* Dkt. 106 ¶ 9.

days, and (c) grant Plaintiff leave to file a fee petition for the time her counsel spent preparing various motions to compel or enforce and responses to Defendants' motions for extension. If not now, when?

                                              Respectfully submitted,

                                              /s/ Sarah Grady
                                              Sarah Grady
                                              Attorney for Plaintiff

Arthur Loevy
Jon Loevy
Julie Goodwin
Sarah Grady
Adair Crosley
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
Fax: (312) 243-5902

8

**CERTIFICATE OF SERVICE**

       I, Sarah Grady, an attorney, hereby certify that on November 29, 2018, I caused the foregoing Plaintiff's Third Motion to Compel Discovery Responses and Response to Defendants' Fifth Motion for Extension of Time to be filed using the Court's CM/ECF system, which effected service on all counsel of record. I further certify that within one business day of filing the same, I will cause it to be mailed to Defendant Laura Jackson via U.S. mail at the address where she was served.

                           Respectfully submitted,

                           /s/ Sarah Grady
                           Sarah Grady
                           Attorney for Plaintiff