IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JACQUELINE FARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 17-3279-SEM-TSH |
| | ) | |
| ERIC KOHLRUS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO PLAINTIFF'S THIRD MOTION TO COMPEL (DOC. 108)**

NOW COME Defendants, ALEX ADAMS, ADDISON AHART, NORINE ASHLEY, JAMES BARRY, JENNIFER BILLINGTON, CHRISTINE BRANNON, CLARA M. CHARRON, JAMES DAVIS, MARK DELIA, MIKE FUNK, JEFFREY GABOR, ILLINOIS DEPARTMENT OF CORRECTIONS, LISA JOHNSON, TRAVIS JONES, PATRICK KEANE, DILLION KEARNEY, WILLIAM T. LEMON, ANGELA LOCKE, MATTHEW MITCHEY, ALAN PASLEY, JOSE RIVERA, WILLIAM ROBERTS, ZACHARY SAPP, TRINA SNYDER, SEAN WHELTON, JASMIN WOOLFOLK, and FELIPE ZAVALA, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and respond in opposition to Plaintiff's Third Motion to Compel (doc. 108), stating as follows:

1.   On November 29, 2018, Plaintiff filed her Third Motion to Compel requesting: (i) the Court find Defendants forfeited their objections to Plaintiff's discovery requests; (ii) order Defendants to provide "fulsome" responses to Plaintiff's discovery requests within seven days; and (iii) award attorney's fees for responding to and filing various motions. (Doc. 108.) For the reasons that follow, Plaintiff's Motion should be denied.

2.   Much of Plaintiff's Motion simply reiterates arguments Plaintiff has made in her previous two motions to compel (docs. 80 & 102) and responses to Defendants' motions requesting

additional time to respond to discovery (docs. 77 & 90.). Defendants have provided responses to Plaintiff's motions and will not be restating their responses to these motions. Rather, Defendants' response will focus on the new issues raised by Plaintiff. Specifically, Plaintiff now claims she is entitled to relief because Defendants Ashley and Zavala did not provide timely responses to Plaintiff's interrogatories, some of the interrogatory responses are missing verification pages, and many of Defendants' objections are "improper on their face."

3.  As it concerns the interrogatory responses on behalf of Defendants Ashley and Zavala, Plaintiff's Motion should be denied as moot. Defendants Ashley and Zavala served their responses to Plaintiff's interrogatories on November 29, 2018. See certificates of services, attached hereto as Exhibit 1. This service is consistent with their fifth motion for extension of time. (Doc. 106.)

4.  Plaintiff is correct in noting that some of Defendants' interrogatory responses were missing verification pages when they were served. These interrogatory responses have been reviewed and approved by the respective defendants but the undersigned has not yet received all the verification pages. Defendant IDOC did provide verifications for its responses to Plaintiff's interrogatories—as a courtesy an additional copy of these verifications will be sent to Plaintiff. Defendants Ashley and Zavala sent verification pages with their responses. As of the filing of their response, Defendants have mailed verification pages for Defendants Ahart and Snyder. Defendants will continue to provide the remaining verification pages as the undersigned receives them. Additionally, serving interrogatory responses without verification pages prevented further delay in providing Plaintiff with the information she requested. Plaintiff does not explain how she is prejudiced by Defendants mailing verification pages afterwards as the undersigned receives them.

5.  Plaintiff generally claims Defendants' objections are "improper on their face." (Doc. 108, 4.) In support of this assertion, Plaintiff points to Defendants' objections to Plaintiff's

interrogatory seeking factual and legal bases for their affirmative defenses and Defendants' objections to Plaintiff's request for production of document seeking "[a]ll Documents related to the Sexual Assaults and Rape of Plaintiff." *Id.* Plaintiff has not conferred with Defendants on any issues concerning Defendants' objections to Plaintiff's interrogatories prior to filing this Motion. Plaintiff's Motion is premature and improper as to this issue. *See* Fed. R. Civ. P. 37(a) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.")

6. In any event, Defendants maintain their objections to Plaintiff's affirmative defense interrogatory are proper. Defendants' affirmative defenses of qualified immunity and sovereign immunity are based purely on legal theories. (Doc. 108-2, 7.) Since this interrogatory seeks a legal conclusion—in addition to the other stated objections—it is improper. *See Schaap v. Exec. Indus., Inc.*, 130 F.R.D. 384, 388 (N.D. Ill.). Defendants have also raised the affirmative defense of failure to exhaust administrative remedies and produced Plaintiff's relevant grievance materials. It is uncertain what more Defendants could add in responding to this interrogatory.

