## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JACQUELINE FARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-3279 |
| | ) | |
| ERIC KOHLRUS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants' Fifth Motion for Extension of Time to Respond to Plaintiff's Discovery Requests (d/e 106) (Motion 106), Plaintiff's Third Motion to Compel Discovery Responses and Response to Defendants' Fifth Motion for Extension of Time (d/e 108) (Motion 108), and the matters reserved by the Court from Plaintiff's Second Motion to Compel Defendants to Participate in Discovery and to Enforce this Court's October 5, 2018 Order (d/e 102) (Motion 102) (Motions 102 and 108 are collectively referred to as the Farris' Motions).  In order to resolve the Farris' Motions, the Court directed Plaintiff Jacqueline Farris to submit the Defendants' responses to interrogatories and the definitions applicable to the interrogatories.  Text Orders entered December 17, 2018 and January 16, 2019.  Farris has done so.  Plaintiff's Response to Court's

December 17, 2018 Order (d/e 112) (Interrogatory Responses); and

Plaintiff's Response to Court's January 16, 2019 Order (d/e 116)

(Discovery Definitions and Instructions).

Motion 106 asks for additional time to produce the interrogatory

answers from Defendants Norine Ashley and Filipe Zalava.  Motion 106 is

DENIED as moot because Ashley and Zalava's answers have been

submitted to Farris.  See Interrogatory Responses, Ex. 1 and 27,

Interrogatory Responses of Ashley and Zalava.  For the reasons set forth

below, the Farris' Motions are ALLOWED in part.

## BACKGROUND

Farris alleges that beginning on December 4, 2015,  Defendant

Illinois Logan Correctional Center (Logan) Correctional Officer Erik Kohlrus

sexually assaulted Farris while she was an inmate at Logan, and ultimately

Kohlrus raped her on December 28, 2015. (The alleged sexual assaults

and rape are hereinafter referred to collectively as the Rape).  First

Amended Complaint (d/e 14), ¶ 1.  Kohlrus has been charged in state court

with two counts of custodial sexual misconduct and the matter is pending.

People v. Kohlrus, Logan County, Circuit Court Case No. 2018 CF 85.

Farris brings this action against Kohlrus and 29 other defendants.  One

Defendant is the Illinois Department of Corrections (Department or IDOC).

One individual Defendant is Amy Rude, L.C.S.W.  Defendant Rude worked at Logan as an employee of Department contractor Wexford Health Sources, Inc. (Wexford).  The other individual Defendants were employees of the Department.[1]  Defendant Christine Brannon was the Warden at Logan at the time of the Rape.  Farris alleges that Defendant Clara Charron was Prison Rape Elimination Act (PREA) Compliance Manager at Logan at the time of the Rape.[2]  Defendant Norine Ashley was a psychologist and Mental Health Administrator and PREA Compliance Manager at the time of the Rape.  Defendant Lisa Johnson was the back-up to the PREA Compliance Manager.  Farris alleges that Defendant Patrick Keane and Mike Funk were "Agency" PREA Coordinators.[3]   Defendants Felipe Zavala and Alan Pasley were back-ups to the Agency PREA Coordinators. It is unclear from the Amended Complaint whether Ashley, Johnson, Keane, Funk, Zavala, or Pasley worked at Logan.  Defendant Mark Delia

---

[1] Farris does not specifically allege that Defendants Keane, Funk, Zavala, and Pasley were employed by the Department or that these Defendants acted under color of law.  First Amended Complaint, ¶¶ 16-19. In contrast, Farris specifically alleged that all other individual Defendants except Defendant Rude were employed by the Department, and that all the other individual Defendants, including Rude, acted under color of law.  Id. ¶¶ 7, 10, 12, 14, 21, 22, and 24.  The reason for the distinction is unclear to the Court. The Illinois Attorney General represents Defendants Keane, Funk, Zavala, and Pasley and identifies them as employees of the Department.  See e.g., Third Motion for Extension of Time to Respond to Plaintiff's Discovery Requests (d/e 89), at 1.  The Court, therefore, identifies Keane, Funk, Zavala, and Pasley as Department employees.

[2] Charron denies this allegation.  Answer and Affirmative Defenses to First Amended Complaint (d/e 54) (Individual Department Defendants' Answer), ¶ 10.

[3] Amended Complaint ¶ 16.  The term "Agency" is not defined in the Amended Complaint.  Keane also denies that he was the Agency PREA Coordinator in December 2015.  Individual Department Defendants' Answer, ¶ 16.

was the Chief of Investigations and Intelligence at Logan.  Defendant Jeff

Gabor was a Case Investigator at Logan.  Defendants Kohlrus, Jasmin

Woolfolk, Matthew Mitchey, James Barry, William Lemon, Alex Adams, A.

