IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JACQUELINE FARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 17-3279-SEM-TSH |
| | ) | |
| ERIC KOHLRUS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PARTIAL OBJECTION TO MAGISTRATE JUDGE'S JANUARY 29, 2019 ORDER**

Defendants, Alex Adams, Addison Ahart, Norine Ashley, James Barry, Jennifer Billington, Christine Brannon, Clara M. Charron, James Davis, Mark Delia, Mike Funk, Jeffrey Gabor, Illinois Department Of Corrections, Lisa Johnson, Travis Jones, Patrick Keane, Dillion Kearney, William T. Lemon, Angela Locke, Matthew Mitchey, Alan Pasley, Jose Rivera, William Roberts, Zachary Sapp, Trina Snyder, Sean Whelton, Jasmin Woolfolk, and Felipe Zavala, through their attorney, Kwame Raoul, Attorney General for the State of Illinois, pursuant to Federal Rule of Civil Procedure 72 and Local Rule 72.2(A), respectfully object to portions of Magistrate Judge Schanzle-Haskins's January 29, 2019 Order (doc. 117) and submit the following memorandum of law in support of their objection:

**INTRODUCTION**

On January 29, 2019, Magistrate Judge Schanzle-Haskins entered an order granting in part and denying in part motions to compel filed by Plaintiff concerning Defendants' responses to Plaintiff's discovery requests. (Doc. 117.) Defendants object to this order in part. Magistrate Judge Schanzle-Haskins erred by allowing Plaintiff attorney's fees and costs for filing her motions to compel, erred by not limiting the definition of Complaints in Interrogatory 3 and Request 22 directed to Defendants, and erred by ordering production of protected information of offenders

who claimed to have been sexually assaulted. For the reasons that follow, the Court should sustain Defendants' objections and modify Magistrate Judge Schanzle-Haskins's January 29, 2019 Order.

## STANDARD OF REVIEW

When a party makes a timely objection to a magistrate judge's decision on a non-dispositive matter, the district judge must consider the objection and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a).

## OBJECTIONS AND ARGUMENTS

1. **Award of Attorney's Fees and Costs**

Magistrate Judge Schanzle-Haskins erred in allowing Plaintiff attorney's fees and costs in bringing her motions to compel because the Federal Rules of Civil Procedure do not provide for attorney's fees when a motion to compel is granted in part and denied in part. Under Rules 37(a)(5)(A) and (B), it is clear that if a motion to compel is granted or if a motion to compel is denied, in full, the court may award reasonable expenses, "including attorney's fees." Rule 37(a)(5)(C) concerns motions to compel that are granted in part and denied in part—the situation here—and does not explicitly allow for attorney's fees. Since subsection C—unlike subsections A and B—does not explicitly allow for attorney's fees, it follows that the intent of this subsection was to allow for an apportionment of reasonable expenses and not attorney's fees. The United States District Court for the District of Maryland has come to the same conclusion:

> Although Defendant is the prevailing party and Rule 37(a)(5)(C) gives the Court discretion to award *expenses,* the Court cannot award any monetary amount in this situation. Rule 37(a)(5)(C) states that a court "may, after giving an opportunity to be heard, apportion the reasonable *expenses* for the motion" (emphasis added). The Rule permits awarding "expenses," not "attorney's fees" as it does explicitly in subsections (A) and (B).
>
> In practice, there is a difference between expenses and attorneys' fees. "Attorneys' fees" pertains to fees paid to attorneys for their time and services. "Expenses" are the additional costs such as filing, copying, travel, etc. Courts use these terms to indicate different monetary expenditures. This difference between expenses and

> attorneys' fees is also highlighted in the Rule itself. Subsections (A) and (B) specifically include "attorneys' fees" and subsection (C) does not. *Inclusio unius* (interpretation by negative implication) and plain-meaning interpretation of language are customary judicial tools for statutory interpretation. *See, e.g. Dean v. United States,* 129 S.Ct. 1849, 1853–54 (2009); *Bates v. United States,* 522 U.S. 23, 29–31 (1997); *Keene Corp. v. United States,* 508 U.S. 200, 208 (1993) (Courts have a "duty to refrain from reading a phrase into the statute when Congress has left it out. 'Where Congress includes particular language in one section of a statute but omits it in another ... it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.' ") (internal citations omitted); *Clarke v. Harleysville Mut. Casualty Co.,* 123 F.2d 499, 502 (4th Cir.1941) ("It is the duty of the court to construe the statute as written and not indulge in interesting speculations as to what the statute might have been but was not."). *Cf. Gross v. FBL Fin. Serv., Inc .,* 129 S.Ct. 2343, 2349–50 (2009). Because the term "attorney's fees" is explicit in subsections (A) and (B) but not in (C), the Court must presume that attorneys' fees are not permissible "expenses" under subsection (C). The plain reading of the statute mandates this result.

*EEOC v. Bardon, Inc.*, 2010 WL 989051, at *3 (D. Md. Mar. 12, 2010). As discussed below, Defendants contend Plaintiff should not be awarded any expenses for bringing her motion, but the Court should also find that Rule 37(a)(5)(C) does not provide for an award of attorney's fees.

Even if the Court finds attorney's fees are available under Rule 37(a)(5)(C), the Court should modify Magistrate Judge Schanzle-Haskins's Order allowing attorney's fees and costs because Defendants substantially prevailed against Plaintiff's motions to compel. "In determining a reasonable apportionment of fees, the court will look to the relative degree of success of the party seeking fees." *Estate of Wright v. Forgey*, No. 2:13-CV-333-WCL-JEM, 2016 WL 2956699, at *2 (N.D. Ind. May 23, 2016). In her Motions, Plaintiff consistently sought a finding that Defendants waived their objections to her discovery requests. (Docs. 102 & 108.) Defendants acknowledge that it took a substantial amount of time to respond to discovery requests—directed to twenty-six individual defendants and the Illinois Department of Corrections. However, Defendants consistently requested extensions of time in responding to Plaintiff's discovery requests. Further, Magistrate Judge Schanzle-Haskins sustained most of Defendants' objections to the disputed discovery requests identified by the Court either in full or in part. Since Defendants substantially

prevailed in asserting proper objections to Plaintiff's discovery requests, the Court should sustain Defendants' objection to Magistrate Judge Schanzle-Haskins's Order and modify the Order to remove the allowance of attorney's fees and costs.

**2. The Impossibility of Plaintiff's Interrogatory 3.**

Magistrate Judge Schanzle-Haskins's Order is also erroneous because it imposes an undue burden on Defendants to respond to Plaintiff's Interrogatory 3. Interrogatory 3 to Defendants Brannon and IDOC states:

> Please state whether there have ever been any Complaints made against any Individual Defendant, including, but not limited to, any and all Complaints made by an inmate in the custody of the IDOC. For all Complaints responsive to this Interrogatory, please provide the Complaint number or other identifying information, and describe your understanding of the disposition of each Complaint.

(Doc. 117, 12.) Defendants Ashley, Charron, Delia, Funk, Gabor, Johnson, Keane, Pasley, and Zavala received a similar interrogatory that requests they state "whether there have ever been any Complaints against your (sic) or any Individual Defendant." (Doc. 117, 11.) Defendants objected to Plaintiff's Interrogatory 3 because it is overbroad in time and scope, irrelevant, and not proportional to the needs of this case. (Docs. 108-2, 12; 108-3, 3 & 18.) Defendants also objected to this Interrogatory because it is unduly burdensome. Plaintiff defined the term "Complaints" as:

> "Complaint" shall refer to any complaint, grievance, lawsuit, or criticism relating in any manner to the job performance of any Defendant, regardless of the disposition of any resulting inquiry or investigation (e.g. (un)sustained, (un)founded, or any other disposition). This includes but is not limited to any personnel or disciplinary matters, any formal or informal, written or unwritten grievances, and any legal proceedings.

(Doc. 117, 10.) As defined and written, Defendants cannot provide a complete response to Interrogatory 3. As described in their objections, grievances are maintained in each offender's individual master file and searching for all grievances concerning the individual defendants would pose an undue burden. (Docs. 108-2, 12; 108-3, 3 & 18.) To find and identify every grievance ever

written by any inmate of the Illinois Department of Corrections for the twenty-six defendants represented by the undersigned, Laura Jackson, Erik Kohlrus, and Amy Rude (in total, the 29 individual defendants), would result in an exhaustive search of the master files of every inmate in the custody of the IDOC from the start date of the defendant with the most seniority. Such a search would be impossible and, therefore, pose an undue burden on Defendants.

Magistrate Judge Schanzle-Haskins sustained Defendants' objection in part and ordered Defendants to identify Complaints against each Individual Defendant made from December 4, 2010,[1] to December 31, 2015, which involve: (1) sexual activity with inmates at Logan, or (2) retaliation against inmates at Logan for reporting sexual assault. (Doc. 117, 12–13.) The individual defendants can identify grievances against them to the extent they have personal knowledge of any responsive grievances. However, Defendants cannot conduct an exhaustive search of every inmate master file to identify grievances that concern any of the individual defendants[2] and then determine whether those grievances concern sexual activity with inmates at Logan or retaliation against inmates at Logan for reporting sexual assault. Logan Correctional Center has a reported total population of 1,659 offenders, with an operational capacity of 2,284 offenders, and serves as a reception and classification center for incoming IDOC offenders. *See* Logan Correctional Center, IDOC, https://www2.illinois.gov/idoc/facilities/Pages/logancorrectionalcenter.aspx (last visited Feb. 12, 2019). To comply with Plaintiff's Interrogatory 3 as modified by Magistrate Judge Schanzle-Haskins, Defendants would need to: (1) identify every inmate that resided at Logan Correctional Center from December 4, 2010, to December 31, 2015; (2) locate and collect each of

---

[1] The timeline for this interrogatory also poses issues. On information and belief, Logan Correctional Center housed male offenders until March of 2013 when it was changed to house only female offenders.

[2] The parties have agreed to stay discovery concerning Defendants Woolfolk, Mitchey, Barry, Lemon, Whelton, Rivera, Roberts, Davis, Sapp, Billington, Kearney, and Ahart, and it is believed these defendants may be removed from this lawsuit. However, even with this limitation, Defendants would need to search this unknown number of master files for grievances mentioning any of the 17 remaining individual defendants.

these inmates' master files; and (3) review all of the grievances in these files. This task is nearly impossible and would, therefore, pose an undue burden on Defendants. The Court should sustain Defendants objections and modify Magistrate Judge Schanzle-Haskins's Order to not require Defendants to search for all of these grievances.

   3. **The Impossibility of Request 22**

Magistrate Judge Schanzle-Haskins's Order is also erroneous because it imposes an undue burden on Defendants to respond to Plaintiff's Request 22 of Plaintiff's requests for production of documents. Request 22 asks for:

> All Complaints relating to an allegation of unwanted sexual contact (e.g., rape, sexual assault) by a correctional officer against an inmate, where such Complaint was made at any time between December 1, 2010 through December 31, 2015. This request includes but is not limited to documents that reflect (a) whether the Complaints were investigated, and if so, by whom ; and (b) the disposition of any such investigation, whether ultimately deemed (un)sustained, (un)founded, or any other finding.

(Doc. 117, 26.) Plaintiff's definition of Complaint as defined above also applies to this Request. As with Plaintiff's interrogatories requesting similar information, Defendants objected to Request 22 because it is vague, is overbroad in time and scope, seeks irrelevant information, and is unduly burdensome. (Doc. 108-4, 12–13.) Magistrate Judge Schanzle-Haskins sustained Defendants' objections in part and limited the request to complaints of unwanted sexual contact by a correctional officer on an inmate at Logan Correctional Center from December 1, 2010, to December 31, 2015. (Doc. 117, 26.) It is not clear that Magistrate Judge Schanzle-Haskins considered Defendants' objection that this request is unduly burdensome. As discussed above, Defendants cannot comply with this request as it concerns grievances stored in individual inmate master files. Defendants request the Court sustain their objection to Request 22 and modify Magistrate Judge Schanzle-Haskins's Order to not require Defendants to search for and produce grievances from individual master files.

### 4. Production of Non-Party Protected Medical and Mental Health Information

In addition to the objections discussed above, Defendants also objected to Plaintiff's Request 22 because it seeks protected information of other offenders who are not parties to this lawsuit. (Doc. 108-4, 12 & 13.) This Request, as modified by the Court, requires Defendants to produce complaints by other offenders which allege they were the victim of unwanted sexual contact. This necessarily requires Defendants to produce medical and mental health information of non-parties. As an example, this case concerns Plaintiff making a report of sexual contact to her medical provider. (Doc. 14, 10.) Such a report would necessarily fall within the definition of Request 22 and would be produced by Defendants. The effect on Plaintiff is minimized because she chose to bring this lawsuit and because her medical and mental health information is protected by the Court's protective order. (Doc. 104.) It is not clear from the face of the protective order that non-parties' information is covered. (Doc. 103, 3) (defining protected health information as Plaintiff's medical and mental health information). Further, for Defendants to comply with Plaintiff's Request 22, Defendants would need to produce some of the most intimate details of the lives of offenders who claim to be the victim of unwanted sexual contact. This could mean production of medical and mental health information that was given in confidence by offenders who did not choose for this information to be disclosed to Plaintiff, defendants, or the attorneys of record. Further, Defendants are concerned about the chilling effect that could result from disclosing this information. *See*, *e.g.*, *Surratt v. Walker*, 2010 WL 2670895, *2 (C.D. Ill. Jul. 2, 2010) (denying motion to compel subpoena request for "investigative files, grievances, reports, log records or lists of inmates who reported sexual assault or harassment by officers or staff" because disclosure of inmate names would "invite repercussions, or it would at least create in the inmates fear of such repercussions" and "discourage inmates from coming forward."). Given these

concerns, the Court should sustain Defendants' objection and modify Magistrate Judge Schanzle-Haskins's Order to not require production of protected health information of non-parties.

WHEREFORE, for the above reasons, Defendants respectfully request this honorable Court sustain their objections to Magistrate Judge Schanzle-Haskins's January 29, 2019 Order and modify the Order as requested herein.

Respectfully submitted,

Alex Adams, et al.,

Defendants,

Kwame Raoul, Illinois Attorney General,

Jeremy C. Tyrrell, #6321649
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62701
(217) 785-4555 Phone
(217) 524-5091 Fax
E-mail:  jtyrrell@atg.state.il.us

Attorney for Defendants,

By: s/Jeremy C. Tyrrell
Jeremy C. Tyrrell
Assistant Attorney General

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| JACQUELINE FARRIS, | ) |
| Plaintiff, | ) |
| -vs- | ) No. 17-3279-SEM-TSH |
| ERIC KOHL, et al., | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2019, the foregoing document, *Objection and Memorandum of Law to the Magistrate Judge's January 29, 2019 Order*, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Adair Crosley | adair@loevy.com |
| Julie Marie Goodwin | julie@loevy.com |
| Sarah Grady | sarah@loevy.com |
| Sara Mayo Vig | sara@vig-law.com |
| Karen L. McNaught | kmcnaught@cassiday.com |

Respectfully Submitted,

s/Jeremy C. Tyrrell
Jeremy C. Tyrrell, #6321649
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 785-4555 Phone
(217) 524-5091 Fax
E-Mail: jtyrrell@atg.state.il.us