IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JACQUELINE FARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17 C 3279 |
| | ) | |
| ERIC KOHLRUS, et al., | ) | Hon. Sue E. Myerscough |
| | ) | |
| Defendants. | ) | Hon. Tom Schanzle-Haskins |

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff, Jacqueline Farris, by her attorneys, hereby respectfully requests that this Court order Defendants to produce the agreed set of documents and supplemental interrogatory responses by June 6, 2019. In support of her requests, Plaintiff states as follows:

### INTRODUCTION

Plaintiff brought this section 1983 case following the sexual assault that she suffered at Logan Correctional Center on December 28, 2015 by correctional officer Erik Kohlrus. Dkt. 14 (Pl.'s Am. Compl.) ¶¶ 1-3. Plaintiff has sued Defendant Kohlrus, as well as supervisors at Logan whose deliberate indifference permitted a widespread problem of sexual assaults at Logan to flourish. *Id.* ¶¶ 56-60. She has also sued correctional and medical staff at Logan for discriminating and retaliating against her following her report of sexual abuse. *Id.* ¶¶ 79-98.

Discovery conducted thus far in the case has provided strong evidence in support of Plaintiff's claims. But it has also led to the discovery of additional relevant information and documents that Defendants have not produced. The parties have agreed during Rule 37 telephone conferences that these documents and supplemental interrogatories should be provided, and Defendants have promised repeatedly to serve them. Yet despite numerous requests following the parties' agreement, Defendants have failed to abide by their promises. Plaintiff has attempted

to be patient, and to work with defense counsel to obtain these important documents and information without requiring judicial assistance. But it has become clear, after several unfulfilled promises and unreturned emails, that judicial intervention is necessary.

Accordingly, Plaintiff respectfully requests that this Court set a deadline of June 6, 2019 for Defendants to comply with their agreement to provide supplemental documents and information to Plaintiff.

## BACKGROUND

Plaintiff served requests for production and interrogatories on all Defendants in June 2018. Ex. A (Pl.'s Req. for Prod.); Ex. B (Pl.'s Interrog. to Defs. Brannon & IDOC); Ex. C (Pl.'s Interrog. to Defs. Snyder, Locke & Jones). Defendants responded to those discovery requests in November 2018, following multiple motions to compel. Ex. D (IDOC Defs.' Resp. to Pl.'s Req. for Prod.); Ex. E (IDOC's Resp. to Pl.'s Interrog.); Ex. F (Brannon's Resp. to Pl.'s Interrog.); Ex. G (Snyder's Resp. to Pl.'s Interrog.); *see also* Dkt. 80 (Pl.'s Mot. to Compel Defs. to Participate in Disco.); Dkt. 102 (Pl.'s 2d Mot. to Compel); Dkt. 108 (Pl.'s 3d Mot. to Compel). On January 29, 2019, this Court granted Plaintiff's second and third motions to compel in part. Dkt. 117. Specifically, the Court declined to find that by failing to serve timely responses, Defendants had waived all objections to Plaintiff's discovery requests and instead addressed the merits of those discovery requests to which Defendants had objected in whole. *See id.* at 9-31.[1] The Court did not, however, address all of Defendants' objections because it believed that "Defendants produced responsive documents to all but 10 document requests . . . ." *Id.* at 8-9.

Separately, the parties met and conferred on multiple occasions to discuss Defendants' discovery requests that this Court had not fully addressed. *See, e.g.,* Ex. H (Pl.'s Mar. 5, 2019

---

[1] The Court also granted Plaintiff's request for attorney's fees related to preparing and filing Plaintiff's second and third motions to compel. Dkt. 117 at 31-33. Defendants have appealed that decision, as well as a few of this Court's discovery rulings. Dkt. 118.

Letter) at 2-9. Additionally, during depositions of some of the Defendants, Plaintiff learned of the existence of other responsive documents, which Defendants agreed to produce. Specifically, Defendants agreed to produce the following documents or materials:

- Audio recordings of all telephone calls made by or to Plaintiff between December 27, 2015 and September 20, 2018 in IDOC's possession (Request No. 3);

- All incident reports concerning the reassignment of Plaintiff's housing history based on a search of all incident reports on the days that Plaintiff's housing assignment changed (Request No. 6);

- Production of responsive emails that contain the terms that the IDOC agreed should be searched (Request No. 10);[2]

- Documents regarding training that Defendants received related to sexual conduct and/or interactions involving prisoners (Requests Nos. 16 and 17);

- Documents created as part of the audits performed at Logan Correctional Center pursuant to the Prison Rape Elimination Act (Request No. 25);

- Documents reflecting "incident reviews" that IDOC policy requires to occur following a report of sexual assault or harassment (Requests Nos. 9, 20, and 23);

- Documents relating to the investigation into Plaintiff's sexual assault, including the document that assigned the case to Defendant Gabor and documents regarding the order that Defendant Gabor testified he was given to stop investigating the case because it was being referred to the Illinois State Police for further investigation (Request No. 9);

- Documents regarding the investigation into Defendant Gabor for making false statements to law enforcement and threatening a prisoner to make false statements about sexual assault (Requests Nos. 16 and 17);[3]

- Annual reports detailing investigations that have occurred in the investigations unit from 2012 to 2017 (Requests Nos. 22 and 23);

---

[2] Defendants have agreed to collect emails using the following terms: "Kohlrus," "Jacqueline AND (Farris OR R92751)," "Farris," "R92751," and "C16-LOG-204." Dkt. 74-1. Plaintiff proposed a number of additional search terms, which this Court approved over Defendants' objection. *See* Dkt. 95-1. Defendants objected to this Court's ruling, Dkt. 96, and that appeal is currently pending.

[3] Defendants have produced some, but not all, of these documents.

- Documents given to IDOC staff demonstrating that Plaintiff was working as a porter in her housing unit at the time of her assault, and a daily roster sheet reflecting that Plaintiff was approved for boot camp (Request No. 9).

The parties have agreed that these documents regarding Plaintiff or her sexual assault, Defendants' training on sexual assault, Defendants' compliance with the Prison Rape Elimination Act and IDOC policies concerning sexual assault, Defendant Gabor's other misconduct in conducting an investigation, and other sexual-assault investigations are relevant. Indeed, these documents bear on the sexual assault itself, Defendants' notice that their practices were putting women like Plaintiff at substantial risk of sexual assault, and the retaliation and discrimination Plaintiff suffered when she was deprived of access to boot camp, among others.[4]

Defendants also agreed to provide supplemental responses to a number of Plaintiff's interrogatories, including:

- Supplemental responses to Plaintiff's Interrogatory No. 4, which asks for information about evidence that has been lost or destroyed, following an investigation into whether any video footage recorded Plaintiff, Defendant Kohlrus, or their interactions on December 27-28, 2015;[5]

- Supplemental responses from Defendants Brannon and IDOC to Plaintiff's Interrogatory No. 8 to state whether *they* believe that Defendant Kohlrus's conduct was inconsistent with IDOC policies (and not simply a reference to what another Defendant determined as part of an investigation);

- Supplemental responses from Defendant Brannon to Plaintiff's Interrogatories Nos. 10 and 11 to set forth Defendant Brannon's contentions regarding whether or not Defendant Kohlrus was acting under color of law and/or within the scope of his employment (or, alternatively, to state that Defendant Brannon would not take a position on these issues); and

- A supplemental response from Defendant Snyder to Plaintiff's Interrogatory No. 12 to fully answer the question posed, including information about who made

---

[4] Because the relevance of these materials is not in dispute, Plaintiff will not address in exhaustive fashion every relevant purpose for each document.

[5] If Defendants' investigation uncovers the video footage itself, then Defendants agreed to produce it pursuant to Plaintiff's Request for Production No. 3.

>the decision to limit Plaintiff's speech about her sexual assault, and what information that decision was based on.

Like the documents discussed above, the parties have agreed that these interrogatories seek information that is relevant to the lawsuit, including positions regarding elements of Plaintiff's claims against various Defendants, the propriety of Defendant Kohlrus's sexual assault, and information about the existence or destruction of video footage documenting Plaintiff and Defendant Kohlrus on the day of the sexual assault.

After reaching these compromises, Defendants made various promises about the timeline for producing the materials and supplemental discovery responses. And on multiple occasions, Defendants failed to meet their own agreed deadlines, asking for additional time because of Court-ordered deadlines in this case or others. *See, e.g.,* Ex. I (Defs.' Mar. 13, 2019 Email) at 1-2 (indicating that several of these documents were delivered by Defendants to defense counsel). Most recently, however, Plaintiff's inquiries regarding the status of production have gone unanswered. *See, e.g.,* Ex. J (Pl.'s Apr. 26, 2019 Email). As of today, despite multiple emails and telephone calls, Plaintiff has not received any assurances regarding a timeline for production of these materials and supplemental discovery responses.

## DISCUSSION

Because the parties have agreed on production of the materials and supplemental discovery responses, the only dispute is over the timeline for production. Rule 26(e) requires a party who learns that its disclosures or discovery responses are incomplete to supplement that response "in a timely manner . . . ." Fed. R. Civ. P. 26(e)(1); *Jump v. Montgomery County*, 2015 WL 5854101, at *2 (C.D. Ill. Oct. 6, 2015). Although Rule 26(e) does not define the parameters of a "timely" supplemental disclosure, district courts in this Circuit have interpreted the rule to require supplemental responses "as soon as the party or its counsel knew or should have known

that its disclosures were incomplete." *Pouncy v. City of Chicago*, 2017 WL 8205488, at *15 (N.D. Ill. Dec. 11, 2017) (citing *Reddick v. Bloomingdale Police Officers*, 2003 WL 1733560, at *10 (N.D. Ill. Apr. 1, 2003) (cleaned up)); *see also Adams v. City of Chicago*, 2013 WL 12324659, at *9 (N.D. Ill. Sept. 5, 2013); *Eberts v. Goderstad*, 2009 WL 101633, at *2 (E.D. Wis. Jan. 14, 2009). Prompt disclosure is important because "late disclosures deprive[] the opposing party of the opportunity to conduct its own discovery based on the untimely produced information." *Fidlar Techs. v. LPS Real Estate Data Solutions, Inc.*, 2015 WL 109835, at *3 (C.D. Ill. Jan. 6, 2015).

There can be no real dispute that timely supplementation of Defendants' discovery responses to provide the materials and supplemental interrogatory responses identified above is due. Documents like communications by Defendants about Plaintiff or the investigation into her sexual assault, and documents reflecting Defendants' training on sexual assault, are critical to have in advance of depositions of those who participated in the communications, or provided or received the training. *Fidlar Techs.*, 2015 WL 109835, at *3. Additionally, Defendants recently requested a date for Plaintiff's deposition, while at the same time withholding documents that account for her assignments within the prison and her recorded conversations. Plaintiff cannot agree to a deposition until these long-overdue agreed documents and information are provided for use by both sides.

Given the several months of delay in production that has already occurred based on Defendants' unfulfilled representations, and the need to continue with deposition scheduling, Plaintiff requests a two-week timeframe for Defendants to comply with their agreement. During the course of their communications, at no point did Defendant express any reasons that the documents or supplemental interrogatory responses were particularly difficult to obtain in a

timely fashion. To the contrary, Defendants have told Plaintiff that defense counsel already has possession of a number of the documents at issue. *E.g.*, Ex. I at 1. In short, Defendants have provided no reason why a two-week timeframe would be an insufficient amount of time to comply.

If a party fails to comply with Rule 26(e), Rule 37 provides a variety of sanctions available for a court to impose, including an order to pay attorney's fees, deeming the matters at issue to be taken as established, and even default judgment. Fed. R. Civ. P. 37(c); *Saathoff v. Davis*, 826 F.3d 925, 931 (7th Cir. 2016). In the hopes that Plaintiff's motion will resolve the issue, Plaintiff will not presently ask the Court to impose any sanctions on Defendants. But if Defendants' dilatory conduct persists, Plaintiff intends to seek attorney's fees and other sanctions associated with any further motions to compel.

Wherefore, Plaintiff respectfully requests that this Court order Defendants to provide the supplemental production responsive to Plaintiff's Requests for Production Nos. 3, 6, 9, 10, 16, 17, 20, 22, 23, and 25, and to provide supplemental responses to Plaintiff's Interrogatories Nos. 4, 8, 10, 11, and 12 in the manner agreed to and described herein on or before June 6, 2019.

            Respectfully submitted,

            /s/ Sarah Grady
            Sarah Grady
            Attorney for Plaintiff

Arthur Loevy
Jon Loevy
Julie Goodwin
Sarah Grady
Megan Pierce
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
Fax: (312) 243-5902

## **CERTIFICATE OF SERVICE**

      I, Sarah Grady, an attorney, hereby certify that on May 23, 2019, I caused the foregoing Plaintiff's Motion to Compel to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

      Respectfully submitted,

      /s/ Sarah Grady
      Sarah Grady
      Attorney for Plaintiff