E-FILED
Tuesday, 13 August, 2019  09:17:37 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JACQUELINE FARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-3279 |
| | ) | |
| ERIK KOHLRUS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Jacqueline Farris'
Statement of Fees and Costs (d/e 120) (Statement of Fees).  This Court
awarded fees and costs in connection with its ruling on Farris' Third Motion
to Compel Discovery Responses and Response to Defendants' Fifth
Motion for Extension of Time (d/e 108) and matters reserved from her
Second Motion to Compel Defendants to Participate in Discovery and to
Enforce this Court's October 5, 2018 Order (d/e 102) (collectively Farris'
Motions to Compel).  Opinion entered January 29, 2019 (d/e 117)
(Opinion), at 31-32.

As directed by the Opinion, Farris submitted the Statement of Fees.
Farris asks for $3,248.50, representing 8.9 hours expended by her attorney
Sarah Grady.  Grady's rate was $365.00 per hour.  Farris presented

attorney Grady's billings and evidence of the reasonableness of the rate. Farris is not seeking recovery of any expenses incurred in connection with the Motions to Compel.

In response, Defendants raise two objections.  Defendants assert that attorney Grady's rate is governed by the Prison Litigation Reform Act (PLRA).  42 U.S.C. § 1997e.  Pursuant to the Act, fees recoverable by a prisoner plaintiff pursuant to 42 U.S.C. § 1988 are limited to 150 percent of the hourly rate established under 18 U.S.C. § 3006A for appointed attorneys in criminal cases.  42 U.S.C. § 1997e(d).  Currently, the PLRA cap is $210.00 per hour.  See Response to Plaintiff's Statement Fees and Costs (Doc. 120) (d/e 127) (Response).

U.S. District Judge Harold A. Baker of this District addressed this issue some time ago.  Edwin G. v. Washington, 2001 WL 196760 (C.D. Ill. Jan. 26, 2001).  Judge Baker explained that fees awarded as discovery sanctions are governed by Rule 37 and not fee awards under § 1988, and therefore, not subject to the PLRA cap.  The discovery sanctions are a valuable tool to discipline parties and encourage parties to comply with discovery rules.  Compliance with discovery rules is essential to the efficient administration of justice in federal courts.  Judge Baker explained:

> Sanctions provide the district court with an effective means of ensuring that litigants will comply with discovery orders. The

> award of attorney's fees as sanctions under Fed. Rule Civ. Pro.
> Rule 37(a)(4)(A) is distinct from an award that might be
> forthcoming under 42 U.S.C. § 1988, if the plaintiffs ultimately
> prevail in this suit. Sanctions are not based upon the
> defendants' liability for the alleged claims. Sanctions are
> applied for conduct during the discovery process. Therefore,
> the award of attorney fees as a sanction is outside of the PRLA.

Edwin G. v. Washington, 2001 WL 196760, at *2.

Defendants note that some courts, primarily in the Ninth Circuit, have disagreed with Judge Baker.  See Webb v. Ada County, 285 F.3d 829, 837 (9th Cir. 2002);  Norwood v. Vance, 2008 WL 686901 (E.D. Cal. March 12, 2008) (limiting attorney's fees sanction for trial misconduct based on PLRA), rev'd on other grounds, 591 F.3d 1062 (9th Cir. 2010); Balla v. Idaho State Bd. of Corr., 2016 WL 6762651, at *2–3 (D. Idaho February 1, 2016).

The Court has reviewed the PRLA and these cases carefully.  The Court agrees with Judge Baker's analysis.  Discovery sanctions are not fees awarded pursuant to § 1988.  Discovery sanctions in this case are authorized by Rule 37, and the sanctions serve a separate important function of securing compliance with the rules and discovery and the efficient administration of justice in the federal system.  The Court, therefore, holds that the fee awards as discovery sanctions are not

awarded pursuant to § 1988 and are not subject to the cap in PLRA § 1997e.

The Court has further reviewed the showing made by Farris regarding attorney Grady's rate and determined the rate to be a reasonable rate that lawyers of similar ability and experience in the community charge for their work in cases similar to this.  See Jeffboat, LLC v. Director, Office of Workers' Compensation Programs, 553 F.3d 487, 489-90 (7th Cir. 2009); see also, Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); (approving of awarding fees based on reasonable hourly rates).

The Defendants also object to payment of fees for the 1.1 hours Grady spent on November 5, 2018.  The entry on that date states, "Drafting 2nd MTC; conversation w/ Julie Goodwin re MTC & subpoenas."  Motion, Exhibit B, Time Records of Plaintiff's Counsel.  The Defendants object to payment of fees for this entry because some portion of the time billed was spent on subpoenas unrelated to Farris' Motions to Compel.  The Court agrees.  The records fail to identify the time spent on November 5, 2018 on the Motions to Compel rather than unrelated subpoenas.  The Court will not award the fees requested for the 1.1 hours of time spent on November 5, 2018.  The Court therefore allows recovery of fees for 7.8 hours of attorney Grady's time at a rate of $365.00, for a total of $2,847.00.

THEREFORE, IT IS ORDERED that pursuant to this Court's Opinion entered January 29, 2019 (d/e 117) and Federal Rule of Civil Procedure 37(a)(5)(C), and after careful review of the Plaintiff's Statement of Fees and Costs (d/e 120) and Defendants' Response to Plaintiff's Statement of Fees and Costs (Doc. 120) (d/e 127), this Court hereby orders Defendants to pay Plaintiff Jacqueline Farris' attorney fees in the amount of $2,847.00.

ENTER:   August 13, 2019

s/ *Tom Schanzle-Haskins*

TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE

.