IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JACQUELINE FARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17-cv-3279 |
| ERIC KOHLRUS et al., | ) ) ) |
| Defendants. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Jacqueline Farris' Renewed Motion for Leave to Take Depositions Pursuant to Federal Rule of Civil Procedure 30(a)(2) (d/e 150) (Motion). For the reasons set forth below, the Motion is ALLOWED in part.

## BACKGROUND

Farris alleges that beginning on December 4, 2015, Defendant Illinois Logan Correctional Center (Logan) Correctional Officer Erik Kohlrus sexually assaulted Farris while she was an inmate at Logan, and ultimately Kohlrus raped her December 28, 2015. (The alleged sexual assaults and rape are hereinafter referred to collectively as the Rape). First Amended Complaint (d/e 14), ¶ 1. Kohlrus has been charged in state court with two

counts of custodial sexual misconduct and the matter is pending. People v. Kohlrus, Logan County, Circuit Court Case No. 2018 CF 85.

Farris brought this action against Kohlrus and 29 other defendants. One Defendant is the Illinois Department of Corrections (Department or IDOC). One individual Defendant is Amy Rude, L.C.S.W. Defendant Rude worked at Logan as an employee of Department contractor Wexford Health Sources, Inc. (Wexford). Farris voluntarily dismissed her claims against Rude. Text Order entered August 5, 2019. Another individual Defendant is Correctional Officer Laura Jackson. Jackson failed to respond when she was served. The Court entered a default judgment against Defendant Jackson but stayed the hearing to prove up damages until the litigation of the claims against the other Defendants is concluded. Order entered July 10, 2019 (d/e 144).

The other 26 individual Defendants were employees of the Department. Defendant Christine Brannon was the Warden at Logan at the time of the Rape. Farris alleges that Defendant Clara Charron was Prison Rape Elimination Act (PREA) Compliance Manager at Logan at the time of the Rape.[1] Farris also alleges that Defendant Norine Ashley was the

---

[1] Charron denies this allegation. Answer and Affirmative Defenses to First Amended Complaint (d/e 54) (Individual Department Defendants' Answer), ¶ 10.

Department's Psychologist, Mental Health Administrator, and PREA Compliance Manager at the time of the Rape.  Defendant Lisa Johnson was the back-up to the PREA Compliance Manager.  Farris alleges that Defendant Patrick Keane and Mike Funk were "Agency" PREA Coordinators.[2]  Defendants Felipe Zavala and Alan Pasley were back-ups to the Agency PREA Coordinators.  It is unclear from the Amended Complaint whether Ashley, Johnson, Keane, Funk, Zavala, or Pasley worked at Logan.  Defendant Mark Delia was the Chief of Investigations and Intelligence at Logan.  Defendant Jeff Gabor was a Case Investigator at Logan.  Defendants Jasmin Woolfolk, Matthew Mitchey, James Barry, William Lemon, Alex Adams, A. Ahart, Sean Whelton, Jose Rivera, William Roberts, James Davis, Jennifer Billington, Zachary Sapp, and Dillion Kearney were Correctional Officers at Logan at the time of the Rape. Defendants Lieutenant Trina Snyder, Major Angela Locke, and Correctional Officer Travis Jones worked at the Decatur Correctional Center (Decatur) in May of 2016.  Amended Complaint, ¶¶ 7-24.  The Court refers to the individual Defendants other than Kohlrus, Rude, and Jackson as the "Department Individual Defendants."

---

[2] Amended Complaint ¶ 16.  The term "Agency" is not defined in the Amended Complaint.  Keane also denies that he was the Agency PREA Coordinator in December 2015.  Individual Department Defendants' Answer, ¶ 16.

Farris alleges several claims under 42 U.S.C. § 1983 against Kohlrus and the Department Individual Defendants. Farris alleges that Kohlrus violated her rights to be free from cruel and unusual punishment and her rights to due process when he raped her (Counts I and II). Farris alleges that the Individual Defendants violated her rights by committing the following tortious acts:

- Defendants Brannon, Charron, Ashley, Johnson, Keane, Funk, Zavala, and Pasley (Department Policy Maker Defendants) deliberately established policies that caused Kohlrus to commit the Rape (Count III);
- Defendants Woolfolk, Mitchey, Barry, Lemon, Adams, Ahart, Whelton, Rivera, Roberts, Davis, Sapp, Billington, and Kearney (Department Correctional Officer Defendants) were deliberately indifferent to Kohlrus' actions, thereby allowing Kohlrus to commit the Rape (Count IV);
- Defendant Kohlrus and the Department Correctional Officer Defendants conspired to deprive Farris of her right by agreeing to assist Kohlrus in committing the Rape (Count V);
- Defendants Brannon, Charron, Ashley, Johnson, Gabor, and Delia deliberately established policies to deny Farris rights,

without due process, to dispute her placement into isolation after the Rape and her denial of admission to Impact Incarceration Program (Boot Camp) (Count VI);

- Defendants Brannon, Charron, Ashley, Johnson, Gabor, Delia, Snyder, Locke, and Jones (Department Retaliation Defendants) retaliated against her for reporting the Rape. Some of the alleged retaliation occurred at Decatur after she was transferred there in May 2016 (Count VII).

First Amended Complaint, Counts I-VII.

Farris also alleges that Defendant Illinois Department of Corrections (Department) violated her rights under the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794(a). Farris alleges that the Department violated her rights by not allowing her to participate in Boot Camp because she was a qualified person with a disability. First Amended Complaint, Counts VIII-IX.[3]

Farris also alleges three state law claims against Kohlrus for assault, sexual abuse, and intentional infliction of emotional distress. First Amended Complaint, X-XII. All claims against Kohlrus are stayed pending

---

[3] Farris also names John Baldwin, Acting Director of the Department in the caption of the Amended Complaint, but does not allege any claims against him. The docket also does not show that he was served or that he waived service.

the resolution of the criminal case against him.  <u>Text Order entered September 25, 2018</u>.

The Department and the Department Individual Defendants (collectively the Department Defendants) disclosed the parties and 20 additional individuals in their initial disclosures that one or more of the Department Defendants may use to support their defenses to Farris' claims.  See Fed. R. Civ. P. 26(a)(1)(i).  The Department Defendants listed 16 individuals with knowledge of Farris' claims and four records custodians.  <u>Motion</u>, Exhibit A, <u>Department Defendants' Rule 26(a)(1) Disclosures</u>, at 1-14.[4]

Farris' initial disclosures listed the parties and five additional individuals with knowledge of claims that she may use to support her claims.  <u>Motion</u>, Exhibit 1, <u>Farris Initial Disclosures and Supplemental Rule 26(a)(1) Disclosures</u>.[5]  Farris and the Department Defendants, therefore,

---

[4] The Department Defendants disclosed Katina Joiner; Michele White; Brittany L. Ott; Linda R. Ligon; Demian Harkins; Tiona M. Farrington; Ann Lahr and other Chairpersons of the Administrative Review Board; Robert Allison, PAC; Leah Taylor, LPN; Karen S. Pfost; Shelby Warner, ARNP; David Sutton; Adam Hergert; Bradley D. Buhl; Food Supervisor Gainer; C/O Davies; Inmate Records Custodian at Logan Correctional Center; Inmate Records Custodian at Decatur Correctional Center; Inmate Records Custodian at Fox Valley Adult Transition Center; and Medical Records Custodian at Decatur Correctional Center.  <u>Motion</u>, Exhibit A, <u>Department Defendants' Rule 26(a)(1) Disclosures</u>.

The Department Defendants also noted that Farris issued a subpoena to a person identified as Warden Maggie Burke.  Farris lists Warden Burke on her Rule 26(a)(1) disclosures. The Department Defendants disclosed a memorandum dated February 5, 2016 from Defendants Snyder to a person identified as Warden Shelith Hansbro. <u>Id.</u> at 15.  Defendant Snyder identified Hansbro in her answers to interrogatories discussed below.

[5] Farris listed Leah Taylor, Robert Allison, Karen Pfost, David Sutton, Margaret Burke, Dr. Yuan, Bradley Buhl, David Brainard, and Dennis Hilliard in her initial disclosures, and Nicole Veech in her Supplemental Disclosures.  <u>Motion</u>, Exhibit 1, <u>Farris Initial Disclosures and Supplemental Rule 26(a)(1) Disclosures</u>.

disclosed themselves and 25 additional individuals in their Rule 26 disclosures.

Department Defendants disclosed in their answers to interrogatories four additional individuals with knowledge of the facts relevant to the claims and defenses in this case. <u>Motion</u>, Exhibit 2, <u>Defendant Charron's Response to Plaintiff's First Set of Interrogatories</u>, Answer to Interrogatory 2; <u>Defendant Gabor's Response to Plaintiff's First Set of Interrogatories</u>, Answer to Interrogatory 2; <u>Defendant Snyder's Response to Plaintiff's First Set of Interrogatories</u>, Answer to Interrogatory 2.[6] These interrogatory responses increased the number of individuals disclosed to 29 individuals plus the parties.[7] Other than Farris, the individuals identified were either current or former employees of the Department or Wexford.

The Court previously told Farris to take at least eight depositions before filing this Motion. <u>Text Order entered January 16, 2019</u>. Farris has now taken nine depositions and was arranging to take the Rule 30(b)(6) deposition of the Department at the time she filed the Motion. Farris asks the Court for permission to take depositions of all Defendants, the 29

---

The Department Defendants had already disclosed five of these 10 individuals: Taylor, Allison, Pfost, Sutton, and Buhl.

[6] Charron identified Marla Butler and Marcus Hardy. Gabor identified Adam Hergert and Justin Wilks. Snyder identified Hansbro. Hergert was already disclosed in the Rule 26 initial disclosures discussed <u>supra</u>.

[7] It is unclear to the Court whether Farris' calculations agree with the Court's calculations of the number of persons identified in discovery. The Court will proceed based on its calculations.

additional people identified by the parties, all expert witnesses yet to be disclosed, and seven additional individuals yet to be determined.[8]  The 29 individuals disclosed as possible witnesses, the 28 remaining parties, plus 7 more, equals 64 depositions.  Farris asks for leave to take an additional 54 fact witness depositions plus expert witness depositions.  In the alternative, Farris asks the Court to order Department Defendants to remove individuals from their Rule 26(a)(1)(A)(i) disclosures.  The Department Defendants ask the Court to deny the Motion or to allow Farris to take a maximum of 5 additional depositions for a total of 15 depositions.

## ANALYSIS

Absent a stipulation by the parties, one party may not take more than 10 depositions without leave of court.  Fed. R. Civ. P. 30(a)(2)(A)(i).  The parties in this case have not agreed on a stipulated number of depositions.  The Court, therefore, must decide whether Farris should be allowed to take additional depositions.  The Court must decide whether allowing additional depositions is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

---

[8] A deposition of Defendant Kohlrus would be stayed at this time.

burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).  The Court must also consider factors that would limit the appropriate amount of discovery that should be allowed, including whether the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive.  Fed. R. Civ. P. 26(b)(2).

In considering these factors, the Court finds that granting Farris leave to take 54 additional depositions is not proportional to the needs of the case.  First, the Court sees no reason to depose the four document custodians.  The parties should be able to obviate the need for them to testify by stipulating.  Even if the parties do not stipulate, the custodians have no personal knowledge of facts in this case.  The Court sees no reason to depose them.

The Court also will not grant leave for Farris to depose the five individuals she listed on her initial disclosures that the Department Defendants did not list.  She argues she needs to depose the listed individuals to avoid trial by ambush.  The Department Defendants did not list these five individuals and will not call them at trial.  Farris faces no risk of trial by ambush from the possible testimony of these five individuals. Should the Department Defendants decide to use any of these five

individuals at trial, they would need to amend their initial disclosures. Farris may renew her motion with respect to these five individuals if the Department Defendants so amend.

The Court also questions whether taking all these depositions is proportional to the needs of the case. The Court is also skeptical of Farris' claims against some of the Individual Department Defendants. Farris has sued the Individual Department Defendants under § 1983. She can only recover from each Individual Department Defendant if each personally participated in the wrongful conduct. See e.g., Colbert v. City of Chicago, 851 F.3d 649, 657 (7th Cir. 2017). She alleges that only Kohlrus personally committed the Rape. None of the Individual Department Defendants personally participated in the Rape itself. She therefore must prove that each Department Individual Defendant personally committed some act with the required intent that had a sufficient causal connection to the Rape.

Farris alleges that the Department Policy Defendants created policies that caused the Rape and retaliation. To prevail, Farris must show that each Department Policy Defendant (a) implemented policies and procedures at Logan that created a substantial risk that the Rape and retaliation would occur, (b) each personally knew that such policies and procedures at Logan created a substantial risk that the Rape and retaliation

would occur, and (c) each acted with a sufficiently culpable state of mind, "[I]t is enough to show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk." Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011) (quoting Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)). The Department Defendants state that one of these defendants did not work for the Department at the time of the Rape. Response to Plaintiff's Renewed Motion for Leave to Take Depositions (Doc. 150) (d/e 159) (Response), at 2-3. If true, it is unclear how such a person could control policies at the time of the Rape.

Farris alleges that the Department Correctional Officer Defendants acted with deliberate indifference to the Rape and so violated her constitutional rights. To prevail, Farris must prove personal involvement. Farris must prove that each Department Correctional Officer Defendant personally knew that the Rape was occurring or about to occur, had a realistic opportunity to intervene to prevent or stop the Rape, and failed to do so. See Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994).

Farris also alleges that each Department Individual Correctional Officer Defendant conspired with Kohlrus to commit the Rape. To prevail, Farris must show that each Department Individual Correctional Officer Defendant (1) entered into an express or implied agreement with Kohlrus to

deprive Farris of her constitutional rights and (2) committed an overt act in furtherance of that conspiracy.  See Amundsen v. Chicago Park Dist., 218 F.3d 712, 718 (7th Cir. 2000); Scherer v. Balkema, 840 F.2d 437, 442 (7th Cir. 1988).

At this point, Farris has determined that 12 of the 13 Department Individual Correctional Officer Defendants may not have been present in Farris' housing unit when the Rape occurred and may have had no personal knowledge of the alleged Rape.  If so, Farris cannot prevail against these 12 Defendants on either her deliberate indifference claims or her conspiracy claims against them.  Farris has indicated that an affidavit from each of these 12 Department Individual Correctional Officer Defendants stating that he or she was not present in Farris' housing unit at the time of the Rape and did not have knowledge of matters relevant to the Rape would avoid the need to depose each and might provide a basis to negotiate a dismissal or resolution of these claims.  Motion, at 7.  The Defendants have not responded.

The Court agrees with Farris that a sworn statement from each of the 12 Department Correctional Officer Defendants referenced by Farris in the Motion would suffice in lieu of a deposition.  The Court determines that Plaintiff does not need to depose these 12 Department Correctional Officer

Defendants at this time. If the parties cannot agree on an affidavit to present to these 12 Department Correctional Officer Defendants, Plaintiff is authorized to propound an additional interrogatory to each of these 12 Department Individual Correctional Officer Defendants asking them to state whether each was present in Farris' housing unit at the time of the Rape and whether each has knowledge of matters relevant to the Rape.

Should Farris and the Defendants thereafter negotiate a resolution of the claims against these 12 Department Correctional Officer Defendants, the remaining Department Defendants may remove potential witnesses from their initial disclosures. Such a reduction could affect the appropriate number of depositions in this case.

The Department Defendants also argue that the discovery produced to date shows that Department Retaliation Defendants Ashley, Charron, Delia, Johnson, and Locke did not participate in any of the retaliatory acts alleged in Count VII. <u>Response to Plaintiff's Renewed Motion for Leave to Take Depositions (Doc. 150) (d/e 159) (Response)</u>, at 5-6. If these individuals did not personally participate in the alleged retaliation, then the claims may be further narrowed by the parties. If so, the number of additional persons listed on Defendants' Rule 26(a)(1)(A)(i) disclosures

may also be reduced.[9]  Farris has not agreed with this contention by the Defendants, but also has not supplemented her responses to relevant interrogatories with evidence of her claims against these particular individuals.  See Response, at 5-6 and attached Exhibits 1 and 2, Plaintiff's Responses to Interrogatories.

After careful consideration, the Court grants Farris leave to take three additional depositions to discover additional information relevant to her Count VII retaliation claims, especially her Count VII claims against Defendants Ashley, Charron, Delia, Johnson, and Locke.  After Farris completes these three depositions, and the Department Defendants secure the sworn statements from the 12 Department Correctional Officer Defendants, they may be in a better position to resolve some claims and thereby reduce the number of persons disclosed as potential witnesses. Farris and the Department Defendants may be able to agree at that time on the number of depositions that would be appropriate to complete discovery.

THEREFORE, IT IS ORDERED, that Plaintiff Jacqueline Farris' Renewed Motion for Leave to Take Depositions Pursuant to Federal Rule of Civil Procedure 30(a)(2) (d/e 150) is ALLOWED in part.  The Court orders as follows:

---

[9] In particular, Count VII is the only claim Farris brings against Defendant Locke.

1.  By September 23, 2019, Farris and the Department Defendants shall confer in good faith and attempt to agree on a form of affidavit to be presented to the 12 Department Correctional Officer Defendants that Farris referenced in the Motion, which if executed, will state under oath that he or she was not in Farris' housing unit at the time of the Rape and that he or she has no personal knowledge of the Rape.  If the parties can agree, the Department Defendants shall by October 18, 2019, deliver to Farris the executed affidavits or written notice of the particular Individual Department Defendants who will not execute such affidavit.

2.  If the parties cannot agree on a form of affidavit, Farris shall, by October 3, 2019, serve on the 12 Department Individual Correctional Officer Defendants referenced in the Motion an interrogatory asking each such Department Correctional Officer Defendant whether he or she was in Farris' housing unit at the time of the Rape and whether he or she has any personal knowledge of the Rape.  Each Department Correctional Officer Defendant so served shall respond under oath in accordance with the Federal Rules of Civil Procedure.

3.  Farris is also authorized to take three additional depositions by October 3, 2019, to discover additional information relevant to her

       Count VII retaliation claims, especially her Count VII claims against Defendants Ashley, Charron, Delia, Johnson, and Locke.

4. Upon completion of these steps, the Court directs Farris and the Department Defendants to confer from October 4 and November 4, 2019, to determine whether claims against any Department Defendants (such as the 12 Department Correctional Officer Defendants identified by Farris and any other claims) can be either dismissed or otherwise resolved.

5. If the parties succeed in resolving any claims against any Department Defendants, the Court directs that by November 18, 2019 Farris and the Department Defendants shall review their Rule 26(a)(1) disclosures and remove any individuals that no longer need to be listed in light of the reduction in the outstanding claims. If either Farris or the Department Defendants determine that no individuals will be removed, such party or parties will notify the other parties of this decision in writing.

6. Upon completion of these steps, Farris and the Department Defendants shall meet and confer by December 2, 2019, to discuss whether additional depositions by each party should be allowed to complete discovery and, if so, how many. Farris and the Department

Defendants shall meet and confer even if no claims have been resolved or dismissed, or if no persons have been removed from the respective Rule 26(a)(1) disclosures.  If Farris and the Department Defendants cannot agree to a number of additional depositions, Farris may renew this Motion.

7. The Court further modifies the schedule of this case with respect to Farris' claims against the Department Defendants as follows: Farris and the Department Defendants shall complete fact discovery by February 3, 2020; Farris shall disclose expert witnesses by March 4, 2020; Department Defendants shall disclose expert witnesses by April 6, 2020; expert discovery shall be completed by May 4, 2020; dispositive motions shall be filed by May 18, 2020; the final pretrial conference set for June 1, 2020 is CANCELLED and reset August 31, 2020 at 2:00 p.m. before U.S. District Judge Sue Myerscough; and the jury trial set for June 16, 2020 is CANCELLED and reset September 15, 2020 at 9:00 a.m. before Judge Myerscough.

ENTER:   September 16, 2019

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE