E-FILED
Friday, 12 June, 2020  12:07:54 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JACQUELINE FARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-3279 |
| | ) | |
| ERIC KOHLRUS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff's Second Renewed

Motion for Leave to Take Depositions Pursuant to Federal Rule of Civil

Procedure 30(a)(2) (d/e 176) (Motion).  For the reasons set forth below, the

Motion is ALLOWED in part and DENIED in part.

## BACKGROUND

This Court discussed the Plaintiff Jacqueline Farris' allegations in

detail previously.  See Opinion entered September 16, 2019 (d/e 160)

(Opinion 160), at 1-5; Opinion entered January 29, 2019 (d/e 117), at 3-5.

The Court will not again set forth those facts in detail.  The basic pertinent

allegations are that in December 2015, Defendant Eric Kohlrus was a

Correctional Officer at the Logan Correctional Center in Logan County,

Illinois (Logan).  Farris was an inmate at Logan.  Kohlrus began sexually

harassing Farris and ultimately raped her on December 28, 2015 (the

Assault).  Kohlrus was subsequently charged criminally in state court and

has pleaded guilty to criminal custodial sexual misconduct arising from the

Assault.  Motion, at 7 n.4.  Farris alleges that after the Assault, she

reported the matter.  She alleges that she was retaliated against for

reporting the matter.  She further alleges retaliation resulted, inter alia, in

her transfer to the Decatur Correctional Center (Decatur).  She alleges

various claims under 42 U.S.C. § 1983 against the Defendants other than

the Illinois Department of Corrections (Department or IDOC) for violation of

her civil rights.  She alleges additional claims against Kohlrus under state

law.  She alleges claims against the Department under the Americans with

Disabilities Act and Rehabilitation Act.  She alleges she was a qualified

person with a disability because she took anti-anxiety medications after the

Assault.  She alleges she was denied access to an Impact Incarceration

Program (Boot Camp) because of this disability.  See First Amended

Complaint (d/e 14) Counts I through XII.  In December 2019, Farris added

a claim against certain Defendants for spoliation of evidence.  See Second

Amended Complaint (d/e 170), Count XIII.

Farris sued 29 individual Defendants and the Department.  See First

Amended Complaint (d/e 14).  Many of the individual Defendants were

correctional officers who worked at Logan at the time of the Assault.
Others were administrative, supervisory, and investigative personnel at
Logan and Decatur, and administrative personnel at the Department who
were involved in the implementation and administration of the Prison Rape
Elimination Act (PREA).

On May 15, 2018, the individual Defendants who worked for the
Department, or previously worked for the Department, excluding Kohlrus
and Defendant Laura Jackson (collectively the Individual Department
Defendants), provided Farris with their Rule 16 initial disclosures.  Motion,
Exhibit 1, IDOC Defendants' Initial Disclosures.[1]  The Individual
Department Defendants listed 46 individuals (including the Individual
Department Defendants, Farris, and Kohlrus), plus records custodians who
were likely to have discoverable information that the Individual Department
Defendants may use to support their defense (Initial Disclosed Individuals).
See Fed. R. Civ. P. 26(a)(1)(A).

On December 20, 2018, Farris moved for leave to take more than 10
depositions.  Plaintiff's Motion for Leave to Take Depositions Pursuant to
Federal Rule of Civil Procedure 30(a)(2) (d/e 111) (Motion 111).  Absent a

---

[1] Defendant Laura Jackson did not respond to the Complaint and has been defaulted.  Order entered July 10, 2019 (d/e 144).

stipulation, a party needs leave of Court to depose more than 10 individuals.  Fed. R. Civ. P. 30(a)(2)(A)(i).  The Court denied the Motion 111 as premature because Farris had only taken two depositions.  Text Order entered January 16, 2019.

On August 12, 2019. Farris had completed eight depositions and renewed her motion to take more than 10 depositions.  Farris moved to take 64 fact discovery depositions plus expert discovery depositions.  Plaintiff's Renewed Motion for Leave to Take Depositions Pursuant to Federal Rule of Civil Procedure 30(a)(2) (d/e 150); Opinion 160, at 5.  The Court allowed Farris to take 13 depositions and directed the parties to attempt to resolve whether any additional depositions would be needed after completing the 13 depositions.  Opinion 160, at 14-15.

Farris has now dismissed her claims against 15 of the individual Defendants.  Motion, at 4.

On April 20, 2020, the twelve remaining Individual Department Defendants and the Department (collectively the Department Defendants) provided Farris with a supplemental Rule 26 disclosure.  Motion, Exhibit 3, Defendants' Supplemental Disclosures.  The Department Defendants identified 36 individuals (including the remaining Individual Department Defendants, Farris, and Kohlrus) plus certain records custodians who were

likely to have discoverable information that the Individual Department Defendants may use to support their defense (Final Disclosed Individuals).

On May 14, 2020, Farris filed the Motion. Farris states that she has taken the 13 depositions authorized by the Court. She has also taken five more by agreement with the Department Defendants. The parties further agreed to take two more depositions. Farris, therefore, has taken or will take, a total of 20 fact discovery depositions.

Farris asks the Court to authorize her to take the following additional 19 depositions. She asks to take seven of the 19 proposed depositions with the following time limitations:

Defendant Lisa Johnson, limited to five hours;

Defendant Filipe Zavala, limited to five hours;

Disclosed Individual Robert Allison, limited to two hours;

Disclosed Individual Leah Taylor, limited to two hours:

Disclosed Individual Shelby Warner, limited to two hours;

Disclosed Individual Karen Pfost, limited to two hours; and

Disclosed Individual David Suttons, limited to 90 minutes.

Farris asks the Court to strike 12 Disclosed Individuals from the Department Defendants' Final Disclosed Individual disclosures, or in the alternative, authorize the following depositions for those 12 individuals:

Disclosed Individual Katina Joiner, limited to one hour;

Disclosed Individual Michele White, limited to one hour;

Disclosed Individual Brittany Ott, limited to one hour;

Disclosed Linda Ligon, limited to one hour;

Disclosed Individual Demian Harkins, limited to one hour;

Disclosed Individual Tiona Farrington, limited to one hour;

Disclosed Individual Ann Lahr, limited to one hour;

Disclosed Individual Todd Gainer, limited to one hour;

Disclosed Individual Adam Hergert, limited to three hours;

Disclosed Individual Ryan Nottingham, limited to three hours;[2]

Disclosed Individual Jeffrey Milbauer, limited to three hours; and

Disclosed Individual Jeff Short limited to three hours.

## ANALYSIS

As an initial matter, the Court will not strike any of the Final Disclosed Individuals from the Department Defendants' Supplemental Disclosures. Rule 30(a)(2)(A)(i) does not authorize the Court to strike individuals from a Rule 26(a) disclosure.  This Court will only consider Farris' request to

---

[2] The Motion incorrectly identifies Hergert and Nottingham as Defendants.  Motion, at 19.  Hergert and Nottingham have not been named as Defendants in this case.

conduct 19 additional depositions under Rule 30(a)(2)(A)(i), beyond the 20 depositions already authorized by the Court or agreed to by the parties.

In considering a motion under 30(a)(2)(A)(i), the Court must decide whether allowing additional depositions is proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1). The Court must also consider factors that would limit the appropriate amount of discovery that should be allowed, including whether the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2).  The party seeking to take additional depositions must make a particularized showing for the need for such depositions.  See Scott v. City of Sioux City, 298 F.R.D. 400, 402-03 (N.D. Ia. 2014); United States v. U.S. Steel Corp., 2014 WL 1571322, at *1-*2 (N.D. Ind. April 17, 2014).  "The mere fact that many individuals may have discoverable information does not necessarily entitled a party to depose each such individual."  Newell v. State of Wisconsin Teamsters Joint Council No. 39, 2007 WL 3166757, at

*1 (E.D. Wis. October 25, 2007).   The Court should consider the "totality of

the circumstances" in deciding whether to authorize the requested

depositions.  "Before restricting discovery, the court should consider 'the

totality of the circumstances, weighing the value of the material sought

against the burden of providing it,' and taking into account society's interest

in furthering 'the truthseeking function' in the particular case before the

court."  Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir.

2002) (quoting Rowlin v. Alabama Dept. of Public Safety, 200 F.R.D. 459,

461 (M.D.Ala.2001)).

The Court addresses the requested depositions as follows:

Defendant Lisa Johnson

Johnson was the Back-Up PREA Compliance Manager for Logan at

the time of the Rape.  Motion, at 16.  The Department Defendants

disclosed that she may have knowledge of:  (1) the allegations in the

Second Amended Complaint and the Department Defendants' defenses,

(2) an Incident Report produced in discovery at Bates Stamp page number

IDOC Subpoena 00011, and (3) relevant Health Care Unit and PREA

policies at Logan.  Supplemental Disclosures, at 3.

Farris asks to depose Johnson because the Department Defendants

have exclusive access to her because she is a Defendant.  As a result,

Farris cannot use other means to find out what Johnson knows.  Farris also states that Johnson interviewed Farris when she reported the Assault, presumably documented in IDOC Subpoena 00011.  Farris wishes to inquire about that interview.  Farris also wants to inquire about Johnson's knowledge of whether practices at Logan followed PREA regulations and IDOC regulations.  Motion, at 16.  The Department Defendants oppose the request on the grounds that the deposition is unduly burdensome and cumulative to the information in IDOC Subpoena 00011 and other depositions taken.

Johnson is a named Defendant.  Farris clearly cannot seek information from Johnson outside of formal discovery requests made through her counsel.  Johnson also interviewed Farris after the Assault, and so, may have additional information regarding that interview beyond the information recorded on IDOC Subpoena 00011.  These factors weigh in favor or allowing an additional deposition.   Conducting an additional deposition to discover information regarding compliance with PREA regulations at Logan appears to be cumulative.  Farris has already deposed Clara Charron, Mike Funk, Patrick Keane, Alan Pasley, and the parties have agreed to depose Norine Ashley.  Motion, at 4, 16.  Farris alleges that Defendant Clara Charron was the PREA Compliance Manager

at Logan, Funk was an Agency PREA Coordinator, Keane was an Agency PREA Coordinator, Pasley was an Agency Back-Up PREA Coordinator, and Defendant Ashley was the Department's Psychologist, Mental Health Administrator, and PREA Compliance Manager.  See Second Amended Complaint, ¶¶ 10-19.  An additional deposition just to secure information about PREA compliance would be cumulative.  See Newell, 2007 WL 3166757, at *2 (denying request to conduct depositions that were cumulative).

Weighing these factors, the Court grants Farris leave to take a deposition of Johnson but limits the deposition to two hours.  A two-hour deposition should be sufficient to discover additional information about her interview of Farris.

Defendant Felipe Zavala

Zavala was the Back-Up PREA Coordinator for the Department. Motion, at 16.  The Department Defendants disclosed that Zavala may have knowledge of:  (1) the allegations in the Second Amended Complaint and the Department Defendants' defenses, and (2) PREA compliance and policies within the Department and Logan.  Supplemental Disclosures, at 4.

Farris also asks to depose Zavala because the Department Defendants have exclusive access to her because Zavala is a Defendant.

As a result, Farris cannot use other means outside of formal discovery to discover what Zavala knows.  Farris also states that Funk, Keane, and Pasley "testified that Defendant Zavala was significantly responsible for developing the woefully insufficient training program provided to officers . . . ."  Motion, at 16-17.  Farris has provided no excerpts from transcripts to elucidate her assertions.  Farris similarly stated that Zavala was "responsible for reviewing reports of investigations into sexual assault (sic) at Logan . . . and ensuring that those investigations and the resulting actions complied with PREA regulations and IDOC policies."  Motion, at 17.  Farris cites no evidence to support this assertion.  Farris, therefore, has not made a particularized showing of a need to depose Zavala on these specific points.  Moreover, Farris has already deposed PREA compliance managers and coordinators Charron, Funk, Keane, and Pasley, and the parties have agreed to the deposition of PREA Compliance Manager Ashley.  Absent some more specific showing, another deposition to discover information about compliance with PREA regulations and Department policies would be cumulative.

Still, Zavala is a named Defendant, and as such, Farris cannot contact her directly to inquire about specific information.  In light of this fact,

the Court authorizes a deposition of Zavala, but limits the deposition to ninety minutes.

<u>Robert Allison, Leah Taylor, Shelby Warner, and Karen Pfost</u>

Physician's Assistant Robert Allison, PAC; Nurse Leah Taylor , LPN; Nurse Practitioner Shelby Warner, ARNP; and Karen Pfost appear to be medical personnel who worked at Logan.  Farris states that these individuals "interacted with Plaintiff immediately after she was sexually assaulted."  <u>Motion</u>, at 17.  Defendants disclosed that Allison may have knowledge of certain documents produced by the Department with specific Bates Stamp page numbers:  Incident Reports IDOC Subpoena 000009-000010 and 000012-000013; Shakedown Record/Confiscated Contraband form, IDOC Subpoena 000015; Medical/Forensic Documentation Form, IDOC Subpoena 000016-000019; and Offender Outpatient Progress Note, IDOC Subpoena 000020-000021.  <u>Supplemental Disclosures</u>, at 6.  The Department Defendants state that Taylor may have knowledge of Incident Reports produced by the Department and identified by Bates Stamp page numbers IDOC Subpoena 000009-000010.  <u>Supplemental Disclosures</u>, at 7.  The Department Defendants disclosed that Warner may have knowledge of Incident Reports identified by Bates Stamp page numbers 000012-000014 and a Medical/Forensic Documentation Form, identified by

Bates Stamp page numbers IDOC Subpoena 000016-000019.

Supplemental Disclosures, at 7.  The Department Defendants disclosed

that she may have knowledge about an Incident Report produced in

discovery by the Department and identified by Bates Stamp page number

000012.  Supplemental Disclosures, at 7.

     Farris argues she cannot talk to these individuals because the

Department Defendants have exclusive access to them.  The Department

denies that Department Defendants have exclusive access to Allison.

Farris' counsel has no ethical bar from contacting them because the

Department Defendants' counsel, the Illinois Attorney General, does not

represent them.   Neither party discloses whether these individuals were

employed by the Department or by the Department's medical services

contractor, Wexford Health Sources, Inc. (Wexford).  Farris may contact

them directly regardless of whether they worked for Wexford or the

Department.  Still, they may be reluctant to talk to Farris since they worked

at Logan.  See Scott, 298 F.R.D. at 402.

     The Department Defendants further argue that the depositions would

be cumulative.  The Department Defendants disclosed each of these

individuals as having knowledge of specific documents produced in

discovery.  Allison had knowledge about information recorded on 11

specific pages of documents produced in discovery; Taylor had knowledge about two pages produced in discovery; Warner had knowledge about six pages produced in discovery; and Pfost had knowledge about one page produced in discovery.  The Department Defendants argue that the deposition would be cumulative to the information in the documents.   The Department Defendants argue that Farris explained why she needs additional information beyond what is already disclosed in the documents. They argue that Farris, therefore, has not made a particularized showing of a need for conducting these depositions and the depositions would be cumulative to the information already produced in the documents.

These four witnesses have knowledge of information contained in the same 12 pages of documents, Bates Stamp pages IDOC Subpoena 000009-000021.  Farris states that these individuals interacted with her immediately after the Assault.  Farris' medical condition immediately after the Assault would likely be relevant to the issue of damages.  When considering the totality of the circumstances of this case, the Court concludes that Farris has made a sufficient particularized showing of a need for some discovery by deposition of these individuals.  The four individuals, however, have knowledge of the same documents essentially. Authorizing additional depositions of all four would be cumulative and not

proportional to the needs of the case.  Allison and Warner were the physician's assistant and nurse practitioner who provided care.  They are disclosed to have knowledge of all of the 12 pages of documents.  The Court, therefore, authorizes depositions of Allison and Warner.  Each deposition is authorized to be one hour in length.  The request to depose Taylor and Pfost is denied as cumulative and not proportional to the needs of the case.

<u>David Suttons</u>

David Suttons worked at Logan.  He was Defendant Kohlrus' union representative.  Suttons attended Defendant Jeffrey Gabor's interview of Defendant Kohlrus on December 30, 2015, two days after the Rape.  Farris states that Gabor testified to his typical practice in such interviews, and Kohlrus testified that he did not remember the interview.  <u>Motion</u>, at 17-18. The Department Defendants disclosed that Suttons may have knowledge of the Investigational Interview produced in discovery by the Department and identified by Bates Stamp Number 000038-000041.  <u>Supplemental Disclosures</u>, at 7.  Farris again argues that she does not have access to Suttons.  The Illinois Attorney General, however, does not represent Suttons.  Thus, Farris may contact him directly, but the Court recognizes that Suttons may be reluctant to talk to Farris.

The Department Defendants again argue that they disclosed Suttons because he had knowledge of about four specific pages of documents produced in discovery, and so his testimony, if any, for the Department Defendants would be limited to the content of those four pages.

In this case, the Court finds that Farris has made a particularized showing of a need for this deposition.  Three people were at the interview: Gabor, Kohlrus, and Suttons.  Gabor could only remember his typical practice and Kohlrus did not remember the interview at all.  Thus, the only other two people with knowledge of the accuracy of the Investigational Interview could not remember the event.  Farris has shown a need to inquire of Suttons.  The Court will allow a deposition of Suttons.  The deposition is authorized to one hour in length.  An hour should be sufficient to discover what Suttons remembers about that interview.

Katina Joiner, Michele White, Brittany Ott, Linda Ligon, Demian Harkins, Tiona Farrington, and Ann Lahr

The Department Defendants disclosed that these individuals, except Lahr, worked at either Logan or Decatur, had knowledge of some documented interactions with Farris and had knowledge of "relevant grievance policies and procedures."  Lahr was Chairperson of the Department's Administrative Review Board (ARB) and she was disclosed

as having knowledge of Farris' filings of grievances with the ARB.
Supplemental Disclosures, at 8-10.  Farris asks to depose these individuals
because each is disclosed on the Supplemental Disclosures and each
worked for the Department.  Farris states that the disclosed matters to
which each may have knowledge are irrelevant to the case.

Farris' primary purpose in this portion of her Motion seems to be to
challenge the validity of an affirmative defense alleged by the Department
Defendants.  According to Farris, "Grievance policies . . . have no bearing
on any issue in dispute in this case.[8]"  Motion at 18.  Farris' footnote 8 at
the end of this sentence states:

> Although Defendants have asserted an affirmative
> defense that Plaintiff failed to exhaust her administrative
> remedies, they have not sought any relief regarding that
> request and have thus forfeited it.  Even if it had not been
> forfeited, exhaustion of administrative remedies is a matter for
> this *Court* to decide, and witnesses should not be permitted to
> testify regarding the issue at trial.  Pavey v. Conley, 544 F.3d
> 739, 742 (7th Cir. 2008)."

Motion, at 18-19, n.8 (emphasis in the original).  The Department alleged
failure to exhaust administrative remedies as an affirmative defense:

> 2.        Plaintiff was incarcerated within the Illinois Department
> of Corrections at the time of filing this lawsuit. Plaintiff has failed
> to exhaust her administrative remedies regarding the
> allegations in this lawsuit. Therefore, her claims are barred by
> the Prison Litigation Reform Act. 42 U.S.C. § 1997; *See also
> Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir.
> 1999).

Answer and Affirmative Defenses to the Second Amended Complaint (d/e 176), at 34.   The Department Defendants concluded their affirmative defenses with the following prayer for relief:

> WHEREFORE, for the above and foregoing reasons, Defendants respectfully request this honorable Court deny Plaintiff any relief whatsoever and enter judgment in their favor.

Id. at 35.

As the Court has already stated, a motion for leave to take depositions under Rule 30(a)(2)(A)(i) is not the appropriate means to strike individuals from a Rule 26(a) disclosure.  The Court will not strike any individuals from the Department Defendants' Supplemental Disclosures. The Court further makes no decision on the validity of the Department Defendants' affirmative defense for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act.  Such matters should be presented to the District Court through appropriate motions.[3]

Farris states that the disclosed matters to which Joiner, White, Ott, Ligon, Harkins, Farrington, and Lahar may have knowledge are irrelevant

---

[3] This Court, however, must note that Farris' description of the holding in Pavey is incomplete.  Farris is correct that the Seventh Circuit held that the Court should rule on the affirmative defense of failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997, not the jury. Pavey, 544 F.3d at 742.  The Seventh Circuit, however, also held if issues of fact exist regarding this defense, the trial Court should conduct an evidentiary hearing to resolve any factual dispute.  Pavey, 544 F.3d at 742; see also, e.g., Winston v. Clarke, 746 Fed.Appx. 561, 563-64 (7th Cir. 2018) (vacating the judgment and remanding for a Pavey hearing before the trial court).  Witnesses, therefore, may testify before the Court in appropriate case concerning this affirmative defense.

to the case.  Farris fails to show that the benefits of conducting depositions to discover irrelevant information outweighs the costs.  Furthermore, the issue of exhaustion of administrative remedies should primarily be demonstrated through documents that would show that Farris filed grievances and sought appeals through the available administrative process.  See Pavey, 544 .3d at 742; Perez, 182 F.3d at 536-38.  Viewing the totality of the circumstances, Farris fails to make a particularized showing of a need to depose these individuals.   The request for leave to depose Katina Joiner, Michele White, Brittany Ott, Linda Ligon, Demian Harkins, Tiona Farrington, and Ann Lahr is denied.

Todd Gainer

Farris states that Gainer was a food supervisor at Decatur.  Farris states that she reported to Gainer that she was transferred from Logan to Decatur because of "the incident with Erik Kohlrus."  Motion, at 19.  Farris states that Gainer wrote an incident report about this event.  She alleges that this incident report "eventually led to Plaintiff's retaliation by Defendant Snyder."  Motion, at 19.  The Department Defendants state that Gainer may have knowledge of a one-page Incident Report produced in discovery at Bates Stamp page no. 000022.  Supplemental Disclosures, at 11.  Farris states that Gainer's knowledge about the Incident Report was irrelevant

because "Defendant Snyder does not contend that she spoke with Mr. Gainer or relied on information outside of the incident report to retaliate against Plaintiff." Motion, at 19. Farris again asks the Court to strike Gainer from the Department Defendants' Rule 26(a) disclosures. A Rule 30(a)(2)(A)(i) motion is not an appropriate vehicle to strike an individual from a Rule 26(a) disclosure and the Court will not do so.

Farris states that information the Department Defendants disclosed that Gainer may possess is irrelevant. Farris fails to demonstrate that the benefits of taking a deposition to learn irrelevant information outweighs the costs of taking the additional deposition. Farris, therefore, fails to make a particularized showing for the need to take Gainer's deposition. The request to depose Gainer is denied.

Adam Hergert, Ryan Nottingham, Jeffrey Milbauer and Jeff Short

The Department Defendants disclosed that Adam Hergert worked at Logan and had knowledge of: (1) documents previously produced and identified by Bates Stamp page numbers IDOC Subpoena 000042-000045, and (2) "relevant IDOC, Logan, and Investigation Unit policies and procedures, including but not limited to those regarding PREA." Supplemental Disclosures, at 7. The Department Defendants disclosed that Ryan Nottingham was, as of April 2020, the current Department PREA

Compliance Manager, and he may have knowledge of "IDOC policies and procedures concerning PREA." Supplemental Disclosures, at 9. The Department Defendants disclosed that Jeffrey Milbauer worked for the Department as a telecom electrician. Milbauer may have knowledge concerning video surveillance cameras at Logan. Supplemental Disclosures, at 9. The Department Defendants disclosed that Jeff Short worked for the Department as the Chief Engineer at Logan. The Department Defendants disclosed that Short may have knowledge concerning video surveillance cameras at Logan.

Farris again asks the Court to strike these individuals from the Department Defendant's Rule 26(a) disclosures. The Court again denies that request for the reasons previously stated. Farris further concedes, "there have been several hours of testimony from Defendants and witnesses, including Rule 30(b)(6) designees, about IDOC's policies and procedures." Motion, at 19. By Farris' own concession, these depositions would be cumulative. Under the totality of the circumstances, Farris has failed to make a particularized showing of the need to depose these individuals. The request to depose Hergert, Nottingham, Milbauer, and Short is denied.

THEREFORE, IT IS ORDERED that Plaintiff's Second Renewed Motion for Leave to Take Depositions Pursuant to Federal Rule of Civil Procedure 30(a)(2) (d/e 176) is ALLOWED in part and DENIED in part. The Court authorizes Farris to depose the following five individuals for the stated time limits:

Defendant Lisa Johnson, limited to two hours;

Defendant Filipe Zavala, limited to ninety minutes;

Disclosed Individual Robert Allison, limited to one hour;

Disclosed Individual Shelby Warner, limited to one hour; and

Disclosed Individual David Suttons, limited to one hour.

The Motion is otherwise DENIED.


ENTER:   June 12, 2020

_____s/ *Tom Schanzle-Haskins*_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE