E-FILED
Monday, 17 August, 2020  03:28:46 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| JACQUELINE FARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17 C 3279 |
| | ) | |
| ERIC KOHLRUS, et al., | ) | Hon. Sue E. Myerscough |
| | ) | |
| Defendants. | ) | Hon. Tom Schanzle-Haskins |

**PLAINTIFF'S MOTION FOR AN EXTENSION
OF TIME TO COMPLETE EXPERT DISCOVERY**

Plaintiff, Jacqueline Farris, by her attorneys, hereby respectfully requests an extension of

time of up to and including September 7 to serve Rule 26(a)(2) disclosures, and to similarly

extend the deadlines for Defendants' Rule 26(a)(2) disclosures and dispositive motions. In

support of her request, Plaintiff states as follows:

1.      This Court previously granted Defendants' motion to extend the fact discovery

deadline to July 22, 2020. June 18, 2020 Text Order. Following this extension, Defendants made

multiple Defendants available for deposition on the last days of the fact discovery deadline, and

continued to produce substantive documents in the case after the July 22 deadline.[1] Defendants

contended that additional time was necessary to produce documents, given the change in counsel

and the impact that the Covid-19 pandemic has had on reviewing and producing documents

located in correctional facilities. *See* Dkt. 182 at 2-3.

2.      Defendants did not seek an extension of the expert discovery deadlines, but the

parties later agreed to extend the deadlines for each sides' respective Rule 26(a)(2) disclosures as

---

[1] Because it appeared as though the parties would be able to reach agreement on the remaining
discovery issues, and because Defendants agreed not to object to the timeliness of a motion to compel in
the event that an agreement could not be reached, Plaintiff did not file a motion to compel production by
July 22. Defendants have *almost* (but not quite) completed the outstanding production.

follows: (a) Plaintiff's Rule 26(a)(2) disclosures due August 17; (b) Defendants' Rule 26(a)(2) disclosures due September 18; and (c) Plaintiff's rebuttal disclosures due September 25. *See* Fed. R. Civ. P. 29(b) (allowing the parties to agree to extensions of time without court approval unless it would interfere with the time set for completing discovery, hearing a motion, or for trial).

3.      Given the breadth of discovery materials produced after the July 22 date, however, and the fact that the deposition transcripts for several central Defendants, including Defendants Brannon and Ashley (Logan's Warden and PREA Compliance Manager at the relevant time), were only recently made available, Plaintiff requires a brief extension of time to prepare and serve her Rule 26(a)(2) expert disclosures, including those written reports required by Rule 26(a)(2)(B).

4.      The IDOC Defendants have reported to Plaintiff that they do not oppose Plaintiff's motion so long as the following deadlines are extended by a similar amount of time. Accordingly, Plaintiff respectfully requests that this Court extend the deadlines for expert disclosures and discovery, and the deadline for dispositive motions as follows:

–      Plaintiff's Rule 26(a)(2) Disclosures: September 7, 2020

–      Defendants' Rule 26(a)(2) Disclosures: October 9, 2020

–      Plaintiff's Rebuttal Disclosures: October 16, 2020

–      Expert Discovery Deadline: October 30, 2020

–      Dispositive Motion Deadline: December 4, 2020

5.      On Thursday, August 13, Plaintiff's counsel asked counsel for Defendant Kohlrus whether Defendant Kohlrus opposed Plaintiff's motion. Plaintiff did not receive a response.

6.      Plaintiff submits this motion not for the purposes of delay, but rather to ensure that both sides are permitted the benefit of appropriate review of relevant evidence and its

bearing on their experts' reports. Granting Plaintiff's motion will not cause any party to suffer

unfair prejudice but will instead ensure that this case is decided on its merits.

Wherefore, Plaintiff respectfully requests an extension of time up to and including

September 7, 2020, to serve her Rule 26(a)(2) disclosures, and to similarly extend the deadlines

for Defendants' disclosures and dispositive motions.

Respectfully submitted,

/s/ Sarah Grady
Sarah Grady
Attorney for Plaintiff

Arthur Loevy
Jon Loevy
Julie Goodwin
Sarah Grady
Megan Pierce
Steve Weil
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
Fax: (312) 243-5902

**<u>CERTIFICATE OF SERVICE</u>**

I, Sarah Grady, an attorney, hereby certify that on August 17, 2020, I caused the foregoing to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

Respectfully submitted,

/s/ Sarah Grady
Sarah Grady
Attorney for Plaintiff

4