IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JACQUELINE FARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17-cv-3279 |
| ERIC KOHLRUS, et al., | ) ) ) |
| Defendants. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Jacqueline Farris' Motion to Strike Defendants' Rule 26(a)(2)(C) Disclosure of Ryan Nottingham (d/e 201) (Motion). For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

Farris alleges that on December 28, 2015, Defendant Illinois Logan Correctional Center (Logan) Correctional Officer Erik Kohlrus sexually assaulted her and forced her to engage in non-consensual sex. Second Amended Complaint (d/e 170), ¶ 36. She alleges that she was subsequently retaliated against for reporting the assault. Farris alleges claims against Kohlrus, and claims against Defendants Alex Adams, Norine Ashley, Christine Brannon, Clara Charron, Mike Funk, Jeffrey Gabor, Lisa

Johnson, Patrick Keane, Angela Locke, Alan Pasley, Trina Snyder, Felipe Zavala, and the Illinois Department of Corrections (Department or IDOC) (collectively the Department Defendants). Farris alleges claims under 42 U.S.C. § 1983, the Rehabilitation Act, the Americans with Disabilities Act, and state law. See generally Second Amended Complaint.

Farris alleges that there was a widespread practice of "guard-on-inmate" sexual assaults at Logan. She alleges that Department Defendants Brannon, Locke, Charron, Ashley, Johnson, Keane, Funk, Zavala, and Pasley (PREA Defendants) had duties related to compliance with the Prison Rape Elimination Act (PREA). See Second Amended Complaint, ¶¶ 59-61. She alleges that the PREA Defendants "were responsible for the creation, implementation, oversight, and supervision of the statewide training, policies, and procedures followed by IDOC employees, including those employees at Logan Correctional Center that related to PREA violations." Id. ¶ 60. She alleges that the PREA Defendants "knew or should have known of a widespread practice by IDOC employees at Logan Correctional Center who engaged in guard-on-inmate sexual assaults . . . by way of . . . annual PREA Compliance Reports . . .." Id. ¶ 61.

Farris, therefore, put at issue whether the annual PREA Compliance Reports would have disclosed the alleged widespread practice of guard-on-inmate sexual assaults at Logan.  Farris also put at issue the involvement of the PREA Defendants in "the creation, implementation, oversight, and supervision of the statewide training, policies, and procedures . . . at Logan . . . related to PREA violations."  Second Amended Complaint, ¶¶ 60-61.

On October 27, 2020, the Department Defendants provided Farris with their Second Supplemental rule 26(a)(2)(C) Expert Disclosure (Expert Disclosure), disclosing their expert witnesses.  Motion, Exhibit A, Expert Disclosure.  The Department Defendants disclosed Ryan Nottingham, Agency PREA Coordinator for the Department, as one of their expert witnesses:

> 1. Ryan Nottingham, Agency PREA Coordinator for the Illinois Department of Corrections (IDOC). Mr. Nottingham's duties include advising facility management on PREA, interpreting legislation and discussing agency responsibility to ensure compliance with agency directives and federal laws relating to PREA, and reviewing and monitoring facilities' plans for implementation of processes to ensure the safety of offenders within correctional facilities.
> Mr. Nottingham will testify as to his knowledge, experience, and expertise regarding PREA in the IDOC, including PREA audits, compliance, staff training, and measures taken to investigate PREA complaints generally, and as to his awareness of the investigation of a PREA complaint made by the Plaintiff in this case. Mr. Nottingham will discuss the role and responsibilities of the PREA Compliance Manager, and offer his opinion that the PREA investigation into the

> complaint made by the Plaintiff was promptly initiated, Plaintiff received prompt medical and mental health evaluation and treatment, internal and external investigators were notified and investigations initiated, and plaintiff was promptly separated from the alleged perpetrator.
> Mr. Nottingham will also offer opinions in rebuttal to those expressed in the report of Plaintiff's retained expert Wendy Still, including but not limited to his opinion that the actions of Defendant Kohlrus were unrelated to any alleged deficiencies in the PREA program at Logan Correctional Center. Mr. Nottingham reserves the right to supplement his opinions based on the deposition testimony of Ms. Still.
> Mr. Nottingham can be contacted c/o the undersigned counsel, 201 West Point Dr., Swansea, IL 62226.

Expert Disclosure, at 1-2. The Department Defendants previously disclosed Nottingham as a fact witness, "Ryan Nottingham . . . is currently the Illinois Department of Corrections PREA Compliance Manager. Mr. Nottingham may have knowledge of IDOC policies and procedures concerning PREA." Motion, Exhibit C, Defendants' Supplemental Disclosures, at 9.

Farris moves to strike the disclosure of Nottingham as an expert witness under Rule 26(a)(2)(C). Such expert witnesses are not required to provide expert reports. Farris argues that Nottingham should have been disclosed under Rule 26(a)(2)(B) as an expert witness who must provide a written report. Farris asks the Court to strike the disclosure and effectively bar the Department Defendants from eliciting expert testimony from Nottingham. The Moving Defendants oppose the Motion. They assert that

Nottingham is properly disclosed under Rule 26(a)(2)(C) and was not required to provide an expert report.

## ANALYSIS

Rule 26(a)(2) requires parties to disclose expert witnesses, as follows:

> **(2) *Disclosure of Expert Testimony*.**
> **(A)** *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> **(B)** *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
>> **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
>>
>> **(ii)** the facts or data considered by the witness in forming them;
>>
>> **(iii)** any exhibits that will be used to summarize or support them;
>>
>> **(iv)** the witness' qualifications, including a list of all publications authored in the previous 10 years;
>>
>> **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

> **(vi)** a statement of the compensation to be paid for the study and testimony in the case.
>
> **(C)** *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
>> **(i)** the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>>
>> **(ii)** a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2).

Three class of witnesses must provide reports under Rule 26(a)(B): (1) retained witnesses, (2) specially employed witnesses to provide expert testimony, and (3) a witness whose duties as the party's employee regularly involve giving expert testimony. Nottingham is not a retained expert, and his duties do not regularly involve giving expert testimony. The issue is whether the Department specially employed Nottingham to give expert testimony in this case.

Nottingham would be considered specially employed to provide expert testimony if he "was 'assigned to perform work or analysis outside the normal scope of the witness' employment in order to provide expert testimony in this case.'" Avnet, Inc. v. Motio, Inc., 2016 WL 927194, at *3 (N.D. Ill. March 4, 2016) (quoting D.G. v. Henry, 2011 WL 2746180, at *1

(N.D. Okla. July 13, 2011)). Nottingham would not be a specially employed expert if he testified based on knowledge he obtained while performing his regular duties in the ordinary course of his employment. Id., at *4-5; see Downey v. Bob's Discount Furniture Holdings, Inc., 633 F.3d 1, 4 (1st Cir. 2011); Tate & Lyle Americas LLC v. Glatt Air Techniques Inc., 2015 WL 13608395, at *2 (C.D. Ill. August 12, 2015).

    The Department Defendants disclosed that Nottingham would "testify as to his knowledge, experience, and expertise regarding PREA in the IDOC, including PREA audits, compliance, staff training, and measures taken to investigate PREA complaints generally." Expert Disclosure, at 2. Nottingham's regular duties provided him with the expertise to provide expert testimony on these matters. Nottingham is the Agency PREA Coordinator for the Department. His duties include, "advising facility management on PREA, interpreting legislation and discussing agency responsibility to ensure compliance with agency directives and federal laws relating to PREA, and reviewing and monitoring facilities' plans for implementation of processes to ensure the safety of offenders within correctional facilities." Expert Disclosure, at 2. The Department Defendants' disclosures demonstrate that Nottingham was not specially employed to provide this expert opinion testimony.

These opinions are relevant to this case. Nottingham's regular duties, described above, would provide him with expertise to opine on matters related to PREA that Farris put at issue in her Second Amended Complaint: (1) "the creation, implementation, oversight, and supervision of the statewide training, policies, and procedures followed by IDOC employees, including those employees at Logan Correctional Center that related to PREA violations"; and (2) the contents of the annual PREA Compliance Reports and whether the PREA Defendants "knew or should have known of a widespread practice by IDOC employees at Logan Correctional Center who engaged in guard-on-inmate sexual assaults . . . by way of . . . annual PREA Compliance Reports, . . . ." <u>Second Amended Complaint</u>, ¶¶ 60-61. Nottingham is not a specially employed expert to provide expert testimony on these issues. He, therefore, was properly disclosed under Rule 26(a)(2)(C) to provide these opinions.

The Department Defendants also disclosed that Nottingham would testify "as to his awareness of the investigation of a PREA complaint made by the Plaintiff in this case." The Department Defendants disclosed that, based on his experience and his awareness of Farris' complaint, Nottingham would provide the following opinions:

> Mr. Nottingham will discuss the role and responsibilities of the
> PREA Compliance Manager, and offer his opinion that the

> PREA investigation into the complaint made by the Plaintiff was promptly initiated, Plaintiff received prompt medical and mental health evaluation and treatment, internal and external investigators were notified and investigations initiated, and plaintiff was promptly separated from the alleged perpetrator.

Expert Disclosure, at 2. Based on the description of Nottingham's duties as the Agency PREA Coordinator he would also have knowledge of inmate claims of sexual assault such as Farris' claim and he would have the expertise to offer the quoted opinions. His knowledge of such matters would come from his disclosed duties as the Agency PREA Coordinator for the entire Department. Nottingham, therefore, can provide expert testimony regarding such matters as an expert witness disclosed under Rule 26(a)(2)(C). The Court will not strike the Department Defendants' disclosure of Nottingham.

The Court notes that Farris relies heavily on the Avnet case to support this motion. The facts in Avnet are markedly different than Nottingham's situation in this case. In Avnet, the defendant/counterplaintiff Motio, Inc., disclosed its CEO as an expert witness to opine as to the non-infringement and invalidity of certain patents. As the CEO and head of sales for Motio, Inc., his duties did not provide him with relevant background to enable him to opine on noninfringement or invalidity of the patents at issue. Avnet, 2016 WL 927194, at *4-*5. Nottingham's regular

duties directly involved him in the administration of PREA throughout the Department, including at Logan. He therefore developed his expertise necessary to provide the disclosed opinions directly from his regular duties. The situation is markedly different from the Avnet case.

Farris also challenges the scope of expert testimony that Nottingham can provide. The scope of Nottingham's testimony is an issue to be raised with the District Court at the appropriate time through dispositive motion practice, pretrial motions in limine, or otherwise. Disputes over the scope of his testimony is not a basis to strike the disclosure and bar all expert testimony from Nottingham.

THEREFORE, IT IS ORDERED that Plaintiff Jacqueline Farris' Motion to Strike Defendants' Rule 26(a)(2)(C) Disclosure of Ryan Nottingham (d/e 201) is DENIED.

ENTER: November 16, 2020

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE