IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JACQUELINE FARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:17-cv-03279-SEM-TSH |
| ) | |
| ERIC KOHLRUS, CHRISTINE BRANNON, ) | |
| CLARA CHARRON, NORINE ASHLEY, LISA ) | |
| JOHNSON, PATRICK KEANE, MIKE FUNK, ) | |
| FELIPE ZAVALA, ALAN PASLEY, ALEX ) | |
| ADAMS, LAURA JACKSON, JEFF GABOR, ) | |
| TRINA SNYDER, ANGELA LOCKE, and the ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |

**OBJECTION TO PLAINTIFF'S MOTION
FOR LEAVE REGARDING SUMMARY JUDGMENT FILING**

NOW COME Defendants ALEX ADAMS, NORINE ASHLEY, CHRISTINE BRANNON, CLARA CHARRON, MIKE FUNK, JEFF GABOR, LISA JOHNSON, PATRICK KEANE, ANGELA LOCKE, ALAN PASLEY, TRINA SNYDER, and the ILLINOIS DEPARTMENT OF CORRECTIONS ("IDOC Defendants"), by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, and object to Plaintiff's Motion for Leave Regarding Summary Judgment Filing [Doc. 231]. In support, IDOC Defendants state the following:

1.  On April 6, 2021, Plaintiff filed a motion for a two-week extension of time to respond to summary judgment motions. [Doc. 226]. IDOC Defendants did not oppose the motion.[1] [Doc. 226 at ¶ 5]. On April 6, 2021, the Court granted Plaintiff's motion, then revised its order on

---

[1] Although Plaintiff characterized her motion as agreed, IDOC Defendants did not agree to it; they simply did not oppose it.

April 8, 2021, to extend the summary judgment motion response deadline of April 22, 2021, to all parties.

2. On April 19, 2021, Plaintiff filed a second motion for an extension of time of the summary judgment motion response deadline, from April 22, 2021, to April 26, 2021. [Doc. 227]. IDOC Defendants did not oppose the motion.[2] [Doc. 227 at ¶ 6]. On April 21, 2021, the Court granted Plaintiff's motion.

3. On April 26, 2021, IDOC filed its Response in Opposition to Plaintiff's Partial Motion for Summary Judgment. [Doc. 228].

4. On April 27, 2021—the day after the deadline requested by Plaintiff and set by the Court for summary judgment motion responses—Plaintiff's Motion for Leave Regarding Summary Judgment Filing [Doc. 231] was filed. In her motion, Plaintiff seeks leave to file an oversized brief beyond the April 26, 2021, deadline and for an extension to April 28, 2021, to file her response to IDOC Defendants' various statements of undisputed material facts. The Court should deny Plaintiff's motion.

5. Plaintiff's Second Amended Complaint alleged 13 counts against 15 Defendants. [Doc. 170]. To address the array of claims brought against the wide variety of Defendants arising from disparate contexts, four summary judgment motions were filed by the then-existing dispositive motion deadline of March 18, 2021: (1) one on behalf of IDOC concerning Plaintiff's Americans with Disabilities Act and Rehabilitation Act counts [Doc. 213]; (2) one on behalf of Defendants Angela Locke and Trina Snyder [Doc. 215]; one on behalf of Defendants Mike Funk, Patrick

---

[2] Plaintiff again characterized her motion as agreed, but IDOC Defendants did not agree to it; they simply did not oppose it.

Keane, and Alan Pasley [Doc. 219]; and one on behalf of Defendants Alex Adams, Norine Ashley, Christine Brannon, Clara Charron, Jeff Gabor, and Lisa Johnson. [Doc. 218].

6. However, rather than respond to each of the summary judgment motions with a separate response, Plaintiff now seeks to file a consolidated response, and to do so late. Without ever attempting to address the excusable neglect component of such an untimely motion under Fed. R. Civ. P. 6(b)(1)(B), Plaintiff, through her seven attorneys, moves to file a consolidated response that seeks to undermine IDOC Defendants' efforts to break this case down into manageable portions and that instead will unduly complicate the Court's analysis of the four summary judgment motions as well as IDOC Defendants' reply to Plaintiff's response. After all, what may be material or undisputed as to one Defendant or claim may be immaterial or disputed as to another, and Plaintiff's consolidated response would only muddy the water.

7. Further, each summary judgment motion filed by IDOC Defendants was accompanied by a memorandum of law, and each such memorandum complied with the Page And Type Limitations set forth in CDIL-LR 7.1(D)(5). Thus, the argument section of each of these four summary judgment motions could not exceed 15 pages, for a total of 60 pages, absent compliance with this provision. Plaintiff now seeks leave to file a response containing 76 pages of argument—more than 25 percent greater than the limitation applicable to the summary judgments motions to which it seeks to respond. Granting Plaintiff's motion clearly would be granting her an unfair advantage to address her arguments in greater length than was available to IDOC Defendants under the local rule.

8. Finally, Plaintiff's motion seeks leave to file a response that asserts 330 paragraphs of Additional Material Facts, with each paragraph typically including multiple sentences. [Doc. 231-1]. Below are just two examples:

>    131. The National Resource Center on Justice Involved Women conducted an extensive onsite Gender Informed Practice Assessment (GIPA) at Logan in October 2015 with a team of 18 experts. Ex. 32 at PL000037, PL000067. The GIPA assessment found that the transition and the practices in place at Logan after the transition created "numerous challenges" that had "persisted and intensified over time" and that these challenges had "created significant risks to safety and security." *Id*. at PL00047, PL000049. The assessment found, among other things, that (1) "76% of women inmates at Logan do not feel physically safe"; (2) "a lack of gender responsive policies in several areas" that resulted in "informal and, at times, in human practices"; (3) "82.3% of women inmates said that the rules/expectations for women inmates are different with staff depending on their shift"; and (4) "staff have not received the training, support and tools they need to create a safe and productive facility culture and work effectively with a female population." *Id*. at PL000048-49, PL000051.
>    . . .
>    145. In November 2013, Jane Doe #3 reported in a letter to an IDOC administrator that her reports of sexual misconduct by correctional staff at Logan had been ignored by investigative staff at the prison. Ex. 38 at IDOC003686-90. IDOC began an external investigation into Doe #3's allegations on November 25, 2013, *id*. at IDOC003728, which found that Officer Linne, the Internal Affairs Correctional Officer at Logan, had interviewed Doe #3 on October 22, 2013, when Doe #3 had reported that Officer T.D. was bringing cigarettes into the prison in exchange for sexual favors. *Id*. at IDOC003694. There is no evidence that Officer Linne submitted an incident report regarding the report of sexual misconduct. *See id*. at IDOC003681-85. Doe #3 claimed in her letter that she had reported other facts to Officer Linne but he had refused to record the other portions of her report, telling her that he did not believe her and threatening her with discipline if she did not sign the report as drafted. *Id*. at IDOC003687.

Clearly, such paragraphs do not assert a material fact as contemplated by the local rules but instead comprise several facts, so the 330 Additional Material Facts alleged by Plaintiff assert wildly more than 330 facts. By comparison, a party seeking to assert more than 40 additional material facts in the U.S. District Court for the Northern District of Illinois must first seek the court's permission before exceeding them. *See* N.D. Ill. LR 56.1(d)(5). The Court should deny Plaintiff's motion for leave and order Plaintiff to pare down her Additional Material Facts to "only those facts which bear directly on the legal issue raised by the motion." CDIL-LR 7.1(D)(1)(b).

9. Consequently, the Court should deny Plaintiff's Motion for Leave Regarding Summary Judgment Filing [Doc. 231]; alternatively, the Court should order Plaintiff to file separate responses to each of the summary judgment motions filed in this action that comply with the Page And Type Limitations set forth in the local rules and to only assert additional material facts "which bear directly on the legal issue raised by the motion[s]."

WHEREFORE, Defendants ALEX ADAMS, NORINE ASHLEY, CHRISTINE BRANNON, CLARA CHARRON, MIKE FUNK, JEFF GABOR, LISA JOHNSON, PATRICK KEANE, ANGELA LOCKE, ALAN PASLEY, TRINA SNYDER, and the ILLINOIS DEPARTMENT OF CORRECTIONS object to Plaintiff's Motion for Leave Regarding Summary Judgment Filing [Doc. 231].

DATED: April 28, 2021

Respectfully submitted,

ALEX ADAMS, NORINE ASHLEY, CHRISTINE BRANNON, CLARA CHARRON, MIKE FUNK, JEFF GABOR, LISA JOHNSON, PATRICK KEANE, ANGELA LOCKE, ALAN PASLEY, TRINA SNYDER, and the ILLINOIS DEPARTMENT OF CORRECTIONS,

    Defendants,

KWAME RAOUL, Attorney General, State of Illinois,

Scott B. Sievers ARDC No. #6275924
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 801-2873
Email: scottbyron.sievers@illinois.gov
& genlawspringfield@gmail.com

    Attorney for Defendants,

By:   s/ Scott B. Sievers
    Scott B. Sievers
    Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| JACQUELINE FARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:17-cv-03279-SEM-TSH |
| | ) |
| ERIC KOHLRUS *et al.,* | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2021, the foregoing document, **OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE REGARDING SUMMARY JUDGMENT FILING**, was electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notice of same to the following:

    Julie Marie Goodwin *at* julie@loevy.com
    Jonathan I. Loevy *at* jon@loevy.com
    Megan Colleen Pierce *at* megan@loevy.com
    Stephen H. Weil *at* weil@loevy.com
    Sarah C. Grady *at* sarah@loevy.com
    Imani Renee Franklin *at* imani@loevy.com
    Carla G. Tolbert *at* ctolbert@atg.state.il.us
    William L. Vig *at* bill@vig-law.com
    Sara M. Vig *at* sara@vig-law.com

and I hereby certify that on the same date, I caused a copy of the foregoing described document to be mailed by United States Postal Service, in an envelope properly addressed and fully prepaid, to the following non-registered participant:

    None.

                                Respectfully submitted,

                                By: s/ Scott Sievers
                                Scott Sievers #6275924
                                Assistant Attorney General
                                500 South Second Street
                                Springfield, IL 62701
                                (217) 782-1841 (telephone)
                                Email: scottbyron.sievers@illinois.gov
                                        & genlawspringfield@gmail.com