7. As noted in Defendants' Response to Plaintiff's Second Motion to Compel, Plaintiff and Defendants have met and conferred to discuss Defendants' responses and objections to Plaintiff's first set of requests for production of documents. (Doc. 107.) In this Motion, Plaintiff takes issue with Defendants' objections and response to Request 9, which states:

> All Documents related to the Sexual Assaults and Rape of Plaintiff, including but not limited to witness statements, records created pursuant to PREA, incident reports, investigation reports and notes, videos or audio recordings of interviews, medical records, collected evidence, forensic and other testing records and results (DNA or otherwise), police reports, handwritten notes, Communications, scene photographs, photographs of Plaintiff or other witnesses, audio recordings, and video recordings. To be clear, this request seeks all responsive Documents in your possession, custody, or control regardless of whether or not they were created by you.

(Doc. 108-4, 6–7.) Defendants objected to this Request because "it is overbroad in time and scope, and not proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)." (Doc. 108-4, 7.) In their response, Defendants maintained these objections but referred Plaintiff to the PREA investigative report, and incident reports and prison discipline concerning Plaintiff making comments about the PREA investigation. *Id.* Defendants objected to Plaintiff's Request, in part, because Plaintiff's Requests define the term "Sexual Assaults" as "the sexual misconduct committed by Defendant Kohlrus against Plaintiff between December 4, 2015 and December 28, 2015 at Logan Correctional Center." The only alleged act of sexual misconduct that has been identified to Defendants occurred on the evening of December 27, 2015. To the extent Plaintiff claims other assaults took place, Defendants are unable to identify any responsive documents since they are not aware of any additional allegations of assault. Plaintiff's Request is, therefore, overbroad in time and scope. Further, it appears Plaintiff is seeking documents outside the custody and control of the IDOC defendants in this request. As Plaintiff is aware, IDOC defendants collected DNA evidence and turned this evidence over to the Illinois State Police. To the extent Plaintiff intends this Request to seek documents or things outside the immediate custody and control of these defendants, Plaintiff's request is unduly burdensome and not proportional to the needs of the case. Defendants' Objections to Request 9 are proper.

8. To the extent Plaintiff filed this Motion to challenge any of Defendants' other objections, Plaintiff's Motion should be denied. Plaintiff has failed to state with any detail why Defendants' objections are improper. Defendants maintain their objections are properly asserted.

9. As Defendants have repeatedly said, they will continue to cooperate in discovery. As noted in their past motions, Defendants made prompt efforts to coordinate the scheduling of five depositions—including rearranging the shifts of three current correctional center employees to accommodate the deposition schedule. The parties completed two depositions and Defendants

were ready to proceed on the remaining three depositions, when Plaintiff decided to cancel them citing a dispute over the number of depositions to be taken in this case. This dispute existed well before these depositions were scheduled. Defendants remain willing to and have been cooperating in discovery.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request this honorable Court deny Plaintiff's Motion (doc. 108).

Respectfully submitted,

ALEX ADAMS, et al.,

Defendants,

LISA MADIGAN, Illinois Attorney General,

Attorney for Defendants,

By: s/Jeremy C. Tyrrell
Jeremy C. Tyrrell
Assistant Attorney General

Jeremy C. Tyrrell, #6321649
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62701
(217) 785-4555 Phone
(217) 524-5091 Fax
E-mail:  jtyrrell@atg.state.il.us

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| JACQUELINE FARRIS, | ) |
| Plaintiff, | ) |
| -vs- | ) No. 17-3279-SEM-TSH |
| ERIC KOHL, et al., | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2018, the foregoing document, *Response to Plaintiff's Third Motion to Compel (Doc. 108)*, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Adair Crosley | adair@loevy.com |
| Julie Marie Goodwin | julie@loevy.com |
| Sarah Grady | sarah@loevy.com |
| Sara Mayo Vig | sara@vig-law.com |
| Karen L. McNaught | kmcnaught@cassiday.com |

Respectfully Submitted,

s/Jeremy C. Tyrrell
Jeremy C. Tyrrell, #6321649
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 785-4555 Phone
(217) 524-5091 Fax
E-Mail: jtyrrell@atg.state.il.us