Ahart, Sean Whelton, Laura Jackson, Jose Rivera, William Roberts, James

Davis, Jennifer Billington, Zachary Sapp, and Dillion Kearney were

Correctional Officers at Logan at the time of the Rape.  Defendants

Lieutenant Snyder, Major Locke, and Correctional Officer Jones worked at

the Decatur Correctional Center (Decatur) in May of 2016.  Amended

Complaint, ¶¶ 7-24.[4]  Farris was housed at Decatur at this time.

Farris alleges several claims under 42 U.S.C. § 1983 against the

individual Defendants.  Farris alleges that Kohlrus violated her rights to be

free from cruel and unusual punishment and her rights to due process

when he raped her.  Farris alleges that the Individual Defendants violated

her rights by committing one or more of the following tortious acts:

establishing policies that caused Kohlrus to commit the Rape; being

deliberately indifferent to Kolhrus' actions, thereby allowing Kohlrus to

commit the Rape; conspiring with Kohlrus to deprive Farris of her rights;

deliberately deciding not to stop Kohlrus from committing the Rape;

establishing a policy that caused other Defendants to retaliate against her

---

[4] Farris does not allege the first names of Snyder and Jones in the Amended Complaint.

for reporting the Rape; and retaliating against her for reporting the Rape. Some of the alleged retaliation occurred at Decatur after she was transferred there in May 2016. First Amended Complaint, Counts I-VII.

Farris also alleges that Defendant Illinois Department of Corrections (Department) violated her rights under the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794(a). Farris alleges that the Department violated her rights by not allowing her to participate in the Impact Incarceration Program (Boot Camp) program because she was a qualified person with a disability. First Amended Complaint, Counts VIII-IX.[5]

Farris also alleges three state law claims against Kohlrus for assault, sexual abuse, and intentional infliction of emotional distress. First Amended Complaint, X-XII.

All claims against Kohlrus are stayed pending the resolution of the criminal case against him. Text Order entered September 25, 2018. Defendant Jackson failed to respond when she was served. The Court issued an Entry of Default against Defendant Laura Jackson on October 5, 2018. A motion for default judgment against Jackson (d/e 97) is pending.

---

[5] Farris also names John Baldwin, Acting Director of the Department in the caption of the Amended Complaint, but does not allege any claims against him. The docket also does not show that he was served or that he waived service.

On June 8, 2018, Farris propounded interrogatories and requests to produce on the Defendants except Kohlrus. On July 6, 2018 and August 8, 2018, the Department, the individual Defendants except Kohlrus, Jackson, and Rude (Individual Department Defendants), and Defendant Rude jointly asked for extensions of time to respond (d/e 69 and 76). On August 30, 2018, Farris filed her first Motion to Compel (d/e 80). On September 21, 2018, the Department and the Individual Department Defendants (collectively the Department Defendants) asked for a third extension of time. On October 3, 2018, the Court held a hearing on pending matters. On October 5, 2018, the Court entered a Revised Scheduling Order (d/e 92). The Revised Scheduling Order directed all parties to respond to written discovery requests within 30 days of entry of the order. Revised Scheduling Order, ¶ 3.

On November 5, 2018, the Department Defendants filed their fourth request for an extension of time to respond to Farris' discovery requests (d/e 101). On November 6, 2018, Farris filed Motion 102. Farris asked the Court to deny the request for additional time, rule that all of the Department Defendants' objections to her discovery requests were waived, order the Department Defendants to respond in full to the discovery request, and award her fees and expenses. The Court gave the Department Defendants

until November 15, 2018 to file their discovery responses and reserved on the remainder of Motion 102. <u>Text Order entered November 6, 2018</u>.

On November 15, 2018, the Department Defendants produced their discovery responses except for answers to interrogatories by Defendants Ashley and Zavala and verifications of interrogatory answers by several of the Department Defendants. The Department Defendants asked for a fifth extension of time (d/e 106) to produce the answers to interrogatories by Defendants Ashley and Zavala. On November 29, 2018, Farris filed Motion 108. On December 4, 2018, the Department Defendants produced the interrogatory answers of Defendants Ashley and Zavala. <u>Interrogatory Responses</u>, Exs. 3 and 27, <u>Interrogatory Response of Ashley and Zalava</u>. Farris asks the Court to rule that the Department Defendants waived all objections to the discovery requests and order the Department Defendants to respond in full.

<u>ANALYSIS</u>

The federal discovery rules are to be construed broadly and liberally. <u>Herbert v. Lando</u>, 441 U.S. 153, 177 (1979); <u>Jeffries v. LRP Publications, Inc.</u>, 184 F.R.D. 262, 263 (E.D .Pa. 1999). Federal Rule of Civil Procedure 26(b)(1) provides that, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party and

proportional to the needs of the case . . . ."  The party opposing discovery

has the burden of proving that the requested discovery should be

disallowed.  Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan.

1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., 132

F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country

Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

District Courts have broad discretion in discovery matters.  Packman

v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir. 2001).  The Court may

limit the frequency or extent of discovery if:  the discovery is unreasonably

cumulative, duplicative, or can be secured from a more convenient and less

expensive source; the party seeking discovery has had ample opportunity

to conduct discovery; or if the proposed discovery is outside the scope

permitted by Rule 26(b)(1).  Fed. R. Civ. P. 26(b)(2)(C).

In considering the Farris' Motions, the Court notes that verifications

are missing from some answers to interrogatories.  The Court orders the

Department Defendants to provide to Farris proper verifications of all

answers to interrogatories as required by the Rules by February 8, 2019.

The Court also notes that the Department Defendants otherwise

responded to most of Farris' discovery requests.  Farris propounded

interrogatories to each Department Defendant that contained the same or

similar interrogatories.  The Department Defendants consistently answered the interrogatories, except for five of these same or similar interrogatories (Disputed Interrogatories).  The Department Defendants produced responsive documents to all but 10 document requests (Disputed Requests).  Farris' request that the Court find that the Department Defendants' objections are waived is moot except as to the Disputed Interrogatories and the Disputed Requests (collectively Disputed Discovery).  The Disputed Discovery requests are the only discovery requests at issue at this time.

Upon careful review of the parties' filings and in the exercise of its broad discretion over discovery matters, the Court finds that the Department Defendants did not waive their objections to the Disputed Discovery.  Farris sued the Department and 29 of its current and former employees.  Preparing the responses of the Department Defendants took time.  The Department Defendants consistently sought permission from the Court to extend the response time.  On October 5, 2018, the Court directed the Department Defendants to complete the discovery responses by November 5, 2018.  The Department Defendants requested an additional extension, and the Court gave them until November 15, 2018. The Department Defendants produced most of the responses by that date.  The

last two interrogatory answers were delivered a month late on December 4, 2018. The Court finds that the Department Defendants were slow in responding to discovery, but still responded. The waiver of objections will impose a serious burden on the Department Defendants because several of the Disputed Discovery requests are overly broad and not proportional to the needs of the case. The Court, in its discretion, determines that the Department Defendants' objections to the Disputed Discovery are not waived.

The Court addresses each item of Disputed Discovery below.

<u>DISPUTED INTERROGATORIES</u>

<u>Interrogatory 3</u>

Interrogatory 3 propounded to each Individual Department Defendant asks for information about all "Complaints" against the Individual Defendants who were Correctional Officers at Logan. Farris defined the term "Complaint:"

> "Complaint" shall refer to any complaint, grievance, lawsuit, or criticism relating in any manner to the job performance of any Defendant, regardless of the disposition of any resulting inquiry or investigation (e.g. (un)sustained, (un)founded, or any other disposition). This includes but is not limited to any personnel or disciplinary matters, any formal or informal, written or unwritten grievances, and any legal proceedings.

<u>Discovery Definitions and Instructions</u>, <u>Definitions</u> ¶ 10.[6]  Farris formulated

the Interrogatories seeking information about Complaints differently

depending on the Individual Department Defendant's position at the

Department.  Interrogatory 3 propounded to Department Defendants

Adams, Ahart, Barry, Billington, Davis, Jones, Kearney, Lemon, Locke,

Mitchey, Rivera, Roberts, Sapp, Snyder, Whelton, and Woolfolk asked:

> 3.  Please state whether there have ever been any Complaints
> made against you (including Plaintiff's Complaint or any other
> Complaints that may remain pending), including, but not limited
> to, any and all Complaints made by an inmate in the custody of
> the IDOC.  For all Complaints responsive to this Interrogatory,
> please provide the Complaint number and other identifying
> information, and describe your understanding of the disposition
> of each Complaint alleged against you.

<u>Plaintiff's Response to Court's December 17, 2018 Order (d/e 112)</u>

<u>(Interrogatory Answers)</u>, Exhibit 1, <u>Defendant Adams' Response to</u>

<u>Interrogatories</u>, ¶ 3.  Interrogatories propounded to Defendants Ashley,

Charron, Delia, Funk, Gabor, Johnson, Keane, Pasley, and Zavala asked:

> 3.  Please state whether there have ever been any Complaints
> made against your (sic) or any Individual Defendant, including,
> but not limited to, any and all Complaints made by an inmate in
> the custody of the IDOC.  For all Complaints responsive to this
> Interrogatory, please provide the Complaint number or other
> identifying information, and describe your understanding of the
> disposition of each Complaint.

---

[6] Farris incorporated by reference into each set of interrogatories the definitions and instructions from her request for production of documents.

<u>Interrogatory Answers</u>, Exhibit 3, <u>Defendant Ashley's Response to</u> <u>Interrogatories</u>, ¶ 3.  Interrogatory 3 propounded to The Defendant Department and Individual Department Defendant Brannon asked:

> 3.  Please state whether there have ever been any Complaints made against any Individual Defendant, including, but not limited to, any and all Complaints made by an inmate in the custody of the IDOC.  For all Complaints responsive to this Interrogatory, please provide the Complaint number or other identifying information, and describe your understanding of the disposition of each Complaint.

<u>Interrogatory Answers</u>, Exhibit 6, <u>Defendant Brannon's Response to</u> <u>Interrogatories</u>, ¶ 3.  The Department Defendants object to these interrogatories, inter alia, as being overly broad and not proportional to the needs of the case.

The Court sustains the objections in part.  The three versions of Interrogatory 3 are overly broad in that they are not limited to (1) complaints related either to sexual activity or retaliation for reporting sexual activity, and (2) complaints about the treatment of inmates at Logan.[7]  The Court modifies each version of Interrogatory 3 and requires the Department Defendants to provide answers concerning Complaints against each Individual Defendant made from December 4, 2010 to December 31, 2015

---

[7] The instructions incorporated into the Interrogatories limited the questions to Complaints from December 4, 2010 to the end of the litigation.  <u>Discovery Definitions and Instructions</u>, <u>Instructions</u> ¶ 10.

which involve (1) sexual activity with inmates at Logan, or (2) retaliation against inmates at Logan for reporting sexual activity. Farris' definition of Complaints, quoted above, applies except to the extent inconsistent with the Court's limitations set forth in the preceding sentence.

Farris is bringing § 1983 claims against the Individual Department Defendants for each such Defendant's involvement in the Rape or the subsequent retaliation for reporting the Rape. Farris must show that each Individual Defendant was personally involved in violating her constitutional rights in connection with the Rape or the retaliation. See Colbert v. City of Chicago, 851 F.3d 649, 657 (7th Cir. 2017). Discovery of complaints that an Individual Department Defendant sexually assaulted an inmate or retaliated against an inmate who reported such an assault may be relevant or lead to relevant evidence about that Defendant's intent with respect to sexual assaults of prisoners or retaliation, including the Rape and retaliation against Farris.

Farris also alleges that Defendants Brannon, Charron, Ashley, Johnson, Keane, Funk, Zavala, and Pasley (Policy Defendants) knew that policies and procedures at Logan caused the Rape and the retaliation. Amended Complaint, Counts III and VI. To prevail on such a claim with respect to the Policy Defendants, Farris must show that: (1) each

implemented policies and procedures at Logan that created a substantial risk that the Rape and retaliation would occur; (2) each personally knew that such policies and procedures at Logan created a substantial risk that the Rape and retaliation would occur; and (3) each acted with a sufficiently culpable state of mind, "[I]t is enough to show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk." Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011) (quoting Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)). Complaints about sexual assaults on inmates, or retaliation against an inmate for reporting such sexual assaults, could be relevant evidence or lead to relevant evidence of the elements of this claim. Such complaints, for example, might lead to evidence of the existence of the alleged policies and procedures, and may lead to evidence of the personal knowledge of a Policy Defendant of the effect of the alleged policies and procedures or the intent of a Policy Defendant with respect to such policies and procedures. The Court, in its discretion, modifies these three quoted versions of interrogatory 3 to limit the answers as set forth above.

This interrogatory is appropriately further limited to complaints about inmates at Logan since the Rape occurred at Logan. Five years of

Complaints from December 4, 2010 to December 31, 2015 is also more than sufficient to discover relevant evidence.

Interrogatory 7 or 8

Farris posed the following interrogatory to each Department Defendant. Farris numbered the Interrogatory either 7 or 8 in each set of Interrogatories.

> 8. For each Affirmative Defense pled in this matter, please describe the entire factual basis or bases supporting those defenses. The information sought by this Interrogatory is not a mere recitation of the statutory sections involved. Plaintiffs request that you provide a detailed description of every fact and legal basis on which any defense, such as immunity, for example, is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For instance, if there is any physical, documentary, or testimonial evidence which supports any such defense, please identify it specifically.

Interrogatory Answers, Exhibit 1, Defendant Adams' Response to Interrogatories, ¶ 8.

Farris may propound contention interrogatories such as this one. See Scandaglia v. TransUnion Interactive, Inc., 2010 WL 317518, at *4 (N.D. Ill. January 21, 2010). The Court modifies Interrogatory 8 to require Department Defendants to provide a sufficient answer to these interrogatories. A sufficient answer shall set forth a general statement of the legal and factual basis on which each defense rests and shall disclose

any documents or other evidence not already produced in discovery that Defendants intend to use to prove each defense.  Id.  The Court may also direct that such interrogatories need not be answered until designated discovery is complete, or until a pretrial conference or some other time. Fed. R. Civ. P. 33(a)(2).  The Court directs the Department Defendants to provide their answers to the quoted interrogatory 14 days before the close of fact discovery.  If, after reading the answers, Farris believes she needs to conduct additional discovery she may file a motion before the close of discovery showing good cause to extend discovery.

Interrogatory No. 10

Farris propounded the following Interrogatory No. 10 to each Individual Department Defendant:

> 10.  Is there any possibility that you will present testimony or any other evidence at trial relating to your finances or inability to pay punitive damages?  If so, please estimate your net financial worth (in dollars).  Additionally, please describe how that net worth has been calculated, including your yearly salary, and list any and all assets of value in excess of $2,500 (including any ownership of stock or mutual funds).

Interrogatory Answers, Exhibit 1, Defendant Adams' Response to Interrogatories, ¶ 10.  Farris may be entitled to recover punitive damages against an Individual Department Defendant if she can prove that such a Defendant acted with malice or reckless indifference toward Farris' rights.

See EEOC v. AutoZone, Inc., 707 F.3d 824, 835 (7th Cir. 2013); Hardy v. City of Milwaukee, 88 F.Supp.3d 852, 860 (E.D. Wis. 2015). The wealth of each Individual Department Defendant may be relevant to the question of the amount of punitive damages. See In re Aqua Dots Products Liability Litigation, 270 F.R.D. 322, 324-27 (N.D. Ill. 2010). Providing personal financial information, however, would impose a serious burden on each Individual Department Defendant. The Court therefore will require Individual Department Defendants to answer the quoted Interrogatory No. 10 after the Court rules on motions for summary judgment or after the expiration of the dispositive motions deadline if no dispositive motion is filed on behalf of an Individual Department Defendant. Within 21 days after the entry of an order by the District Court denying any Individual Department Defendant's dispositive motion on at least one claim for which punitive damages may be recovered or the expiration of the dispositive motion deadline if no dispositive motion is filed by any Individual Department Defendant, each such Individual Department Defendant must answer Interrogatory 10. During this 21-day period, any such Individual Defendant may file a motion for protective order if he or she believes that the evidence presented at summary judgment indicates that punitive damages would not be appropriate. In this way, only Individual Defendants who are actually

going to trial and are at risk for liability for punitive damage will be required to answer the interrogatory and, potentially, produce this confidential information. The answers to this Interrogatory will be Confidential and subject to the Protective Order entered November 8, 2018 (d/e 104) (Protective Order).

Interrogatory 13

Farris propounded the following Interrogatory 13 to Defendants Charron, Funk, Gabor, Johnson, Keane, and Zavala:

13. Do you contend that Plaintiff was a victim of Kohlrus' rape on December 28, 2015?

Interrogatory Answers, Exhibit 7, Defendant Charron's Response to Interrogatories, ¶ 13. These Individual Department Defendants objected on the grounds that the interrogatory was unclear and confusing as written. These Individual Department Defendants noted that Farris defined the word "rape" to mean "Defendant Kohlrus' acts of sexual misconduct against Plaintiff in the laundry room at Logan Correctional Center on December 28, 2015." Id.

The Department Defendants' objections to this interrogatory is sustained. These Defendants admitted that the Department's investigation established that Kohlrus had sexual intercourse with Farris on December 28, 2015. See Individual Department Defendants' Answer, ¶¶ 1, 34. If so,

Kohlrus committed a Class 3 felony under Illinois law by engaging in such

sexual intercourse. 720 ILCS 5/11-9.2(a). By definition, Farris would have

been the victim of that crime. Given the Individual Department Defendants'

Answer, Farris already knows that these Defendants acknowledge that the

Department's investigation concluded that Farris was a victim of Kohlrus'

crime. The Interrogatory does not clearly explain what additional

information is sought. The Court sustains the objection.

Interrogatory 15

Farris asked the following Interrogatory 15 to Defendant Brannon and

the Department:

> 15. Identify each and every individual with any supervisory
> authority over Defendants Woolfolk, Mitchey, Barry, Lemon,
> Adams, Ahart, Whelton, Jackson, Rivera, Roberts, Davis, Sapp,
> Billington, Kearney, and Kohlus (sic) (whether a direct
> supervisor, such as a sergeant, or an indirect supervisor, such
> as the superintendent, captain, head of IAD, etc.) who learned
> that Defendant Kohlrus was accused of having sexual contact
> with Plaintiff, and state the name and star number of the
> individual(s) who learned this information, what exactly they
> learned, how they learned it, when they learned it, and any
> actions or steps they took upon learning this information.

Interrogatory Answers, Exhibit 6, Defendant Brannon's Responses to

Interrogatories, ¶ 15. The Department Defendants object on the grounds

that the request is overly broad and not proportional to the needs of the

case. The Department Defendants state that the request would require

interviewing all personnel with any supervisory authority and without respect to any timeframe.

The Court sustains the objection. Requiring interviews of every person with any supervisory authority who learned at any time of Farris' accusation against Kohlrus is overly broad and unduly burdensome and not proportional to the needs of the case. The Interrogatory would require an interview of such personnel even if the employee did not find out that Kohlrus was accused of having sexual contact with Farris until Farris filed this lawsuit. Moreover, Farris does not allege retaliation claims against any Logan Correctional Officers or any Logan Correctional Officer supervisory personnel other than Brannon. <u>See</u> <u>Amended Complaint</u>, Count VII. The request is not proportional to the needs of the case. The request seems to be little more than a fishing expedition not calculated to find relevant evidence. The objection is sustained. Farris can depose Defendant Brannon to find out what he knew and did.

<u>DISPUTED REQUESTS</u>

<u>Request No. 5</u>

Request No. 5 asks for:

5. Plaintiff's full and complete Master File or prisoner/inmate file.

Defendants object that the request is overly broad and unduly burdensome.  Defendants, however, state that they "are willing to produce relevant and specific portions of Plaintiff's IDOC master file, subject to safety and security concerns . . . ."  <u>Motion 108</u>, Exhibit B, <u>Department Defendants' Responses to Plaintiff's First Set of Requests for Production of Documents (Production Response)</u>, at 4.  The Department Defendants have legitimate security concerns for producing the entire master file, and much of the master file is not relevant to the alleged Rape or retaliation.  Some of the file may be relevant, however.  The Court, therefore, sustains the objection in part.  The Court directs the parties to meet and confer to agree on the portions of Farris' master file that is relevant for discovery purposes and agree on the method of production that meets the Department Defendants' legitimate security concerns.  If the parties cannot agree, Farris may renew this motion, which renewed motion must make a more precise request that identifies the areas of disagreement specifically.  Such renewed motion must be filed within the time allowed under the Revised Scheduling Order for filing discovery motions.  <u>Revised Scheduling Order entered October 5</u>, 2018, ¶ 7.

Request No. 10

Request No. 10 asks for, in part:

> 10.  All Documents containing or memorializing Communications of any kind made between December 4, 2015 and the present relating to:  (a) Jacqueline Farris, (b) The Sexual Assault and Rape of Plaintiff, and/or (c) Plaintiff's Complaint. . . .

Production Response, at 6.  Defendants produced responsive documents but withheld a one-page document Bates stamped 364 on a claim of attorney-client privilege.  The parties have not addressed this claim of privilege in their filings.  The Court, therefore, sustains the claim of privilege at this time without prejudice to Farris challenging the claim of privilege at a later day.  Such a challenge must be filed within the time allowed under the Revised Scheduling Order for filing discovery motions.  Revised Scheduling Order entered October 5, 2018, ¶ 7.

Request No. 11

Request No. 11 asks for:

> 11.  Full and unredacted copies of insurance policies, contracts, or indemnification agreements, including any collective bargaining agreements, that could or might provide coverage to any of the Defendants for any of the allegations in Plaintiff's Amended Complaint.

Production Response, at 7.  The Department Defendants object on relevance grounds.  The Department Defendants further state, "Defendants

are state employees who are sued for actions relevant to their employment. Accordingly, defendants may be indemnified pursuant to the State Employee Indemnification Act, 5 ICLS 350/0.01 *et seq.*" Id. The objection is overruled. The Department Defendants were required to produce insurance or indemnification agreements that may cover their potential liability. Fed. R. Civ. P. 26(a)(1)(A)(iv). The Department Defendants should have already produced such documents or stated that none exist. If the Department so stated in their Rule 26(a)(1) disclosures, they can refer Farris to that response. If not, the Department Defendants should produce the requested documents or clearly state that no such policies or agreements exist.

Request No. 17.

Request No. 17 asks for:

17. All files maintained by IDOC on each Individual Defendant, including a complete personnel file, disciplinary history, and employee complaint history.

Production Response, at 9. The Department Defendants object that the information is confidential by state and federal statute and the request is overly broad in time and scope and seeks irrelevant evidence. Farris brings federal claims against the Defendants. Federal law and federal privileges, therefore, control. Northwestern Memorial Hospital v. Ashcroft,

362 F.3d 923, 925 (7th Cir. 2004). The Department Defendants' objection based on state law is overruled.

The Department Defendants also objected based on federal grounds. The Department Defendants cited a federal statute governing disclosure information sought by the request. Pub. L. No. 105-277, § 127 (1999). The statute cited permits disclosure if made pursuant to a court order. Id. The Court, therefore, may order production.

The Court, however, agrees with Department Defendants that the request is overly broad and not proportional to the needs of the case. Farris asks for all files without any restrictions on the types of information. See Verser v. Ruiz, 2009 WL 3381009, at *2 (C.D. Ill. October 14, 2009). The request also has no stated time limit. Under Farris' Instructions, therefore, this Request seeks documents from December 4, 2010 to the end of this litigation. Discovery Definitions and Instructions, Instruction ¶ 10.

The Court, in its discretion, sustains the objection in part, modifies the request, and directs the Department Defendants to produce all records of disciplinary reports and dispositions for each Individual Department Defendant from January 2010 to December 31, 2016. Disciplinary reports may lead to relevant evidence. For example, such reports may lead to

relevant evidence on policies and procedures at Logan.  Such reports may

also lead to relevant evidence about an Individual Department Defendant's

attitude toward treatment of inmates and inmate complaints.  The

documents produced in response to this Request, as modified by the Court,

are Confidential and subject to the Protective Order.

<u>Request 21</u>

Request 21 asks for:

> 21. All Documents sufficient to identify any and all databases
> (defined here as collections of electronically stored information)
> that have been used or maintained by IDOC within the last ten
> years containing information accessible by computer that
> record, track, inventory, or compile information regarding
> civilian complaints against IDOC correctional officers. For each
> such database, please produce Documents sufficient to identify
> the name or title of the database, the purpose of the database,
> the types or categories of information inputted into the
> database, the period of time covered by the information in the
> database, the size of the database, and the name(s) of the
> applications/software  that use the database.

<u>Production Request</u>, at 11.  The Department Defendants object that the

request is overly broad, seeks irrelevant information, and is not proportional

to the needs of the case.  The Court agrees and sustains the objections.

The request asks to identify databases used to track electronically stored

information about complaints about all correctional officers throughout the

Department's facilities and operations.  This case concerns the actions of

correctional officers at Logan and Decatur.  The request is clearly overly

broad and is not proportional to the needs of the case.

Request 22

Request 22 asks for:

22. All Complaints relating to an allegation of unwanted sexual
contact (e.g., rape, sexual assault) by a correctional officer
against an inmate, where such Complaint was made at any
time between December 1, 2010 through December 31, 2015.
This request includes but is not limited to documents that reflect
(a) whether the Complaints were investigated, and if so, by
whom ; and (b) the  disposition  of any  such  investigation,
whether  ultimately  deemed  (un)sustained, (un)founded, or
any other finding.

Production Request at 11-12.  The Department Defendants objected on the

grounds that the request was overly broad, sought irrelevant information,

and was not proportional to the needs of the case.  The Department

Defendants also objected on the grounds that production would chill future

complaints by inmates and because the production would disclose

confidential medical information about other inmates.

The Court agrees that the request is overly broad and not

proportional to the needs of the case.  The Court, in its discretion, modifies

the request and directs the Department Defendants to produce documents

relating to complaints of unwanted sexual contact by a correctional officer

on an inmate at Logan from December 1, 2010 to December 31, 2015.

This information may lead to evidence relevant to the claims against the Policy Defendants regarding the existence of a policy that caused the Rape or the retaliation. The material produced in response to this Request, as modified by the Court, will be Confidential subject to the Protective Order. The Protective Order alleviates the chilling effect of production.

Request 23

Request 23 asks for:

23. All Documents related to the 16 staff-on-offender allegations of sexual abuse that are identified on Bates PL 17, including but not limited to witness statements, records created pursuant to PREA, incident reports, investigation reports and notes, videos or audio recordings of interviews, medical records, collected evidence, forensic and other testing records and results (DNA or otherwise), police reports, handwritten notes, Communications, scene photographs, photographs of Plaintiff or other witnesses, audio recordings, and video recordings.

Production Request, at 12. The Department Defendants object because the request is vague, overbroad, seeks irrelevant information, unduly burdensome, and not proportional to the needs of the case. The Department Defendants also object because the information is confidential, and disclosure will chill reporting under PREA. The Court sustains the objection because the request is overbroad and not proportional to the needs of the case. The response to Request 22, as modified by the Court, will provide necessary information about other complaints of unwanted

sexual contact.  The request is cumulative and not proportional to the needs of the case.

Request 26

Request 26 asks for:

26.  All Reports of Unusual Incidents that were sent to the John Howards Association regarding staff-on-offender (a) sexual abuse; and (b) use of excessive force from December 1, 2010 through December 31, 2105.

Production Response, at 13.  The Department Defendants object on the grounds that the request is vague, overbroad, seeks irrelevant information, unduly burdensome, and disproportional to the needs of the case.  The Court sustains the objection.  The request is vague because Farris does not define the term "Unusual Incidents."  See Discovery Definitions and Instructions.  The request is further not limited to events that occurred at Logan.  The request is vague, overly broad, and not proportional to the needs of the case.

Request 27

Request 27 asks for:

27. For the time period of December 1, 2010 through December 31, 2015, please produce any and all Documents reflecting or relating to any instance in which any member or unit of the Illinois Department of Corrections and/or Logan Correctional Center has investigated or disciplined a correctional officer for failing to report misconduct that was or may have been committed by a fellow officer.

Production Response, at 13.  The Department Defendants object on the grounds that the request is overbroad and not proportional to the needs of the case.  The Court sustains the objection in part.  The request is not limited to investigation or discipline of a correctional officer at Logan and also is not limited to circumstances in which a correctional officer at Logan failed to report possible officer-on-offender sexual misconduct.  Other types of misconduct are not relevant and misconduct at other facilities is not relevant.  The Court modifies the request and directs defendants to produce non-privileged documents relating to any investigation or discipline of any correctional officer at Logan for failing to report officer-on-offender sexual misconduct that may have occurred at Logan from December 4, 2010 to December 31, 2015.

Request 30

Request 30 asks for:

30. To the Individual Defendants: if you responded to Interrogatory No. 10 in any way other than an absolute denial, please produce all Documents relating to your net worth including, but not limited to, the following:
a. All Documents relating to any assets in your possession with a value in excess of $2,500.
b. Copies of all monthly statements for the period of December 4, 2015 through the present for all bank accounts, retirement accounts, stocks, bonds, mutual funds, and/or securities in which you have any ownership interest.

c. Copies of any insurance policies in which you are either the beneficiary or have any other ownership interest.

d. A copy of the deed to your residence . If you do not own your home, please produce a copy of a current lease.

e. A copy of the title to your automobile(s) , as well as a copy of all documentation relating to financing, ownership, and any equity you may have in said automobile(s).

f. All Documents relating to any ownership interest in any real estate, including copies of any deeds or titles.

g. A copy of your last four pay stubs relating to your employment in which you are engaged, including but not limited to the Illinois Department of Corrections.

h. All Documents relating to any mortgage applications signed by you in the past four years.

i. Copies of your last three state and federal tax returns.

Production Response, at 14.   The Department Defendants object on the grounds that the request is premature, overbroad, and not proportional to the needs of the case.  The Court sustains the objection.  Those Individual Department Defendants who remain in the case after summary judgment is decided, or after the expiration of the dispositive motions deadline without the filing of a dispositive motion, will answer Interrogatory 10 unless the Court allows a request for a protective order because the evidence shows punitive damages would not be appropriate.  The answers to Interrogatory 10 will provide a detailed statement of the net worth of the Individual Department Defendants who may be subject to punitive damages claims. The answers to that interrogatory under oath will be proportional to the needs of the case and sufficient for issues related to Farris' claims for

punitive damages.  Producing masses of private financial information is not necessary and not proportional to the needs of the case.  The objection is sustained.

## ATTORNEY FEES

The Court reserved on Farris' request for attorney fees and expenses incurred in filing Motion 102.  Farris also seeks attorney fees and expenses in filing Motion 108.  The Court has now allowed these Motions in part, and so, has discretion to apportion fees and expenses.  Fed. R. Civ. P. 37(a)(5)(C).  In this case, Court determines that the Department Defendants should pay Farris her fees and expenses for filing Motions 102 and 108.  The Department Defendants reasonably needed additional time to prepare discovery responses but requiring five extensions of time from July to November was not reasonable.  Even then, the Individual Department Defendants did not provide required verifications to answers to interrogatories.  The Court is further convinced that the discovery would not have been completed in November 2018 without the pressure supplied by Farris' Motions.  Under these circumstances, Farris should be awarded her fees and expenses.  The Court directs Farris to file a statement of the fees and expenses incurred in filing Motion 102 and Motion 108 by February 22,

2019.  The Department Defendants are given until March 22, 2019, to respond to the statement of fees and expenses.

THEREFORE, IT IS ORDERED that Defendants' Fifth Motion for Extension of Time to Respond to Plaintiff's Discovery Requests (d/e 106) is DENIED as moot; and Plaintiff's Third Motion to Compel Discovery Responses and Response to Defendants' Fifth Motion for Extension of Time (d/e 108) and the matters reserved by the Court from Plaintiff's Second Motion to Compel Defendants to Participate in Discovery and to Enforce this Court's October 5, 2018 Order (d/e 102) are ALLOWED in part.  The Department Defendants are directed to provide any missing verifications of answers to interrogatories by February 15, 2019.  The Department Defendants are ordered to produce the additional discovery responses called for in this Opinion by February 28, 2019.  The Court further ALLOWS Plaintiff's requests for fees and expenses incurred in filing her Motions as stated above.  The Court directs Plaintiff to file a statement of the fees and expenses incurred in filing her two Motions at issue by February 22, 2019.  The Department Defendants are given until March 22, 2019, to respond to the statement of fees and expenses.

The existing Revised Scheduling Order (d/e 92) in this case provides that fact discovery is to be completed on or before March 1, 2019, and that

the parties have until April 1, 2019 to complete expert discovery.  Given the necessity to resolve the numerous discovery disputes between the parties, it appears to the Court that the existing scheduling deadlines are unrealistic and, probably, untenable.  Consequently, the Court orders the parties to confer and present a revised discovery schedule to the Court on or before February 28, 2019.

ENTER:   January 29, 2019

_s/ Tom Schanzle-Haskins_

TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE